Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Eastern District of California ☐▼

Civil Division

| | | |
|---|---|---|
| Chad Creel(The Legal Ripper) | ) | Case No. 2:26-CV-2111 DC CSK PS |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | Jury Trial: *(check one)* ☐ Yes ☑ No |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| Rob Bonta / California DOJShirley N. Weber / | ) | |
| Secretary of StateSafe at Home Program | ) | FILED |
| Administrator / Secretary of StateDoes 1–25 | ) | |
| _____ | ) | JUN 09 2026 |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | CLERK, U.S. DISTRICT COURT |
| *names of all the defendants cannot fit in the space above, please* | ) | EASTERN DISTRICT OF CALIFORNIA |
| *write "see attached" in the space and attach an additional page* | ) | BY _____ |
| *with the full list of names.)* | ) | DEPUTY CLERK |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Chad Creel |
| Street Address | 6250 County Rd 20 |
| City and County | |
| State and Zip Code | CA 95963 |
| Telephone Number | 5309669578 |
| E-mail Address | chadcreel1992@yahoo,com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 13

| | |
|---|---|
| Name | ROB BONTA, in his official capacity |
| Job or Title *(if known)* | as Attorney General of the State of California |
| Street Address | 1300 I Street, |
| City and County | Sacramento, |
| State and Zip Code | CA 95814 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 14

| | |
|---|---|
| Name | California Department of Justice |
| Job or Title *(if known)* | California Department of Justice, |
| Street Address | 1300 I Street, |
| City and County | Sacramento, |
| State and Zip Code | CA 95814 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 15

| | |
|---|---|
| Name | Shirley N. Weber |
| Job or Title *(if known)* | |
| Street Address | 1500 11th Street, |
| City and County | Sacramento, |
| State and Zip Code | CA 95814 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 16

| | |
|---|---|
| Name | SAFE AT HOME PROGRAM ADMINISTRATOR, name presently |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 9

    Name                          CALIFORNIA SECRETARY OF STATE / SAFE AT HOME PROGR

    Job or Title *(if known)*    CALIFORNIA SECRETARY OF STATE / SAFE AT HOME PROGR

    Street Address          1500 11th Street,

    City and County        Sacramento,

    State and Zip Code     CA 95814

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 10

    Name                          California Department of Justice

    Job or Title *(if known)*    California Department of Justice,

    Street Address          1300 I Street,

    City and County        Sacramento,

    State and Zip Code     CA 95814

    Telephone Number

    E-mail Address *(if known)*

Defendant No 11

    Name                          Mia Bonta

    Job or Title *(if known)*    ASSEMBLYMEMBER MIA BONTA

    Street Address          1500 11th Street,

    City and County        Sacramento,

    State and Zip Code     CA 95814

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 12

    Name                          Isaac Bryan

    Job or Title *(if known)*    ASSEMBLYMEMBER

    Street Address          P.O. Box 942849,

    City and County        Sacramento,

    State and Zip Code     CA 94249-0055

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name
ASSEMBLYMEMBER CARL DEMAIO

Job or Title *(if known)*
ASSEMBLYMEMBER CARL DEMAIO

Street Address
State Capitol / Assemblymember Carl DeMaio, P.O. Box 942849,

City and County
Sacramento,

State and Zip Code
CA 94249-0075

Telephone Number

E-mail Address *(if known)*

**Defendant No. 2**

Name
California Legislative Latino Caucus

Job or Title *(if known)*
California Department of Justice,

Street Address
California Legislative Latino Caucus, State Capitol, Sacramento,

City and County
Sacramento,

State and Zip Code
CA 95814

Telephone Number

E-mail Address *(if known)*

**Defendant No. 3**

Name
California Legislative Latino Caucus, State Capitol,

Job or Title *(if known)*
ASSEMBLYMEMBER MIA BONTA

Street Address

City and County
Sacramento,

State and Zip Code
CA 95814

Telephone Number

E-mail Address *(if known)*

**Defendant No. 4**

Name
jon/jane does 1-100

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

United States Constitution

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  Chad M Creel                                    , is a citizen of the State of *(name)*  Ca                                    .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                                    , is incorporated under the laws of the State of *(name)*                                    , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*                                    , is a citizen of the State of *(name)*                                    . Or is a citizen of *(foreign nation)*                                    .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.      If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

see paperwork

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

see paperwork

_____

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   6 — 8 — 26

Signature of Plaintiff     *Chad Creel*
                           THE LEGAL RIPPER

Printed Name of Plaintiff     Chad Creel

### B.      For Attorneys

Date of signing:   _____

Signature of Attorney     _____
Printed Name of Attorney   _____
Bar Number               _____
Name of Law Firm          _____
Street Address            _____
State and Zip Code        _____
Telephone Number          _____
E-mail Address            _____

Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1

```
COUNSEL / PUBLIC DEFENDER
— IF APPLICABLE
Name: _____
Bar No.: _____
Office: _____
Phone_____
Email: _____
Role: ☐ Counsel ☐ PD ☐
Limited Scope ☐ Advisory
```

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.Gov. Code § 68632(a)(4)20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 COLLECTION-Immunity[42 U.S.C. § 407]

# United States District Court Eastern District of California

S

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

## VS

**Defendant**

ROB BONTA, in his official
capacity as Attorney General
of the State of California;
SHIRLEY N. WEBER, in her
official capacity as
California Secretary of State;
SAFE AT HOME PROGRAM
ADMINISTRATOR, name presently
unknown, in official capacity;
and DOES 1-25, inclusive,

**CASE NO.:**

OMNIBUS MASTER BRIEF AND NOTICE
OF RELATED FILINGS IN SUPPORT OF
COMPLAINT, DECLARATION,
DISABILITY ACCOMMODATION REQUEST,
SERVICE COORDINATION, AND
EMERGENCY INJUNCTIVE RELIEF

**Judge :**

**Department/room**

**Time/date**

Page 1

**NOTICE OF PREFILING REVIEW REQUIREMENT**

Plaintiff Chad Michael Creel submits this filing pursuant to the Court's prefiling review order entered under Code of Civil Procedure section 391.7.

Plaintiff acknowledges that the Court has previously designated Plaintiff as a vexatious litigant and that, as a result, new filings in propria persona are subject to review by the presiding judge or designated judicial officer before being filed. This document is therefore submitted for prefiling review in accordance with that order. Plaintiff respectfully requests that the Court permit the filing of this document because it presents substantive legal issues concerning the application of Code of Civil Procedure section 391 and related matters presently before the Court. Plaintiff further submits that the issues raised in this document involve legitimate legal questions concerning statutory interpretation, procedural fairness, and access to the courts, and therefore fall within the type of filings that should be allowed to proceed under the prefiling review process.

Accordingly, Plaintiff respectfully requests that the Court grant permission for this document to be filed and considered.

**Vexatious Litigant Disclosure**: As of March 13, 2026, in *Creel v. California State Bar, et al. (Roy Kim)*, Plaintiff was designated a vexatious litigant.For Overusing My (**Leash protocol**)(Voluntary dismissal without prejudice) To the extent a prefiling order under CCP § 391.7 applies, this filing is submitted in good faith and Plaintiff seeks or will obtain leave of Court as required, including through the appropriate vexatious litigant prefiling forms, such as **Judicial Council Forms VL-100, VL-105, and VL-110**, as applicable.

# DISCLAIMER REGARDING VEXATIOUS LITIGANT DESIGNATION AND LEASH PROTOCOL HISTORY

# Notice That the Label Should Not Be Misused as Character Evidence or Merits Evidence

This notice is included for transparency and to prevent improper use of my litigation history.

I understand that I have been designated a vexatious litigant. I understand why the label was applied. I am not hiding from it, pretending it does not exist, or asking anyone to ignore the procedural reality of the designation where it lawfully applies.

However, I object to any party using that label as a shortcut to attack my character, intelligence, disability, credibility, legal arguments, evidence, filings, or right to be heard.

The vexatious litigant label is procedural. It is not proof that every filing I submit is frivolous. It is not proof that my current claims lack merit. It is not proof that opposing parties are correct. It is not a license for any party to avoid the substance of my arguments.

The main conduct used against me involved what I call the **Leash Protocol**: voluntary dismissal, reset, narrowing, and refiling when I realized a case was premature, procedurally flawed, too broad, emotionally overloaded, or not ready.

That history should be understood correctly.

The Leash Protocol was not designed to harass defendants, multiply proceedings, or abuse the courts. It was my self-correction tool. When I realized a case was not ready, I pulled it back instead of dragging the Court and opposing parties through a broken record.

# I. Case History and Context

## 1. Creel v. Sacramento — 2022 Matter

**Creel v. Sacramento** was one of my earlier cases and failed for multiple reasons, including lack of legal structure, lack of procedural experience, and poor organization compared to the way I draft now. Years later, after reflection, I returned with my own dismissal **with prejudice** and a notice explaining why I deserved to lose that version of the case. That was not harassment; it was accountability and proof that I can admit when a case was not ready or should not continue.

## 2. Creel v. NSA / CIA / ATF / DOJ

**Creel v. NSA, CIA, ATF, and DOJ** involved serious allegations concerning unlawful sabotage, surveillance, and federal-agency misconduct. It was one of my first major Leash Protocol tests, and AI-assisted review helped me identify patterns I believed were important, but the case was too broad, too complex too Dangerous, and not ready in that form. I pulled it back because the record needed better organization, narrower claims, stronger evidence structure, and clearer jurisdictional framing before it could be responsibly litigated. It was meant to deescalate any potential Confrontation with agency with a series of history of overreaching and obsessive force that's unlawful

## 3. Creel v. Newsom

**Creel v. Newsom** was a constitutional firearm-rights and civil-rights case involving California's gun-control and CCW framework. I was told to amend, but I realized I was overwhelmed with other litigation and not ready to properly carry a statewide constitutional fight at that time. I chose dismissal so I could return later, if

Page 4

necessary, after my related Glenn County state and federal CCW cases developed and clarified the issues.

## 4. Creel v. Singh

**Creel v. Singh** shows that my litigation history is not simply hostile or abusive. That matter settled for **$10,000,** and I developed a respectful working relationship with the attorney involved in the case. That settlement shows my litigation pattern includes resolution, cooperation, and practical closure when the other side is willing to deal in good faith.

## 5. Creel v. Glenn County Sheriff

**Creel v. Glenn County Sheriff** involves serious constitutional, CCW, firearm-rights, due process, disability-accommodation, retaliation, and selective-enforcement issues. Any attempted dismissal or reset was tied to correcting mistakes, exploring settlement, cleaning the record, and preserving stronger constitutional issues in both state and federal court. The point was not to harass Glenn County or its officials; the point was to avoid unnecessary procedural damage and create a cleaner path toward resolution or a proper ruling.

# II. Purpose of This Disclaimer

This is the history. This is the context. I am putting it directly into the record so nobody can pretend the label tells the whole story.

Going forward, I object to the vexatious litigant designation being used as a weapon to avoid the merits.

If a filing has a defect, identify the defect.

If a legal argument is wrong, respond to the argument.

If a factual statement is disputed, identify the evidence.

If a procedure applies, cite the rule.

But do not simply point at the label and act like that ends the discussion.

The Court should decide each filing based on its actual content, legal basis, evidence, procedural posture, and requested relief — not based on a distorted shorthand label that turns self-correction into misconduct.

# III. Conclusion

This disclaimer is included in my universal template for one reason:

I know the label exists.

I know why it was applied.

I have explained the history.

Now address the merits.

## NOTICE REGARDING USE OF VEXATIOUS LITIGANT DESIGNATION

Plaintiff acknowledges the Court's vexatious litigant designation and submits this filing in compliance with the prefiling order.

However, such designation is procedural only and does not constitute evidence regarding the merits of Plaintiff's claims. (See Bravo v. Ismaj (2002) 99 Cal.App.4th 211, 221.)

To the extent any party attempts to use Plaintiff's vexatious litigant status as irrelevant character evidence or to improperly discredit Plaintiff, Plaintiff will seek appropriate relief, including sanctions under Code of Civil Procedure section 128.7

## PUBLIC NOTICE AND DISCLAIMER

Plaintiff's vexatious litigant designation is procedural only and does not constitute evidence of liability, credibility, or the merits of any claims. (See Bravo v. Ismaj (2002) 99 Cal.App.4th 211.)

Any attempt to characterize Plaintiff's status or disability as proof of wrongdoing or lack of merit is misleading and legally irrelevant to the issues before the Court.

Selective use or misrepresentation of such information—whether in litigation or public discussion—may result in appropriate objections and requests for relief, including sanctions under Code of Civil Procedure §128.7.

This notice is provided to ensure that all review is based on the full and accurate record, not isolated or distorted representations.

# PLAINTIFF'S NOTICE REGARDING CONTINUED VEXATIOUS LITIGANT REVIEW AS QUALITY CONTROL

Plaintiff further states that, at this stage, Plaintiff has found the vexatious litigant review process useful as a form of quality control, and Plaintiff does not presently intend to seek removal from that status. Plaintiff believes the Court itself is in the best position to determine, over time, when continued application of the vexatious litigant designation becomes more burdensome, inefficient, or problematic than allowing Plaintiff's filings to proceed without that filter. Plaintiff submits this position in good faith because the goal is not to evade review, but to ensure that filings are screened for quality while still being judged on their actual merits, not on the label alone.

**NOTICE REGARDING POTENTIAL SCOPE OF FILINGS AND PAGE LIMITS**

**Plaintiff provides notice that certain filings may, where necessary, exceed typical page limits or include extended detail in order to fully address the arguments, evidence, and authorities presented by opposing parties.**

Page 7

Such filings are submitted in good faith to ensure completeness, avoid waiver, and provide the Court with a clear and fully developed record. This approach is consistent with Plaintiff's constitutional rights to petition the government for redress of grievances and to access the courts, as well as due process protections. (U.S. Const., Amends. I, V, XIV.)

Courts retain discretion to consider filings exceeding standard page limitations where necessary for a full and fair presentation of the issues. See, e.g., Mathews v. Eldridge (1976) 424 U.S. 319 (due process requires meaningful opportunity to be heard).

Additionally, in Creel v. State Bar of California (pending), Plaintiff was permitted to submit extended filings exceeding standard page expectations in order to respond to complex and multi-layered issues, including those raised by State Bar counsel. That matter demonstrates that rigid enforcement of page limits may be set aside where necessary to preserve fairness and allow full presentation of claims and defenses.

Accordingly, any extended filings by Plaintiff should be construed as a necessary and proportional response to the scope of the issues presented—not as improper or excessive conduct.

To the extent any rule, statute, or procedural limitation is applied in a manner that restricts Plaintiff's ability to fully present his claims or defenses, Plaintiff contends such application may raise constitutional concerns, including violations of the First Amendment and due process.

Artificial Intelligence (AI) Assistance and Accommodation Disclosure:

Plaintiff discloses that certain drafting, research, and organizational assistance in this filing was supported by artificial intelligence (AI) tools. These tools were used to assist with formatting, legal research, issue-spotting, and drafting efficiency.

Plaintiff utilized multiple AI systems in a comparative manner, including but not limited to: OpenAI (Vox-O), Gemini (Vox-G), Google Labs (Vox-GL), Claude (Vox-C), Meta LLaMA (Vox-ML), Microsoft Copilot (Vox-MC), Character AI (Vox-CAI), Snapchat AI (Vox-S), TikTok AI (Vox-T).Grok/Twiter/X (Vox-X)

These systems were used primarily to:

- Assist in drafting and structuring legal arguments

- Cross-check and compare outputs across systems

- Identify potential counterarguments and opposing positions

- Conduct pattern analysis and issue identification across legal theories and fact patterns

- Simulate analytical perspectives (including potential arguments from opposing counsel, public interpretation, and general judicial reasoning patterns)

- Conduct research and organize information on relevant legal topics

Plaintiff further discloses that the use of structured workflows and AI-supported systems also serves as a reasonable assistive accommodation for attention-related and anxiety-related conditions, which can impact organization, information processing, and sustained focus. These tools help reduce cognitive overload, improve clarity, and support effective participation in complex legal proceedings.

Plaintiff also utilizes multiple AI systems in a cross-verification process specifically to reduce the risk of inaccurate or fabricated outputs (commonly referred to as "AI hallucinations"), including incorrect case law, citations, or legal authority. Outputs are compared across systems and independently reviewed to ensure accuracy and reliability.

Where applicable, Plaintiff may include a "Declaration of Vox" or similarly titled section or attachment. Such material is intended solely as an organizational and analytical aid to present synthesized arguments, issue summaries, and comparative analysis derived from the above-described tools. It is not offered as independent evidence or expert testimony, but rather as a structured presentation of information to assist clarity and judicial review.

All outputs were independently reviewed, verified, and edited by Plaintiff. These tools are not relied upon as sources of law, fact, or expert opinion, and do not substitute for qualified expert testimony where required. Plaintiff remains solely responsible for the content, accuracy, and representations made in this filing.

This disclosure is provided in the interest of transparency, to support meaningful access to the Court, and to ensure clarity regarding the role of AI-assisted tools in preparation of this document. To the extent appropriate, Plaintiff respectfully requests consideration of reasonable accommodations to ensure fair and effective participation.

## TEMPLATE NOTICE REGARDING MODULAR SECTIONS

Plaintiff uses a modular legal template to preserve consistent formatting, accessibility, service information, declarations, and procedural notices. Not every section applies to every filing. Sections may be omitted, modified, shortened,

expanded, or replaced depending on the filing type, court order, procedural posture, requested relief, and applicable rules.

This notice is included only to clarify that template headings, optional modules, and court-convenience pages are used for organization and do not expand, waive, or replace any applicable legal requirement.

OMNIBUS MASTER BRIEF AND NOTICE OF RELATED FILINGS IN SUPPORT OF COMPLAINT, DECLARATION, DISABILITY ACCOMMODATION REQUEST, SERVICE COORDINATION, AND EMERGENCY INJUNCTIVE RELIEF

Plaintiff Chad Michael Creel respectfully submits this Omnibus Master Brief and Notice of Related Filings to explain the structure of this case package and to assist the Court in reviewing the related filings as one coordinated record.

This matter concerns Plaintiff's constitutional challenge to AB 2624 and related implementation, enforcement, administrative, or chilling effects on protected speech, lawful documentation, screenshots, evidence preservation, public accountability, petitioning activity, litigation support, platform-record use, and access to the courts.

Plaintiff is filing several related documents because this matter presents several connected procedural issues at once: a constitutional complaint, an emergency injunction request, a sworn declaration, a disability accommodation request, service coordination issues, and an evidence-preservation framework.

Plaintiff respectfully requests that the Court review the filings together as a coordinated case package while treating each document according to its own procedural purpose.

I. DOCUMENTS BEING SUBMITTED

Plaintiff submits or intends to submit the following related filings:

1. Complaint for Declaratory and Injunctive Relief

The Complaint initiates this action and identifies the parties, jurisdiction, venue, factual background, constitutional claims, and requested relief. The Complaint seeks declaratory and injunctive relief under 42 U.S.C. § 1983, the First Amendment, the Fourteenth Amendment, the Petition Clause, due process, overbreadth, vagueness, and access-to-courts protections.

The Complaint is the foundation of the case. It explains why Plaintiff contends AB 2624 and related implementation or enforcement conduct may burden lawful speech, lawful documentation, lawful screenshots, public accountability activity, evidence preservation, litigation support, and court access.

2. Plaintiff's Declaration

Plaintiff's Declaration provides sworn factual support. It explains Plaintiff's identity, disability-related access needs, litigation activity, use of AI-assisted tools, evidence-preservation concerns, notice efforts, good-faith purpose, and the practical impact of the challenged law and related conduct.

Plaintiff's Declaration is intended to support standing, irreparable harm, disability accommodation needs, evidence preservation, good faith, and the practical reason emergency review is requested.

3. Request for Disability Accommodations, E-Filing Access, AI Assistive Use, Zoom Access, and Omni Trident Email-Based Marshal Service Coordination

This filing requests reasonable access accommodations under the ADA and related court-access principles. Plaintiff requests permission to use AI tools, computers, tablets, phones, text-to-speech, speech-to-text, Zoom or remote appearance, the ability to briefly mute audio and temporarily turn off video or black out the screen when necessary, e-filing or electronic submission, and email-based coordination with the U.S. Marshal where permitted.

This filing also explains Plaintiff's Omni Trident Protocol, a service-coordination and recordkeeping framework designed to place the Marshal, opposing counsel, known parties, and Plaintiff into one organized email thread where appropriate. The purpose is to transmit summons, complaint, TRO papers, proposed orders, fee-waiver or IFP paperwork, USM forms, exhibits, Dropbox links, and courtesy copies in one written record.

Plaintiff understands that courtesy-copy email notice does not replace formal service unless accepted, authorized, or ordered. Plaintiff requests this framework as an accommodation and paper-trail system, not as an attempt to erase service rules.

   4. Ex Parte Application for Temporary Restraining Order and Order to Show Cause
      Re: Preliminary Injunction

This filing requests emergency relief under Federal Rule of Civil Procedure 65. Plaintiff seeks a temporary restraining order and an order to show cause re preliminary injunction to preserve the status quo while the Court considers the constitutional issues.

Plaintiff does not seek to interfere with lawful immigrant-protection efforts. Plaintiff seeks a narrow constitutional order preserving lawful speech, lawful

recording, lawful screenshots, lawful documentation, lawful evidence preservation, public accountability activity, and lawful court-access activity.

   5. Proposed Orders and Court Convenience Pages

Plaintiff may include proposed orders and court-convenience pages to assist the Court in identifying requested relief, hearing information, return packet information, service status, and any order or minute-order return.

These materials are provided for convenience only and do not attempt to control the Court's ruling.

   6. Proof of Service, Notice Materials, and Service Coordination Records

Plaintiff submits or will submit proof of service, declaration of due diligence, courtesy-copy records, email logs, or service-coordination materials showing how parties, counsel, agencies, or service officials were notified or served.

II. PURPOSE OF THIS OMNIBUS MASTER BRIEF

This Omnibus Master Brief is intended to prevent confusion. Plaintiff is self-represented and is filing several related documents because each serves a different role.

The Complaint states the lawsuit.

The Declaration supports the facts.

The disability-accommodation request explains the access tools Plaintiff needs to participate meaningfully.

The TRO / injunction filing requests emergency protection.

The service materials explain notice, service, Marshal coordination, and courtesy-copy procedures.

The Dropbox / exhibit notice explains that supporting evidence, screenshots, email logs, public records, demand letters, cease-and-desist notices, legislative materials, demonstratives, and related records may be uploaded, filed, supplemented, or separately submitted as the case develops.

Plaintiff respectfully requests that the Court not treat the separate filings as scattered or duplicative. They are separate modules of one coordinated opening case package.

III. EVIDENCE AND SUPPLEMENTAL RECORD

Plaintiff intends to maintain and submit evidence in an organized manner. Because this matter involves screenshots, emails, public records, platform records, legislative materials, public statements, notices, demand letters, cease-and-desist records, and digital exhibits, Plaintiff may use a Dropbox-style evidence repository or similar exhibit index for organization and convenience.

Plaintiff does not intend to overwhelm the Court at the opening stage with the full evidence archive unless the Court requests it or the procedural posture requires it. Plaintiff intends to provide the core record necessary for initial review and emergency relief, and then supplement the evidentiary record after Defendants appear, answer, oppose, respond, or identify what facts or issues they dispute.

Plaintiff reserves the right to supplement the record with additional exhibits, declarations, screenshots, email logs, public records, legislative materials, platform records, demonstrative aids, timelines, or related evidence after

Defendants respond, after the Court sets a briefing schedule, or as otherwise ordered by the Court.

Any demonstrative materials, AI-assisted summaries, charts, timelines, or visual aids are intended to organize and explain the record. They are not offered as independent evidence unless separately authenticated, filed, admitted, judicially noticed, or supported by declaration.

IV. PLAINTIFF'S INTENT TO INITIATE THE CHECKMATE PROTOCOL AFTER DEFENDANTS RESPOND

Plaintiff also provides notice that, after Defendants answer, oppose, appear, move to dismiss, or otherwise respond, Plaintiff intends to request streamlined merits review under what Plaintiff refers to as the "Checkmate Protocol."

The Checkmate Protocol is Plaintiff's case-management framework for narrowing the dispute, reducing unnecessary hearings, avoiding unnecessary discovery, and asking the Court to resolve legal issues efficiently where the material facts are undisputed or where the dispute turns primarily on law.

Plaintiff does not use the term "Checkmate Protocol" to suggest that Plaintiff can bypass the Court, evade the Federal Rules of Civil Procedure, deny Defendants due process, or unilaterally force judgment. The framework is Plaintiff's shorthand for a lawful request that the Court consider early, focused, efficient review once Defendants reveal their position.

The purpose of the Checkmate Protocol is to avoid needless delay and expense by identifying:

   1. what facts are actually disputed;

2. what facts are admitted, public, legislative, documentary, or capable of judicial notice;

3. what issues are purely legal;

4. whether the case can be resolved by temporary restraining order, preliminary injunction, declaratory judgment, motion to dismiss briefing, partial summary judgment, summary judgment, stipulated facts, or decision on the papers;

5. whether oral argument can be waived where the Court finds it unnecessary;

6. whether discovery can be limited, phased, stayed, or bypassed if the case turns on legal questions and public records;

7. whether expedited briefing is appropriate because the alleged injury concerns constitutional rights, speech, evidence preservation, court access, and disability accommodations;

8. whether a shortened or streamlined merits schedule would serve judicial economy.

Plaintiff intends, after Defendants respond, to ask the Court to determine whether this matter can proceed through a shortened legal path rather than a full traditional litigation track. This may include a request for decision on the papers, waiver of oral argument where permitted, an expedited preliminary-injunction hearing, partial summary judgment, summary judgment, stipulated record procedure, or other case-management order the Court deems proper.

Plaintiff believes this approach is appropriate because the core issues appear to involve statutory text, public records, legislative history, notices, constitutional standards, public statements, digital documentation, court-access burdens, and

facial or as-applied First Amendment questions. These issues may not require broad discovery if Defendants' response confirms that the material facts are primarily legal, public, documentary, or undisputed.

Plaintiff further submits that the Checkmate Protocol would reduce prejudice to all sides. Defendants would not be forced into unnecessary discovery if they believe the case fails as a matter of law. Plaintiff would not be forced to spend money he does not have on unnecessary printing, mailing, travel, and discovery burdens. The Court would receive a cleaner record. The public interest would be served by faster review of constitutional questions.

Plaintiff therefore gives notice that, once Defendants respond, Plaintiff intends to request a streamlined scheduling order or merits-review path that may include:

1. early identification of admitted and disputed facts;

2. an agreed or court-ordered briefing schedule;

3. waiver of unnecessary oral argument where appropriate;

4. decision on the papers where permitted;

5. limited or phased discovery only if needed;

6. expedited summary judgment or partial summary judgment;

7. expedited preliminary-injunction proceedings;

8. preservation of Plaintiff's right to supplement evidence after Defendants clarify what they dispute.

Plaintiff respectfully asks the Court to treat the Checkmate Protocol as a proposed efficiency framework only. Plaintiff remains willing to comply with the Federal

Rules of Civil Procedure, local rules, Court orders, and any briefing or hearing schedule the Court sets.

V. REQUEST FOR COORDINATED REVIEW

Plaintiff respectfully requests that the Court review the filings as a coordinated package and understand that each document serves a distinct purpose.

Plaintiff further requests that any curable defect, formatting issue, service issue, exhibit issue, jurisdiction issue, party issue, accommodation issue, or procedural issue be identified with leave to amend, supplement, correct, or refile rather than dismissal or denial with prejudice.

Plaintiff is self-represented, disabled, and deeply indigent. Plaintiff uses structured templates, AI-assisted organization, Dropbox-style evidence repositories, and service-coordination protocols to reduce confusion and preserve a clear record, not to burden the Court or opposing parties.

VI. GOOD-FAITH PURPOSE

Plaintiff submits these filings in good faith for lawful purposes only: to protect constitutional rights, preserve evidence, obtain disability accommodations, request emergency court review, clarify service procedures, and allow this matter to be decided on the merits.

Plaintiff does not seek to harass, threaten, expose private information, obstruct lawful immigrant-protection efforts, evade service rules, or burden the Court. Plaintiff seeks narrow constitutional review of AB 2624 and related implementation, enforcement, or administrative conduct that may burden lawful speech, evidence preservation, public documentation, litigation support, and access to the courts.

VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court accept this Omnibus Master Brief as a filing roadmap, consider the related filings together where appropriate, grant reasonable accommodations, consider emergency injunctive relief, permit proper service coordination, and allow Plaintiff to supplement the evidentiary record as Defendants respond or as the Court orders.

Plaintiff further provides notice that, after Defendants answer, oppose, appear, or otherwise respond, Plaintiff intends to request implementation of the Checkmate Protocol as a lawful streamlined case-management framework for expedited review, limited or unnecessary discovery, waiver of unnecessary oral hearing where permitted, decision on the papers where appropriate, and early merits resolution if the record allows.

## XIX. DECLARATION UNDER PENALTY OF PERJURY

I, **Chad Creel**, declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing statements, representations, and attached exhibits are true and correct to the best of my knowledge, information, and belief.

I make this declaration based on personal experience, documented evidence, and direct observation unless otherwise stated. Every statement contained herein is made in good faith, without intent to mislead, obstruct, or harass any party. I understand that knowingly making a false statement under oath is punishable by law under **28 U.S.C. § 1746, 18 U.S.C. § 1621**, and related provisions.

This filing and all accompanying documents are submitted for lawful purposes only — to uphold my constitutional rights, assist the court in reaching truth and justice, and ensure that all matters are decided on the merits rather than technicalities or unequal access.

I further declare that I have reviewed and verified the information contained within this document, and that I remain willing to amend or clarify any part if the court so requests.

Executed this on date below

## XX EXHIBIT / DROPBOX EVIDENCE NOTICE

Plaintiff may maintain exhibits, screenshots, email logs, demand letters, notices, demonstrative evidence, visual aids, public records, and related supporting materials in a Dropbox folder or similar evidence repository.

Dropbox Link:

[INSERT DROPBOX LINK HERE]

Current Status:

☐ Available

☐ Currently unavailable

☐ Not uploaded yet

☐ Will supplement

☐ Provided by separate notice

☐ Available upon request

Page 21

The Dropbox folder is provided for organization, record keeping, and convenient review of supporting materials. Any demonstrative exhibits, visual aids, timelines, charts, annotations, or AI-assisted summaries are offered only to help explain and organize the issues unless separately authenticated, filed, admitted, or relied upon under proper evidentiary rules.

Screenshots, emails, notices, demand letters, and related records are preserved for lawful purposes, including notice, timeline reconstruction, good-faith record keeping, evidence preservation, public accountability, and litigation support.

Plaintiff reserves the right to supplement, update, redact, reorganize, authenticate, or separately file any exhibit as needed or as ordered by the Court.

## THE LEGAL RIPPER SIGNATURE AND STIPULATION BLOCK



*Chad Creel*

THE LEGAL RIP...

| Date |
| --- |

**Chad Creel**
**Plaintiff, Pro Per**

## AGREED (IF APPLICABLE):



### Attorney for Defendant

### Defendent

Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1

## CONSENT TO ELECTRONIC SERVICE AND COMMUNICATION

I, Chad Michael Creel (The Legal Ripper), hereby consent to service of documents in this action by electronic mail and/or facsimile at the contact information listed above, to the extent permitted by applicable law and court order. This consent is intended to facilitate efficient communication, conserve resources, and reduce

unnecessary costs for all parties and the Court. This notice may be treated as Plaintiff's written consent to electronic service where authorized.

Plaintiff further requests that all meet-and-confer communications be conducted via email whenever practicable, in order to maintain clear written records, ensure accountability, and promote efficient resolution of issues without unnecessary delay.

For clarity, Plaintiff may reference his "Omni Trident protocol," a framework developed by Plaintiff to coordinate communication and service efforts while maintaining organized email and evidence logs. This approach is intended to streamline communication, preserve records, and support transparency throughout the litigation process.

Plaintiff may also utilize a related outreach method to contact appropriate civil divisions or authorized process servers across relevant jurisdictions to identify the proper channel for service and to coordinate logistics. In practice, this includes pursuing formal service through the sheriff or other authorized process server when required (including use of a fee waiver where applicable), while also providing parallel courtesy notice by email to facilitate prompt communication and maintain a clear evidentiary record.

Plaintiff acknowledges that civil divisions or sheriff's offices may require submission of paper copies, mailing of documents, or compliance with specific procedures or forms, and Plaintiff agrees to comply with such requirements in good faith. Plaintiff further notes that, as a self-represented litigant with limited financial resources, there may be practical constraints affecting timing or method; however, Plaintiff makes continuous good-faith efforts to comply with all applicable requirements.

This terminology is descriptive only and does not alter, replace, or waive any statutory requirements governing service of process. All formal service will be completed in accordance with applicable law, or as otherwise agreed in writing by the parties or ordered by the Court.

This notice is provided to promote clarity, efficiency, and good faith cooperation between the parties and to assist in the orderly progression of this matter.





Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-Immunity**[42 U.S.C. § 407]

# United States District Court Eastern District of California

| | CASE NO.: |
|---|---|

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

| OMNIBUS MASTER BRIEF AND NOTICE OF RELATED FILINGS IN SUPPORT OF COMPLAINT, DECLARATION, DISABILITY ACCOMMODATION REQUEST, SERVICE COORDINATION, AND EMERGENCY INJUNCTIVE RELIEF |
|---|

VS

**Defendant**

1. ROB BONTA, in his official capacity aSHIRLEY N. WEBER, in her official capacity as California Secretary of State;
2. s Attorney General of the State of California;
3. SAFE AT HOME PROGRAM ADMINISTRATOR, name presently unknown, in official capacity, responsible for administering, implementing, or enforcing California's Safe at Home address-confidentiality program;

**¤ PROOF OF SERVICE**

**¤ DECLARATION OF DUE DILIGENCE BY_____**

| Judge : |
|---|
| Department/room |
| Time/date |

Page 26

# ⚖ PROOF OF SERVICE

# ¤ PROOF OF SERVICE

# ¤ DECLARATION OF DUE DILIGENCE

*(To be completed by the person who performed service. Attach this page to any filing or cover sheet as proof that delivery was completed in accordance with law.)*

## ● SERVICE DETAILS

Case Title: _____

Court Name: _____

Case Number: _____

Documents Served: _____

_____

Method of Service: ☐ Personal ☐ Mail ☐ Email ☐ Certified ☐ Other: _____

Date of Service: _____ Time: _____

Location / Address Served: _____

_____

Additional Information (gate codes, instructions, etc.):

_____

_____

Page 27

◉ **LAW ENFORCEMENT SERVICE (Sheriff / Marshal / Civil Division)**

★ *(Insert Gold Sheriff Star Badge Graphic Here)*

Name: _____

Agency / Division: _____

Badge No.: _____

Signature: _____

Date Signed: _____

---

◯ **REGISTERED PROCESS SERVER**

◐

Name: _____

Business Name / Reg. No.: _____

City / County: _____

Signature: _____

Date Signed: _____

◉

**PRIVATE DECLARANT (Non-party Over 18)**

Name: _____

Title (e.g. Friend of Plaintiff / Clerk / Neighbor): _____

Address or City: _____

Signature: _____

Date Signed: _____

SERVICE STATUS

☐ Successfully Served

☐ Attempted Service

☐ Other: _____

If you want a slightly more detailed version (recommended for court use):

SERVICE STATUS

☐ Successfully Served - Service completed in accordance with applicable rules

☐ Attempted Service - Service attempted but not completed

☐ Other (describe): _____

**DECLARATION UNDER PENALTY OF PERJURY**

by signing I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____ (City and State).

Signature of Declarant: _____

# ADDITIONAL INFORMATION (IF APPLICABLE)

The person completing this Proof of Service may use the space

below to provide any additional relevant details regarding service.

CHAD CREEI
THE LEGAL RIPPER

CHAD CREEI
THE LEGAL RIPPER

Chad Creel(Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

**EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)**

— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205

20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132

28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-Immunity**[[42 U.S.C. § 407]

# United States District Court Eastern District of California

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

## VS

**Defendant**

ROB BONTA, in his official
capacity as Attorney General of
the State of California; SHIRLEY
N. WEBER, in her official
capacity as California Secretary
of State; SAFE AT HOME PROGRAM
ADMINISTRATOR, name presently
unknown, in official capacity;
and DOES 1-25, inclusive,

**CASE NO.:**

OMNIBUS MASTER BRIEF AND
NOTICE OF RELATED FILINGS IN
SUPPORT OF COMPLAINT,
DECLARATION, DISABILITY
ACCOMMODATION REQUEST,
SERVICE COORDINATION, AND
EMERGENCY INJUNCTIVE RELIEF

**UNIVERSAL DISCOVERY VERIFICATION**

**& JUDGE INSTRUCTION BLOCK/Judicial**

**ORDERS**

**Judge :**

**Department/room**

**Time/date**

Page 31

RECOMENDED to the court put page 1 of

**Additional** information on court orders

# UNIVERSAL DISCOVERY VERIFICATION & JUDGE INSTRUCTION BLOCK

*(For Court Acknowledgment — Do Not Sign This Section)*

## DISCOVERY REVIEW AND SUMMARY (For Judicial Use)

The Court acknowledges receipt of the attached discovery materials, including any requests, responses, objections, verifications, or related motions. This section serves as a standardized record for judicial acknowledgment, clerk processing, and docket compliance under both state and federal discovery procedures.

**Discovery Category (check all that apply):**

☐ Interrogatories ☐ Requests for Production ☐ Admissions ☐ Depositions ☐ Subpoenas ☐ FOIA / CPRA ☐ Other _____

**Discovery Issue Summary (if applicable):**

☐ Motion to Compel / Further Responses ☐ Protective Order ☐ Sanctions Request ☐ Discovery Enforcement / Compliance Review ☐ Other _____

**Court Findings:**

☐ Discovery verified and accepted as complete.

☐ Discovery incomplete — additional production required by: //20____.

☐ Discovery disputes remain pending; continued to: //20____.

☐ Sanctions imposed under CCP §2023.010 or FRCP 37 in the amount of: $_____.

Page 32

☐ Matter resolved / no further action required.

☐ Other findings (specify): _____

**Instructions for Judicial Officer / Clerk:**

Please review all attached discovery documentation and any related exhibits or proofs of service.

If appropriate, indicate rulings above and provide any supplemental comments below.

Attach additional sheets if needed for extended findings or remarks.

**Judicial / Clerk Notes:**

**Judicial Officer or Clerk (to complete):**

Printed Name: _____

Title / Department: _____

Signature: _____

Date: _____

# JUDICIAL ENDORSEMENT SECTION

**For Court Use Only**

Page 33

☐ **Reviewed and Filed** – The Court acknowledges receipt and accepts this correspondence as part of the official case record.

☐ **Reviewed, No Action Required** – The Court acknowledges receipt; no further order is necessary at this time.

☐ **Order Attached / Signed Below** – The Court issues an order pursuant to the accompanying documents.

☐ **Returned for Correction / Clarification** – The Court requires additional information before filing.

_____

**Comments / Directives (if any):**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Date:** _____    **Dept.:** _____

# <u>COURT ORDER AND SIGNATURE</u>

## <u>It Is Ordered</u>



**Signature**                                                **Print Name**





Chad Creel(Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-Immunity**[42 U.S.C. § 407]

# United States District Court Eastern District of California

CASE NO.:

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

**VS**

**Defendant**

ROB BONTA, in his
official capacity as
Attorney General of the
State of California;
SHIRLEY N. WEBER, in her
official capacity as
California Secretary of
State; SAFE AT HOME
PROGRAM ADMINISTRATOR,
name presently unknown,
in official capacity; and
DOES 1-25, inclusive,

OMNIBUS MASTER BRIEF AND
NOTICE OF RELATED FILINGS IN
SUPPORT OF COMPLAINT,
DECLARATION, DISABILITY
ACCOMMODATION REQUEST, SERVICE
COORDINATION, AND EMERGENCY
INJUNCTIVE RELIEF

**UNIVERSAL DISCOVERY VERIFICATION**

**& JUDGE INSTRUCTION BLOCK/Judicial**

**ORDERS**

**PROOF OF SERVICE**

Judge :

Department/room

Time/date

Page 36

Use this shorter version with the **return/service address section** added.

# COURT USE / RETURN PACKET NOTICE

## Judicial Minute Order / Order Return Information

This page is provided only for the Court's convenience.

Plaintiff respectfully requests that if the Court signs, denies, modifies, files, rejects, or returns the attached motion or proposed order, the Court include a copy of the signed order, minute order, rejection notice, endorsed-filed copy, or other court notice with the returned packet.

The motion or request attached to this packet is:

**Title of Motion / Request:**

**Case Number:**

**Department / Judge:**

**Date Submitted:**

## Court Action / Status

Page 37

For Court use only, if helpful:

☐ Filed / accepted

☐ Signed / granted

☐ Denied

☐ Granted in part / denied in part

☐ Returned for correction

☐ Rejected / not filed

☐ Minute order attached

☐ Other: _____

# Return / Service Copy Information

If the Court returns, signs, files, or issues a minute order regarding this packet, Plaintiff respectfully requests that copies be sent or made available to:

**Plaintiff / Moving Party:**

Name: _____

Address / Email: _____

**Defendant / Responding Party:**

Name: _____

Address / Email: _____

**Defendant's Attorney / Counsel of Record:**

Name: _____

Page 38

Law Firm / Agency: _____

Address / Email: _____

**Additional Party / Agency, If Any:**

Name: _____

Address / Email: _____

# Court Notes, If Any

**Court / Clerk / Judicial Officer:** _____

**Date:** _____

CHAD CREEI
THE LEGAL RIPPER

CHAD CREEI
THE LEGAL RIPPER

Page 39

TABLE OF CONTENTS

1. Cover Page / Case Caption .......................................... Page 1

2. Notice of Prefiling Review Requirement ........................... Page 2

3. Vexatious Litigant Disclaimer / Leash Protocol History .......... Pages 2-7

4. Notice Regarding Potential Scope of Filings and Page Limits ...... Pages 7-8

5. Artificial Intelligence Assistance and Accommodation Disclosure ... Pages 8-10

6. Template Notice Regarding Modular Sections ....................... Pages 10-11

MAIN OMNIBUS MASTER BRIEF

7. Omnibus Master Brief and Notice of Related Filings ............... Page 11

8. I. Documents Being Submitted .................................... Pages 12-14

9. II. Purpose of This Omnibus Master Brief ........................ Pages 14-15

10. III. Evidence and Supplemental Record .......................... Pages 15-16

11. IV. Plaintiff's Intent to Initiate the Checkmate Protocol After Defendants Respond .............................................. Pages 16-19

12. V. Request for Coordinated Review .............................. Page 19

13. VI. Good-Faith Purpose ........................................ Page 19

14. VII. Conclusion ............................................... Page 20

DECLARATION, EXHIBITS, AND SIGNATURE

15. Declaration Under Penalty of Perjury ........................... Pages 20-21

16. Exhibit / Dropbox Evidence Notice ................................ Pages 21-22

17. Signature and Stipulation Block ................................... Pages 22-23

SERVICE AND COMMUNICATION

18. Consent to Electronic Service and Communication / Omni Trident Protocol
.................................................................. Pages 23-25

19. Proof of Service Cover Page ..................................... Page 26

20. Proof of Service / Declaration of Due Diligence .................. Page 27

21. Service Personnel Sections ...................................... Pages 28-29

22. Declaration of Service .......................................... Pages 29-30

COURT-CONVENIENCE AND PROPOSED ORDER SECTIONS

23. Universal Discovery Verification / Judicial Orders Cover Page .... Page 31

24. Universal Discovery Verification and Judge Instruction Block ..... Pages 32-34

25. Court Order and Signature Page .................................. Page 35

26. Judicial Orders / Proof of Service Cover Page ................... Page 36

27. Court Use / Return Packet Notice ................................ Pages 37-39

28. Table of Contents .............................................. Pages 40-41





Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1
EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
- GOV. CODE §68631 et seq.Gov. Code § 68632(a)(4)20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 COLLECTION-Immunity[42 U.S.C. § 407]

# United States District Court Eastern District of California

| | |
|---|---|
| **Plaintiff**<br><br>**Chad Creel**<br><br>**(The Legal Ripper)**<br><br>**VS**<br><br>**Defendant**<br><br>ROB BONTA, in his official capacity as<br>Attorney General of California;<br>CALIFORNIA DEPARTMENT OF JUSTICE;<br>and DOES 1 through 25, inclusive, | CASE NO.:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEFFOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS,42 U.S.C. § 1983, PETITION RIGHTS, DUE PROCESS,OVERBREADTH, VAGUENESS, AND ACCESS-TO-COURTS PROTECTIONS<br><br>INCLUDING:<br><br>NOTICE OF VEXATIOUS LITIGANT PREFILING REVIEW COMPLIANCE;ARTIFICIAL INTELLIGENCE ASSISTANCE AND ACCOMMODATION DISCLOSURE;REQUEST FOR LEAVE TO AMEND IF ANY CURABLE DEFECT IS IDENTIFIED<br><br>Judge :<br><br>DEPARTMENT/Room<br><br>HEARING DATE:<br><br>TIME: |

Page 1

## NOTICE OF PREFILING REVIEW REQUIREMENT

Plaintiff Chad Michael Creel submits this filing pursuant to the Court's prefiling review order entered under Code of Civil Procedure section 391.7.

Plaintiff acknowledges that the Court has previously designated Plaintiff as a vexatious litigant and that, as a result, new filings in propria persona are subject to review by the presiding judge or designated judicial officer before being filed. This document is therefore submitted for prefiling review in accordance with that order. Plaintiff respectfully requests that the Court permit the filing of this document because it presents substantive legal issues concerning the application of Code of Civil Procedure section 391 and related matters presently before the Court. Plaintiff further submits that the issues raised in this document involve legitimate legal questions concerning statutory interpretation, procedural fairness, and access to the courts, and therefore fall within the type of filings that should be allowed to proceed under the prefiling review process.

Accordingly, Plaintiff respectfully requests that the Court grant permission for this document to be filed and considered.

**Vexatious Litigant Disclosure**: As of March 13, 2026, in *Creel v. California State Bar, et al. (Roy Kim)*, Plaintiff was designated a vexatious litigant.For Overusing My (**Leash protocol**)(Voluntary dismissal without prejudice) To the extent a prefiling order under CCP § 391.7 applies, this filing is submitted in good faith and Plaintiff seeks or will obtain leave of Court as required, including through the appropriate vexatious litigant prefiling forms, such as **Judicial Council Forms VL-100, VL-105, and VL-110**, as applicable.

# DISCLAIMER REGARDING VEXATIOUS LITIGANT DESIGNATION AND LEASH PROTOCOL HISTORY

## Notice That the Label Should Not Be Misused as Character Evidence or Merits Evidence

This notice is included for transparency and to prevent improper use of my litigation history.

I understand that I have been designated a vexatious litigant. I understand why the label was applied. I am not hiding from it, pretending it does not exist, or asking anyone to ignore the procedural reality of the designation where it lawfully applies.

However, I object to any party using that label as a shortcut to attack my character, intelligence, disability, credibility, legal arguments, evidence, filings, or right to be heard.

The vexatious litigant label is procedural. It is not proof that every filing I submit is frivolous. It is not proof that my current claims lack merit. It is not proof that opposing parties are correct. It is not a license for any party to avoid the substance of my arguments.

The main conduct used against me involved what I call the **Leash Protocol**: voluntary dismissal, reset, narrowing, and refiling when I realized a case was premature, procedurally flawed, too broad, emotionally overloaded, or not ready.

That history should be understood correctly.

Page 3

The Leash Protocol was not designed to harass defendants, multiply proceedings, or abuse the courts. It was my self-correction tool. When I realized a case was not ready, I pulled it back instead of dragging the Court and opposing parties through a broken record.

# I. Case History and Context

## 1. Creel v. Sacramento — 2022 Matter

**Creel v. Sacramento** was one of my earlier cases and failed for multiple reasons, including lack of legal structure, lack of procedural experience, and poor organization compared to the way I draft now. Years later, after reflection, I returned with my own dismissal **with prejudice** and a notice explaining why I deserved to lose that version of the case. That was not harassment; it was accountability and proof that I can admit when a case was not ready or should not continue.

## 2. Creel v. NSA / CIA / ATF / DOJ

**Creel v. NSA, CIA, ATF, and DOJ** involved serious allegations concerning unlawful sabotage, surveillance, and federal-agency misconduct. It was one of my first major Leash Protocol tests, and AI-assisted review helped me identify patterns I believed were important, but the case was too broad, too complex too Dangerous, and not ready in that form. I pulled it back because the record needed better organization, narrower claims, stronger evidence structure, and clearer jurisdictional framing before it could be responsibly litigated. It was meant to deescalate any potential Confrontation with agency with a series of history of overreaching and obsessive force that's unlawful

## 3. Creel v. Newsom

**Creel v. Newsom** was a constitutional firearm-rights and civil-rights case involving California's gun-control and CCW framework. I was told to amend, but I realized I was overwhelmed with other litigation and not ready to properly carry a statewide constitutional fight at that time. I chose dismissal so I could return later, if necessary, after my related Glenn County state and federal CCW cases developed and clarified the issues.

## 4. Creel v. Singh

**Creel v. Singh** shows that my litigation history is not simply hostile or abusive. That matter settled for **$10,000,** and I developed a respectful working relationship with the attorney involved in the case. That settlement shows my litigation pattern includes resolution, cooperation, and practical closure when the other side is willing to deal in good faith.

## 5. Creel v. Glenn County Sheriff

**Creel v. Glenn County Sheriff** involves serious constitutional, CCW, firearm-rights, due process, disability-accommodation, retaliation, and selective-enforcement issues. Any attempted dismissal or reset was tied to correcting mistakes, exploring settlement, cleaning the record, and preserving stronger constitutional issues in both state and federal court. The point was not to harass Glenn County or its officials; the point was to avoid unnecessary procedural damage and create a cleaner path toward resolution or a proper ruling.

# II.  Purpose of This Disclaimer

This is the history. This is the context. I am putting it directly into the record so nobody can pretend the label tells the whole story.

Going forward, I object to the vexatious litigant designation being used as a weapon to avoid the merits.

If a filing has a defect, identify the defect.

If a legal argument is wrong, respond to the argument.

If a factual statement is disputed, identify the evidence.

If a procedure applies, cite the rule.

But do not simply point at the label and act like that ends the discussion.

The Court should decide each filing based on its actual content, legal basis, evidence, procedural posture, and requested relief — not based on a distorted shorthand label that turns self-correction into misconduct.

# III. Conclusion

This disclaimer is included in my universal template for one reason:

I know the label exists.

I know why it was applied.

I have explained the history.

Now address the merits.

## NOTICE REGARDING USE OF VEXATIOUS LITIGANT DESIGNATION

Plaintiff acknowledges the Court's vexatious litigant designation and submits this filing in compliance with the prefiling order.

However, such designation is procedural only and does not constitute evidence regarding the merits of Plaintiff's claims. (See Bravo v. Ismaj (2002) 99 Cal.App.4th 211, 221.)

To the extent any party attempts to use Plaintiff's vexatious litigant status as irrelevant character evidence or to improperly discredit Plaintiff, Plaintiff will seek appropriate relief, including sanctions under Code of Civil Procedure section 128.7

## PUBLIC NOTICE AND DISCLAIMER

Plaintiff's vexatious litigant designation is procedural only and does not constitute evidence of liability, credibility, or the merits of any claims. (See Bravo v. Ismaj (2002) 99 Cal.App.4th 211.)

Any attempt to characterize Plaintiff's status or disability as proof of wrongdoing or lack of merit is misleading and legally irrelevant to the issues before the Court.

Selective use or misrepresentation of such information—whether in litigation or public discussion—may result in appropriate objections and requests for relief, including sanctions under Code of Civil Procedure §128.7.

This notice is provided to ensure that all review is based on the full and accurate record, not isolated or distorted representations.

# PLAINTIFF'S NOTICE REGARDING CONTINUED VEXATIOUS LITIGANT REVIEW AS QUALITY CONTROL

Plaintiff further states that, at this stage, Plaintiff has found the vexatious litigant review process useful as a form of quality control, and Plaintiff does not presently intend to seek removal from that status. Plaintiff believes the Court itself is in the best position to determine, over time, when continued application of the vexatious litigant designation becomes more burdensome, inefficient, or problematic than allowing Plaintiff's filings to proceed without that filter. Plaintiff submits this position in good faith because the goal is not to evade review, but to ensure that filings are screened for quality while still being judged on their actual merits, not on the label alone.

# NOTICE REGARDING POTENTIAL SCOPE OF FILINGS AND PAGE LIMITS

Plaintiff provides notice that certain filings may, where necessary, exceed typical page limits or include extended detail in order to fully address the arguments, evidence, and authorities presented by opposing parties.

Such filings are submitted in good faith to ensure completeness, avoid waiver, and provide the Court with a clear and fully developed record. This approach is consistent with Plaintiff's constitutional rights to petition the government for redress of grievances and to access the courts, as well as due process protections. (U.S. Const., Amends. I, V, XIV.)

Courts retain discretion to consider filings exceeding standard page limitations where necessary for a full and fair presentation of the issues. See, e.g., Mathews v. Eldridge (1976) 424 U.S. 319 (due process requires meaningful opportunity to be heard).

Additionally, in Creel v. State Bar of California (pending), Plaintiff was permitted to submit extended filings exceeding standard page expectations in order to respond to complex and multi-layered issues, including those raised by State Bar counsel. That matter demonstrates that rigid enforcement of page limits may be set aside where necessary to preserve fairness and allow full presentation of claims and defenses.

Accordingly, any extended filings by Plaintiff should be construed as a necessary and proportional response to the scope of the issues presented—not as improper or excessive conduct.

To the extent any rule, statute, or procedural limitation is applied in a manner that restricts Plaintiff's ability to fully present his claims or defenses, Plaintiff contends such application may raise constitutional concerns, including violations of the First Amendment and due process.

**Artificial Intelligence (AI) Assistance and Accommodation Disclosure:**

Plaintiff discloses that certain drafting, research, and organizational assistance in this filing was supported by artificial intelligence (AI) tools. These tools were used to assist with formatting, legal research, issue-spotting, and drafting efficiency.

Plaintiff utilized multiple AI systems in a comparative manner, including but not limited to: OpenAI (Vox-O), Gemini (Vox-G), Google Labs (Vox-GL), Claude (Vox-C), Meta LLaMA (Vox-ML), Microsoft Copilot (Vox-MC), Character AI (Vox-CAI), Snapchat AI (Vox-S), TikTok AI (Vox-T).Grok/Twiter/X (Vox-X)

These systems were used primarily to:

- Assist in drafting and structuring legal arguments

- Cross-check and compare outputs across systems

- Identify potential counterarguments and opposing positions

- Conduct pattern analysis and issue identification across legal theories and fact patterns

- Simulate analytical perspectives (including potential arguments from opposing counsel, public interpretation, and general judicial reasoning patterns)

- Conduct research and organize information on relevant legal topics

Plaintiff further discloses that the use of structured workflows and AI-supported systems also serves as a reasonable assistive accommodation for attention-related and anxiety-related conditions, which can impact organization, information

**Page 9**

processing, and sustained focus. These tools help reduce cognitive overload, improve clarity, and support effective participation in complex legal proceedings.

Plaintiff also utilizes multiple AI systems in a cross-verification process specifically to reduce the risk of inaccurate or fabricated outputs (commonly referred to as "AI hallucinations"), including incorrect case law, citations, or legal authority. Outputs are compared across systems and independently reviewed to ensure accuracy and reliability.

Where applicable, Plaintiff may include a "Declaration of Vox" or similarly titled section or attachment. Such material is intended solely as an organizational and analytical aid to present synthesized arguments, issue summaries, and comparative analysis derived from the above-described tools. It is not offered as independent evidence or expert testimony, but rather as a structured presentation of information to assist clarity and judicial review.

All outputs were independently reviewed, verified, and edited by Plaintiff. These tools are not relied upon as sources of law, fact, or expert opinion, and do not substitute for qualified expert testimony where required. Plaintiff remains solely responsible for the content, accuracy, and representations made in this filing.

This disclosure is provided in the interest of transparency, to support meaningful access to the Court, and to ensure clarity regarding the role of AI-assisted tools in preparation of this document. To the extent appropriate, Plaintiff respectfully requests consideration of reasonable accommodations to ensure fair and effective participation.

# I. INTRODUCTION

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Chad Michael Creel brings this civil action for declaratory and injunctive relief challenging California Assembly Bill 2624 to the extent it restricts, chills, burdens, penalizes, or threatens constitutionally protected recording, documentation, publication, evidence preservation, public accountability activity, litigation activity, and speech involving matters of public concern.

2. Plaintiff brings this action to protect his rights under the First Amendment, the Fourteenth Amendment, the Petition Clause, the Due Process Clause, the California Constitution, and the constitutional right of access to the courts.

3. Plaintiff does not dispute that the State of California may address true threats, stalking, harassment, unlawful intimidation, doxxing, obstruction, trespass, or unlawful invasions of privacy.

4. However, the State may not address those concerns by passing or enforcing a law so broad, vague, or chilling that ordinary citizens, journalists, immigrants, advocates, disabled litigants, self-represented parties, witnesses, and members of the public become afraid to record, document, preserve, publish, or submit lawful evidence.

5. Good intentions do not cure an unconstitutional statute. A law can be promoted as protection and still operate as a restraint on speech, evidence gathering, public accountability, and access to justice.

6. Plaintiff alleges that AB 2624, as written, proposed, supported, interpreted, or threatened for enforcement, creates a substantial risk of chilling lawful recording, documentation, public reporting, publication, and litigation-related evidence preservation.

7. Plaintiff further alleges that AB 2624 risks harming the very communities it claims to protect, including immigrant communities, because vulnerable people

Page 11

may become afraid to record misconduct, document abuse, preserve evidence, or report discrimination.

8. If immigrants, witnesses, workers, tenants, disabled people, activists, or ordinary citizens fear legal consequences for documenting misconduct, then the law does not protect them. It disarms them.

9. Plaintiff is presently involved in multiple legal matters and public accountability disputes involving evidence preservation, public documentation, screenshots, platform records, communications, AI records, and lawful recordings.

10. Plaintiff's active and related litigation includes, but is not limited to, matters commonly identified as Creel v. Meta, Creel v. Google, Creel v. OpenAI, Creel v. Amazon, and other state and federal civil proceedings.

11. Plaintiff relies on lawful documentation, screenshots, electronic records, communications, public statements, platform logs, and preserved evidence to prosecute claims, defend his rights, petition the government, and access the courts.

12. AB 2624 threatens Plaintiff's litigation activity because a vague or overbroad law may be used by public officials, private parties, platforms, politically connected organizations, or litigation opponents to argue that Plaintiff's evidence preservation, documentation, publication, or public accountability activity is unlawful.

13. Plaintiff provided notice of his objections to AB 2624 through formal opposition, cease-and-desist communications, and courtesy copies to parties and entities involved in supporting, sponsoring, reviewing, or potentially enforcing the bill.

14. Plaintiff's notice included concerns directed to Assemblymember Mia Bonta, Assemblymember Isaac Bryan, Assemblymember Carl DeMaio, the California Legislative Latino Caucus, the Coalition for Humane Immigrant Rights, the

Page 12

California Department of Justice, Attorney General Rob Bonta, and other involved or interested parties.

15. Plaintiff alleges that Assemblymember Mia Bonta blocked Plaintiff after notice was provided.

16. Plaintiff does not plead the blocking as the central constitutional injury in this Complaint. Plaintiff pleads it as evidence that Plaintiff's objections were known, received, and avoided rather than meaningfully addressed.

17. Plaintiff seeks prospective relief only against proper enforcement officials and entities. Plaintiff does not seek damages against legislators for legislative acts.

18. Plaintiff seeks a declaration that AB 2624 is unconstitutional on its face and/or as applied to Plaintiff to the extent it burdens protected recording, documentation, publication, evidence preservation, litigation activity, public accountability, immigrant advocacy, or matters of public concern.

19. Plaintiff further seeks temporary, preliminary, and permanent injunctive relief prohibiting enforcement of AB 2624 in any manner that violates the United States Constitution, the California Constitution, or Plaintiff's protected rights.

20. This action is necessary because the loss of First Amendment freedoms, even for a short period of time, constitutes irreparable injury.

21. This is a pre-enforcement constitutional challenge. Plaintiff should not be required to wait until he is prosecuted, sanctioned, sued, silenced, chilled, threatened, or accused under AB 2624 before seeking judicial protection.

22. When a law burdens First Amendment activity, the injury begins when people reasonably alter their behavior out of fear. A vague or overbroad law does not need to be actively enforced every day to cause constitutional damage. It can chill speech simply by existing.

Page 13

23. Plaintiff alleges that AB 2624 creates exactly that danger. The statute risks causing ordinary people to hesitate before recording, documenting, preserving, publishing, or submitting evidence about matters of public concern.

24. That chilling effect is especially dangerous for self-represented litigants, disabled litigants, immigrants, tenants, workers, witnesses, activists, journalists, and members of the public who may lack institutional power and must rely on recordings, screenshots, public documentation, and preserved communications to prove what happened.

25. Plaintiff further alleges that the stated purpose of AB 2624 does not control the constitutional analysis. The Legislature's intent may be relevant background, but the Constitution looks at the law's operation, scope, effect, and enforcement risk.

26. A law may be promoted as protective and still function as a weapon. A law may be passed with sympathetic language and still silence protected speech. A law may claim to protect vulnerable communities and still make those same communities afraid to document abuse, discrimination, exploitation, retaliation, or official misconduct.

27. Plaintiff is particularly concerned that AB 2624 could be used by public officials, private entities, technology platforms, politically connected organizations, litigation opponents, or bad-faith complainants to characterize lawful documentation as unlawful targeting, harassment, misuse, or intimidation.

28. Plaintiff's active and related litigation makes this harm concrete. Plaintiff relies on screenshots, platform records, communications, public notices,

recordings, AI logs, digital evidence, and preserved documentation in matters involving Meta, Google, OpenAI, Amazon, and other entities.

29. If AB 2624 chills Plaintiff's ability to gather, preserve, publish, or submit lawful evidence, then it interferes not only with speech, but also with Plaintiff's right to petition, his access to the courts, and his ability to prosecute or defend legal claims.

30. Plaintiff does not ask this Court to prevent California from addressing true threats, stalking, doxxing, harassment, obstruction, unlawful surveillance, or intimidation. Plaintiff asks only that the State be required to do so with precision, clarity, narrow tailoring, and respect for constitutional rights.

31. Narrower alternatives already exist and remain available. The State can punish threats without banning documentation. It can punish stalking without chilling journalism. It can punish obstruction without restricting public accountability. It can protect immigrants without making them afraid to record the abuse they may need to prove.

32. AB 2624, if enforced or interpreted broadly, risks turning the camera, the screenshot, the timestamp, the witness recording, and the litigation exhibit into legal hazards. That result is unconstitutional.

33. Plaintiff therefore seeks declaratory and injunctive relief before the damage becomes irreversible.

This case is not about preventing California from protecting people. It is about preventing California from protecting people the wrong way. A statute aimed at harm must not become a weapon against lawful documentation, public accountability, court

Page 15

access, immigrant witnesses, disabled litigants, journalists, or ordinary citizens preserving the truth. The Constitution does not allow the State to solve one problem by creating a larger one.

# II. JURISDICTION AND VENUE. Then III. PARTIES.

35. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the First Amendment, the Fourteenth Amendment, 42 U.S.C. § 1983, and the constitutional right of access to the courts.

36. This Court has civil rights jurisdiction under 28 U.S.C. § 1343 because Plaintiff seeks relief for the deprivation, under color of state law, of rights secured by the United States Constitution.

37. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

38. This Court has authority to grant preliminary and permanent injunctive relief under its equitable powers, Federal Rule of Civil Procedure 65, and 42 U.S.C. § 1983.

39. This Court has supplemental jurisdiction over related claims arising under the California Constitution and California law under 28 U.S.C. § 1367 because those claims arise from the same common nucleus of operative facts.

40. Plaintiff seeks prospective declaratory and injunctive relief against state officials and entities to prevent enforcement, implementation, threatened enforcement, or unconstitutional interpretation of AB 2624.

41. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391 because a substantial part of the events, omissions, legislative activity, notice activity, threatened enforcement consequences, and constitutional injury occurred or will occur in this District.

42. Venue is also proper because Plaintiff resides in California within the Eastern District, Defendants act under California law, and the challenged bill was created, supported, reviewed, noticed, and/or subject to enforcement within California.

43. The Sacramento Division is proper because the California State Capitol, relevant legislative activity, California Department of Justice functions, state-level policy activity, and official enforcement authority are located in or connected to Sacramento, California.

44. Plaintiff seeks relief before suffering prosecution, penalties, sanctions, litigation prejudice, chilling of speech, or other irreversible injury because this is a pre-enforcement constitutional challenge involving First Amendment rights.

III. PARTIES

45. Plaintiff Chad Michael Creel is a resident of California and proceeds in propria persona.

46. Plaintiff is a self-represented litigant engaged in multiple civil actions, public accountability efforts, evidence-preservation activity, and constitutional advocacy.

47. Plaintiff relies on lawful recording, documentation, screenshots, platform records, written notices, public communications, AI records, and preserved evidence in active and anticipated litigation.

48. Defendant Rob Bonta is the Attorney General of the State of California. He is sued in his official capacity for prospective declaratory and injunctive relief to the extent he, his office, or the California Department of Justice has authority to enforce, defend, interpret, advise, guide, coordinate, or implement AB 2624.

49. Defendant California Department of Justice is a California state agency responsible for statewide legal enforcement, legal guidance, state legal defense, and related official functions. It is named for prospective declaratory and injunctive relief to the extent it participates in enforcement, implementation, interpretation, guidance, or threatened enforcement of AB 2624.

50. Defendant Assemblymember Mia Bonta is a member of the California State Assembly. She is named in her official capacity based on her involvement, support, sponsorship, public communications, notice received, and non-legislative conduct relating to AB 2624.

51. Plaintiff does not seek damages against Assemblymember Mia Bonta for legislative acts. Plaintiff names her for declaratory and injunctive purposes only to the extent permitted by law, including notice, public communications, official-capacity conduct, and any non-legislative acts connected to the challenged policy.

52. Defendant Assemblymember Isaac Bryan is a member of the California State Assembly. He is named in his official capacity based on his involvement,

support, sponsorship, public communications, notice received, and non-legislative conduct relating to AB 2624.

53. Plaintiff does not seek damages against Assemblymember Isaac Bryan for legislative acts. Plaintiff names him for declaratory and injunctive purposes only to the extent permitted by law, including notice, public communications, official-capacity conduct, and any non-legislative acts connected to the challenged policy.

54. Defendant Assemblymember Carl DeMaio is a member of the California State Assembly. He is named in his official capacity based on his involvement, support, public communications, notice received, and non-legislative conduct relating to AB 2624.

55. Plaintiff does not seek damages against Assemblymember Carl DeMaio for legislative acts. Plaintiff names him for declaratory and injunctive purposes only to the extent permitted by law, including notice, public communications, official-capacity conduct, and any non-legislative acts connected to the challenged policy.

56. Defendant California Legislative Latino Caucus is named based on its alleged involvement, support, advocacy, public communications, notice received, and relationship to AB 2624.

57. Plaintiff names the California Legislative Latino Caucus to the extent it acted, coordinated, advised, supported, promoted, or participated in conduct connected to AB 2624 that contributed to Plaintiff's alleged constitutional injury.

58. Defendant Coalition for Humane Immigrant Rights, also known as CHIRLA, is named based on its alleged involvement, support, advocacy, public communications, notice received, and relationship to AB 2624.

59. Plaintiff names CHIRLA to the extent it acted jointly with state actors, coordinated with state officials, promoted enforcement concepts, influenced implementation, or participated in conduct connected to AB 2624 that contributed to Plaintiff's alleged constitutional injury.

60. Plaintiff is informed and believes, and on that basis alleges, that DOES 1 through 50 are individuals, agencies, organizations, officials, employees, agents, contractors, advisors, drafters, supporters, lobbyists, consultants, enforcement personnel, or other persons whose identities are presently unknown and who participated in, supported, coordinated, advised, enforced, threatened to enforce, or helped implement AB 2624.

61. Plaintiff will amend this Complaint to substitute the true names and capacities of DOE Defendants when they are discovered.

62. At all relevant times, each Defendant acted individually, officially, jointly, or in concert with other Defendants, and each Defendant's acts, omissions, policies, customs, communications, or conduct contributed to the constitutional injuries alleged herein.

63. Plaintiff alleges that Defendants were placed on notice of constitutional objections to AB 2624, including objections based on the First Amendment, overbreadth, vagueness, chilling effect, public accountability, immigrant-community harm, and interference with Plaintiff's litigation activity.

Next we should do **IV. FACTUAL ALLEGATIONS.** That is where we lay out the cease-and-desist, who was CC'd, Mia blocking you, the injury to your Meta/Google/OpenAI/Amazon cases, and how the bill harms immigrants instead of protecting them.

# II.  PROCEDURAL BACKGROUND

IV. PROCEDURAL BACKGROUND AND NOTICE HISTORY

64. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Before filing this action, Plaintiff prepared and circulated a formal written opposition to California Assembly Bill 2624.

66. Plaintiff's written opposition explained that AB 2624 raises serious constitutional concerns, including First Amendment concerns, overbreadth, vagueness, chilling effect, public accountability concerns, litigation-interference concerns, and the risk of harm to vulnerable communities.

67. Plaintiff also prepared and circulated a cease-and-desist notice concerning AB 2624 and the constitutional harms Plaintiff believed would result if the bill were passed, enforced, interpreted broadly, or used against lawful documentation and public accountability activity.

68. Plaintiff's opposition and cease-and-desist notice were not casual complaints. They were formal notice documents intended to alert officials, supporters, interested organizations, and potential enforcement actors that AB 2624 could create constitutional injury and invite judicial review.

69. Plaintiff provided notice to multiple persons and entities involved in, connected to, supporting, reviewing, sponsoring, opposing, enforcing, or potentially influencing AB 2624.

70. Those persons and entities included, but were not limited to, Assemblymember Mia Bonta, Assemblymember Isaac Bryan, Assemblymember Carl DeMaio, the California Legislative Latino Caucus, the Coalition for Humane Immigrant Rights, also known as CHIRLA, Attorney General Rob Bonta, the California Department of Justice, and other interested or involved parties.

71. Plaintiff also provided notice because Attorney General Rob Bonta and the California Department of Justice may have a role in enforcement, legal interpretation, defense, guidance, coordination, or implementation of AB 2624 if enacted.

72. Plaintiff's notice made clear that he objected to AB 2624 not because he opposes protecting immigrants, vulnerable communities, or victims of harassment, but because the bill risks protecting people through unconstitutional and counterproductive means.

73. Plaintiff warned that the bill may harm immigrant communities by making immigrants, witnesses, workers, tenants, advocates, and community members afraid to record abuse, discrimination, exploitation, retaliation, threats, or official misconduct.

74. Plaintiff further warned that a law promoted as protection can become a tool of silence if it discourages vulnerable people from documenting the very misconduct they may later need to prove.

Page 22

75. Plaintiff also warned that AB 2624 could interfere with Plaintiff's active and related litigation involving Meta, Google, OpenAI, Amazon, and other entities because Plaintiff relies on screenshots, recordings, platform records, public communications, AI records, and preserved documentation as evidence.

76. Plaintiff's notice placed involved parties on actual or constructive notice that AB 2624 could trigger litigation, including a request for declaratory relief, preliminary injunction, permanent injunction, and other appropriate judicial relief.

77. After Plaintiff provided notice, Assemblymember Mia Bonta blocked Plaintiff on social media.

78. Plaintiff alleges that Assemblymember Mia Bonta's blocking is relevant because it shows Plaintiff's concerns reached her or were at least brought close enough to her attention that she chose to cut off communication rather than respond, correct, clarify, or address the constitutional objections.

79. Plaintiff does not allege that the blocking itself is the entire basis of this lawsuit. Plaintiff alleges that the blocking is part of the notice history and evidence of avoidance after constitutional objections were raised.

80. Plaintiff further alleges that the blocking supports Plaintiff's concern that the constitutional objections were known but not meaningfully addressed before Plaintiff was forced to prepare judicial action.

81. Plaintiff has not filed this action lightly. Plaintiff files this action because pre-enforcement constitutional review is necessary when a statute threatens First Amendment activity, evidence preservation, public accountability, immigrant advocacy, and access to courts.

Page 23

82. Plaintiff should not be required to wait until AB 2624 is enforced against him, used against his litigation activity, cited by a platform, invoked by an opposing party, or weaponized by a public official before seeking protection from this Court.

83. Plaintiff therefore brings this Complaint as a pre-enforcement constitutional challenge and seeks declaratory and injunctive relief before the threatened harm becomes irreversible.

84. Plaintiff will attach his formal opposition, cease-and-desist notice, proof of service or courtesy copy records, CC records, screenshots, and related documentation as exhibits to establish notice, injury, and the need for judicial relief.

85. Plaintiff's pre-suit notice was intended to provide Defendants and interested parties a meaningful opportunity to clarify, amend, withdraw, oppose, narrow, or publicly disavow any unconstitutional interpretation or enforcement of AB 2624.

86. Plaintiff did not receive a meaningful correction, clarification, narrowing amendment, safe-harbor assurance, or binding enforcement limitation sufficient to cure the constitutional concerns identified in his notice.

87. Plaintiff alleges that the absence of meaningful clarification increases the chilling effect because ordinary people cannot know whether lawful recording, documentation, publication, evidence preservation, or litigation-related activity may later be characterized as unlawful conduct under AB 2624.

88. Plaintiff will attach the current text of AB 2624 as Exhibit A. Plaintiff will attach his formal opposition and cease-and-desist notice as Exhibit B.

Page 24

Plaintiff will attach proof of notice, courtesy copies, email records, CC records, screenshots, and related communications as additional exhibits.

89. Plaintiff reserves the right to amend this Complaint if additional bill language, enforcement guidance, legislative history, communications, implementation documents, agency guidance, or newly discovered facts reveal additional constitutional defects or additional proper defendants.

LEGAL AUTHORITY SUPPORTING PRE-ENFORCEMENT REVIEW

90. This action is properly brought under 42 U.S.C. § 1983 because Plaintiff seeks relief for the deprivation, under color of state law, of rights protected by the United States Constitution.

91. Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202 and injunctive relief under Federal Rule of Civil Procedure 65.

92. Plaintiff seeks prospective relief against state officials under the doctrine recognized in Ex parte Young, 209 U.S. 123 (1908), which permits suits against state officials in their official capacities to prevent ongoing or threatened violations of federal law.

93. Plaintiff is not required to wait for prosecution or punishment before bringing a First Amendment pre-enforcement challenge. Pre-enforcement standing exists where a plaintiff intends to engage in arguably protected activity, the challenged law arguably proscribes that activity, and there is a credible threat of enforcement. See Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014).

94. The Supreme Court has recognized pre-enforcement review where a statute chills speech or causes speakers to self-censor rather than risk penalties. See

Babbitt v. United Farm Workers National Union, 442 U.S. 289 (1979); Virginia v. American Booksellers Ass'n, 484 U.S. 383 (1988).

95. The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. See Elrod v. Burns, 427 U.S. 347 (1976).

96. The First Amendment protects not only final speech, but also activity necessary to create, gather, document, and preserve information about matters of public concern.

97. In Fordyce v. City of Seattle, 55 F.3d 436 (9th Cir. 1995), the Ninth Circuit recognized a First Amendment interest in filming matters of public interest.

98. Other federal courts have likewise recognized that recording public officials performing their duties in public is protected First Amendment activity. See Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); ACLU v. Alvarez, 679 F.3d 583 (7th Cir. 2012); Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017).

99. A statute is unconstitutional if it is substantially overbroad in relation to its legitimate sweep and chills protected expression. See Broadrick v. Oklahoma, 413 U.S. 601 (1973); United States v. Stevens, 559 U.S. 460 (2010).

100.    A statute is void for vagueness if it fails to provide ordinary people fair notice of what conduct is prohibited or invites arbitrary and discriminatory enforcement. See Grayned v. City of Rockford, 408 U.S. 104 (1972); Coates v. City of Cincinnati, 402 U.S. 611 (1971).

101.    Prior restraints and laws that burden publication or dissemination of information about public matters are presumptively suspect. See Near v. Minnesota, 283 U.S. 697 (1931); New York Times Co. v. United States, 403 U.S. 713 (1971).

102.    Speech on public issues and public affairs occupies the highest rung of First Amendment protection. See Snyder v. Phelps, 562 U.S. 443 (2011).

103.    California law also independently protects speech, petitioning, due process, and equal protection under the California Constitution, including Article I, section 2, subdivision (a), Article I, section 3, and Article I, section 7.

104.    Plaintiff therefore brings this action under federal and state constitutional authority because AB 2624 threatens protected speech, documentation, public accountability, evidence preservation, litigation activity, and access to the courts.

ADDITIONAL LEGAL AUTHORITY AND LIMITATIONS

105.    Plaintiff acknowledges that legislators generally have immunity for core legislative acts, including voting, debating, drafting, and introducing legislation. Plaintiff does not seek damages against legislators for legislative acts.

106.    Plaintiff names legislative and organizational Defendants only to the extent permitted by law, including for notice history, public communications, non-legislative conduct, coordination, implementation, enforcement involvement, or facts showing the development, support, interpretation, or threatened application of AB 2624.

107.    Plaintiff's primary request for injunctive relief is directed toward officials and entities with enforcement, implementation, guidance, defense, or legal interpretation authority, including the California Attorney General and the California Department of Justice.

108.    Plaintiff brings both facial and as-applied claims. Plaintiff challenges AB 2624 facially to the extent its language is substantially overbroad, vague, or chilling on protected speech. Plaintiff challenges AB 2624 as applied to Plaintiff because it threatens his litigation activity, evidence preservation, public accountability work, recording, documentation, publication, and right to petition the courts.

109.    Plaintiff further alleges that no limiting construction has been provided that would cure the constitutional defects. No binding safe harbor, enforcement limitation, narrowing guidance, or public clarification has been provided that adequately protects lawful recording, documentation, evidence preservation, publication, immigrant advocacy, public accountability, or litigation-related activity.

110.    Plaintiff alleges that severability does not cure the constitutional harm unless the Court can clearly preserve lawful documentation and prevent unconstitutional enforcement. If unconstitutional provisions, interpretations, or applications cannot be severed cleanly, the Court should enjoin enforcement to the extent necessary to protect constitutional rights.

111.    Plaintiff seeks relief under 42 U.S.C. § 1983, the Declaratory Judgment Act, Federal Rule of Civil Procedure 65, the First Amendment, the Fourteenth Amendment, the Petition Clause, the Due Process Clause, the Equal Protection Clause, and the California Constitution.

112.    Plaintiff also seeks taxable costs and any other relief permitted by law. Plaintiff does not request improper relief and recognizes that attorney-fee rules may differ for self-represented litigants.

113.    Plaintiff reserves the right to seek emergency relief, including a temporary restraining order and preliminary injunction, if AB 2624 is enacted, implemented, threatened, cited, or used in any manner that chills Plaintiff's protected conduct or interferes with Plaintiff's litigation activity.

# III.  STATEMENT OF FACTS

V. STATEMENT OF FACTS

114.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

115.    Assembly Bill 2624 is a California legislative proposal that Plaintiff alleges may restrict, burden, chill, penalize, or discourage lawful documentation, recording, publication, evidence preservation, public accountability activity, and litigation-related speech.

116.    Plaintiff alleges that AB 2624 is framed as a protective measure, including for immigrant communities and persons allegedly subject to harassment, targeting, intimidation, or misuse of information.

117.    Plaintiff does not dispute that protecting immigrants, vulnerable communities, victims of harassment, and members of the public from true threats, stalking, doxxing, intimidation, unlawful surveillance, or harassment is a legitimate governmental objective.

118.     Plaintiff does dispute the use of broad, vague, unclear, or overreaching statutory language that may sweep protected activity into the same category as unlawful conduct.

119.     Plaintiff alleges that AB 2624 is constitutionally defective to the extent it fails to clearly distinguish between unlawful conduct and lawful documentation of matters of public concern.

120.     Plaintiff alleges that lawful documentation includes, but is not limited to, recording, photographing, screenshotting, filming, preserving communications, retaining platform records, saving public statements, documenting public interactions, and preserving evidence for use in litigation.

121.     Plaintiff alleges that these activities are not theoretical to him. Plaintiff actively relies on such documentation in ongoing and related legal disputes.

122.     Plaintiff is involved in litigation and public accountability matters involving Meta, Google, OpenAI, Amazon, public officials, technology platforms, records, communications, and evidence-preservation activity.

123.     Plaintiff alleges that AB 2624 threatens to interfere with those matters because opposing parties, platforms, public officials, private entities, or politically connected groups may cite the law to challenge, suppress, chill, punish, or characterize Plaintiff's lawful documentation as unlawful conduct.

124.     Plaintiff alleges that a vague or overbroad law can cause injury even before enforcement because ordinary people may self-censor rather than risk legal consequences.

125.    Plaintiff alleges that AB 2624 creates a credible chilling effect by making members of the public uncertain whether lawful recording, publication, evidence preservation, or litigation-related documentation could later be labeled harassment, targeting, intimidation, misuse, or some other prohibited act.

126.    Plaintiff alleges that uncertainty is especially dangerous where the protected activity involves public officials, civil rights issues, immigration issues, police accountability, platform accountability, public litigation, or evidence relevant to court proceedings.

127.    Plaintiff alleges that AB 2624 may harm immigrant communities instead of protecting them.

128.    Immigrants, undocumented persons, workers, tenants, witnesses, family members, advocates, and community members often rely on recordings, screenshots, messages, public documentation, and preserved evidence to prove abuse, exploitation, discrimination, retaliation, threats, wage violations, housing violations, official misconduct, or civil rights violations.

129.    If those individuals fear that recording or publishing evidence may expose them to liability, investigation, accusation, retaliation, or legal uncertainty, they may stop documenting misconduct.

130.    Plaintiff alleges that this chilling effect would protect wrongdoers, not victims.

131.    A law that discourages vulnerable people from preserving evidence can become a shield for abuse.

132.    Plaintiff alleges that the Constitution does not permit the State to solve harassment or privacy concerns by creating a system where lawful documentation becomes legally dangerous.

133.    Plaintiff alleges that AB 2624 also risks selective enforcement.

134.    A vague or broad law allows enforcement to depend on who is speaking, who is being criticized, who is politically connected, who is embarrassed, who has platform influence, or who has institutional power.

135.    Plaintiff alleges that selective enforcement risk is especially serious where the law may affect controversial litigants, activists, journalists, immigrants, disabled persons, self-represented litigants, and critics of powerful entities.

136.    Plaintiff alleges that the bill could be weaponized by private actors and platforms even without direct state enforcement.

137.    Technology platforms, private companies, opposing parties, advocacy organizations, or public officials could cite AB 2624 to demand takedowns, threaten liability, suppress evidence, attack credibility, interfere with discovery, or characterize lawful evidence preservation as unlawful targeting.

138.    Plaintiff alleges that this risk directly affects his litigation and public accountability activity.

139.    Plaintiff uses AI-assisted research, screenshots, communications, platform records, email records, public statements, preserved messages, public notices, and other documentation to prepare filings, preserve evidence, communicate objections, and prosecute or defend legal claims.

140.    Plaintiff alleges that AB 2624 may chill that conduct by making it legally uncertain whether public documentation or litigation-related preservation could be reframed as prohibited conduct.

141.    Plaintiff further alleges that AB 2624 burdens the right to petition because Plaintiff's ability to petition courts, agencies, public officials, and the public depends on his ability to preserve and present evidence.

142.    Plaintiff alleges that evidence preservation is not separate from court access. Without evidence, court access becomes hollow.

143.    Plaintiff alleges that AB 2624 threatens the public's ability to create a reliable record of events.

144.    Recordings, screenshots, timestamps, messages, platform logs, and digital records often determine whether a person can prove what happened.

145.    Plaintiff alleges that when a law chills documentation, it does not merely regulate speech. It damages the truth-finding process.

146.    Plaintiff alleges that AB 2624 is not narrowly tailored if it burdens lawful recording, documentation, publication, or evidence preservation while existing laws already address true threats, stalking, harassment, doxxing, obstruction, extortion, trespass, and unlawful privacy invasions.

147.    Plaintiff alleges that California can protect immigrants and vulnerable communities without chilling lawful documentation.

148.    California can target true threats without targeting recording.

149.    California can target stalking without targeting journalism.

150.    California can target doxxing without targeting evidence preservation.

151.    California can target harassment without chilling litigation activity.

152.    California can target obstruction without punishing public accountability.

153.    Plaintiff alleges that AB 2624 lacks adequate safe-harbor protections for lawful documentation, public-interest recording, litigation-related evidence preservation, immigrant advocacy, journalism, court filings, public records, and good-faith reporting.

154.    Plaintiff alleges that no Defendant has provided Plaintiff with binding clarification, narrowing language, enforcement guidance, safe harbor, or public assurance sufficient to remove the chilling effect.

155.    Plaintiff alleges that his pre-suit notice placed Defendants and interested parties on notice of the constitutional defects.

156.    Plaintiff alleges that after notice was given, the concerns were not cured.

157.    Plaintiff alleges that Assemblymember Mia Bonta blocked Plaintiff after notice was provided, which Plaintiff pleads as evidence that his objections were known or close enough to known that communication was cut off instead of the constitutional concerns being answered.

158.    Plaintiff does not rely on that blocking as the sole injury in this case.

159.    Plaintiff relies on the blocking as part of the broader notice history, avoidance history, and chilling-effect record.

160.    Plaintiff alleges that the threatened injury is ongoing because AB 2624 continues to create uncertainty regarding lawful documentation, evidence preservation, public accountability, immigrant-community advocacy, and litigation-related activity.

161.    Plaintiff alleges that he intends to continue engaging in constitutionally protected activity, including documenting public matters, preserving evidence, communicating with public officials, filing court documents, participating in litigation, criticizing public policy, and opposing unconstitutional laws.

162.    Plaintiff alleges that AB 2624 arguably reaches, chills, or threatens that intended conduct.

163.    Plaintiff alleges that he faces a credible threat that AB 2624 may be enforced, invoked, cited, weaponized, or used against him or similarly situated persons if not declared unconstitutional or narrowly enjoined.

164.    Plaintiff therefore seeks declaratory and injunctive relief to prevent AB 2624 from being enforced, interpreted, implemented, or used in any manner that violates protected speech, recording, documentation, evidence preservation, immigrant advocacy, public accountability, the right to petition, or access to the courts.

# IV.  SUMMARY OF CLAIMS / CAUSES OF ACTION

WhaVI. SUMMARY OF CLAIMS / CAUSES OF ACTION

165.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

166.    Plaintiff brings this action under 42 U.S.C. § 1983, the First Amendment, the Fourteenth Amendment, the Petition Clause, the Due Process Clause, the Equal Protection Clause, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 65, and the California Constitution.

167.    Plaintiff seeks declaratory and injunctive relief because AB 2624 threatens protected speech, lawful recording, evidence preservation, publication, public accountability, immigrant-community documentation, litigation activity, and access to the courts.

168.    Plaintiff's claims are brought as both facial and as-applied challenges. Plaintiff challenges AB 2624 facially because its language, scope, or foreseeable applications are overbroad, vague, and chilling. Plaintiff challenges AB 2624 as applied because it threatens Plaintiff's own protected documentation, litigation activity, public accountability work, evidence preservation, and right to petition.

FIRST CAUSE OF ACTION

First Amendment — Protected Speech, Recording, Documentation, Publication, and Newsgathering

42 U.S.C. § 1983; U.S. Const. amend. I

169.    Plaintiff alleges that AB 2624 violates the First Amendment to the extent it restricts, chills, burdens, penalizes, or threatens lawful recording, documentation, publication, evidence preservation, reporting, or dissemination of matters of public concern.

Page 36

170.    The First Amendment protects speech concerning public issues, public officials, public conduct, civil rights issues, court access, public accountability, and matters of public concern.

171.    The First Amendment also protects conduct necessary to gather and preserve information for speech, publication, litigation, journalism, public accountability, and petitioning activity.

172.    Recording and documenting matters of public concern is protected First Amendment activity. The Ninth Circuit recognized a First Amendment interest in filming matters of public interest in Fordyce v. City of Seattle, 55 F.3d 436 (9th Cir. 1995).

173.    Other federal courts have recognized that recording public officials performing public duties is protected First Amendment activity. See Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); ACLU v. Alvarez, 679 F.3d 583 (7th Cir. 2012); Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017).

174.    AB 2624 burdens protected speech if it makes ordinary people afraid to record, document, publish, preserve, or submit lawful evidence about matters of public concern.

175.    Plaintiff therefore seeks a declaration that AB 2624 is unconstitutional to the extent it restricts or chills protected recording, documentation, publication, evidence preservation, public accountability, or litigation-related speech.

SECOND CAUSE OF ACTION

Facial Overbreadth

First and Fourteenth Amendments; 42 U.S.C. § 1983

176.    Plaintiff alleges that AB 2624 is facially overbroad to the extent it sweeps a substantial amount of protected speech and protected documentation into its reach.

177.    A law is unconstitutional if it prohibits or chills a substantial amount of protected expression in relation to its legitimate applications. See Broadrick v. Oklahoma, 413 U.S. 601 (1973); United States v. Stevens, 559 U.S. 460 (2010).

178.    AB 2624 is overbroad if it fails to clearly separate unlawful conduct, such as true threats, stalking, doxxing, harassment, or obstruction, from lawful conduct, such as recording, screenshotting, publishing, documenting public events, preserving litigation evidence, or reporting misconduct.

179.    Plaintiff alleges that AB 2624 may chill ordinary citizens, immigrants, workers, tenants, activists, journalists, disabled litigants, self-represented litigants, witnesses, and advocates from documenting abuse, discrimination, exploitation, retaliation, official misconduct, platform misconduct, or other matters of public concern.

180.    Plaintiff alleges that this overbreadth is not cured by good intentions because constitutional rights are measured by the law's operation and effect, not merely by its stated purpose.

181.    Plaintiff therefore seeks facial invalidation or narrowing injunctive relief to prevent AB 2624 from being applied to protected speech, recording, documentation, publication, evidence preservation, or litigation activity.

THIRD CAUSE OF ACTION

Void for Vagueness

Fourteenth Amendment Due Process; 42 U.S.C. § 1983

182.    Plaintiff alleges that AB 2624 is void for vagueness to the extent ordinary people cannot clearly understand what conduct is prohibited and what conduct remains lawful.

183.    A statute violates due process if it fails to provide fair notice of what conduct is prohibited or if it invites arbitrary and discriminatory enforcement. See Grayned v. City of Rockford, 408 U.S. 104 (1972); Coates v. City of Cincinnati, 402 U.S. 611 (1971).

184.    Vague laws are especially dangerous when they burden speech because people may self-censor rather than risk penalties, litigation, investigation, accusation, or retaliation.

185.    Plaintiff alleges that AB 2624 creates uncertainty regarding whether lawful recording, publication, screenshotting, evidence preservation, public criticism, litigation-related documentation, immigrant advocacy, or public accountability activity could later be characterized as unlawful harassment, targeting, intimidation, misuse, or similar prohibited conduct.

186.    Plaintiff alleges that this uncertainty chills protected activity and gives officials, platforms, private actors, and litigation opponents room to weaponize vague language against disfavored speakers.

187.    Plaintiff therefore seeks declaratory and injunctive relief preventing enforcement of AB 2624 unless and until the law is clearly limited to unprotected conduct and provides adequate notice, standards, and safe harbors.

FOURTH CAUSE OF ACTION

Prior Restraint / Chilling Effect on Publication and Public Accountability

First Amendment; 42 U.S.C. § 1983

188.    Plaintiff alleges that AB 2624 functions as a prior restraint or unconstitutional chilling device to the extent it discourages publication, dissemination, reporting, or submission of lawful information regarding matters of public concern.

189.    Prior restraints on publication are presumptively unconstitutional. See Near v. Minnesota, 283 U.S. 697 (1931); New York Times Co. v. United States, 403 U.S. 713 (1971).

190.    Speech on public issues occupies the highest rung of First Amendment protection. See Snyder v. Phelps, 562 U.S. 443 (2011).

191.    Plaintiff alleges that AB 2624 chills speech by making people fear legal consequences for recording, preserving, publishing, or submitting evidence.

192.    The loss of First Amendment freedoms, even briefly, constitutes irreparable injury. See Elrod v. Burns, 427 U.S. 347 (1976).

193.    Plaintiff therefore seeks preliminary and permanent injunctive relief preventing AB 2624 from being enforced or interpreted as a restraint on lawful publication, documentation, public accountability, or evidence preservation.

FIFTH CAUSE OF ACTION

Right to Petition and Access to Courts

First and Fourteenth Amendments; 42 U.S.C. § 1983

194.   Plaintiff alleges that AB 2624 interferes with his right to petition and his right of access to the courts.

195.   Plaintiff uses documentation, screenshots, platform records, communications, public notices, recordings, AI records, and preserved evidence in active and anticipated litigation, including matters involving Meta, Google, OpenAI, Amazon, public officials, technology platforms, and other entities.

196.   The right to petition protects the ability to seek relief from courts and government bodies. The right of access to courts protects meaningful access to judicial remedies.

197.   A law that chills lawful evidence preservation, public documentation, or litigation-related publication burdens court access because evidence is the backbone of legal claims and defenses.

198.   Plaintiff alleges that AB 2624 threatens to interfere with his ability to gather, preserve, present, and publicly discuss evidence relevant to his claims.

199.   Plaintiff therefore seeks declaratory and injunctive relief preventing AB 2624 from being used to interfere with lawful litigation activity, evidence preservation, court filings, public notices, communications with agencies, or protected petitioning activity.

SIXTH CAUSE OF ACTION

Equal Protection / Selective Enforcement Risk

Fourteenth Amendment; 42 U.S.C. § 1983

Page 41

200.    Plaintiff alleges that AB 2624 creates a substantial risk of selective and discriminatory enforcement.

201.    A vague or broad statute can allow enforcement to depend on discretion, political pressure, public embarrassment, platform influence, the identity of the speaker, or the identity of the person being criticized.

202.    Plaintiff alleges that AB 2624 may be selectively invoked against disfavored speakers, self-represented litigants, disabled litigants, immigrants, activists, journalists, critics of powerful entities, and persons documenting misconduct.

203.    Plaintiff alleges that this risk is especially serious because AB 2624 involves speech, recording, publication, public accountability, immigrant issues, technology platforms, and litigation evidence.

204.    Plaintiff therefore seeks declaratory and injunctive relief preventing AB 2624 from being enforced in an arbitrary, discriminatory, retaliatory, viewpoint-based, or selectively punitive manner.

SEVENTH CAUSE OF ACTION

California Constitution — Free Speech, Petition, Due Process, and Equal Protection

California Constitution, Article I, §§ 2, 3, and 7

205.    Plaintiff alleges that AB 2624 also violates the California Constitution to the extent it burdens speech, petitioning, public accountability, documentation, court access, due process, or equal protection.

206.    Article I, section 2 of the California Constitution independently protects free speech.

Page 42

207.    Article I, section 3 protects the right to petition government and supports public access, accountability, and participation in government processes.

208.    Article I, section 7 protects due process and equal protection.

209.    Plaintiff alleges that AB 2624 violates these provisions if it chills lawful recording, documentation, publication, evidence preservation, litigation activity, immigrant advocacy, or public accountability.

210.    Plaintiff therefore seeks declaratory and injunctive relief under the California Constitution in addition to relief under federal law.

EIGHTH CAUSE OF ACTION

Declaratory Relief

28 U.S.C. §§ 2201 and 2202

211.    An actual controversy exists between Plaintiff and Defendants regarding the constitutionality, scope, enforcement, interpretation, and application of AB 2624.

212.    Plaintiff contends AB 2624 is unconstitutional on its face and/or as applied to the extent it burdens protected speech, recording, documentation, publication, evidence preservation, litigation activity, immigrant advocacy, public accountability, petition rights, due process, equal protection, or access to courts.

213.    Plaintiff seeks a judicial declaration clarifying the parties' rights and obligations before AB 2624 is enforced, invoked, cited, weaponized, or used to chill protected conduct.

214.     Declaratory relief is appropriate because Plaintiff faces ongoing uncertainty, chilling effect, and credible threat of legal injury.

NINTH CAUSE OF ACTION

Preliminary and Permanent Injunctive Relief

Federal Rule of Civil Procedure 65; 42 U.S.C. § 1983

215.     Plaintiff seeks preliminary and permanent injunctive relief.

216.     Plaintiff is likely to succeed on the merits because AB 2624 burdens core constitutional rights, including speech, recording, documentation, publication, evidence preservation, petitioning, court access, due process, and equal protection.

217.     Plaintiff faces irreparable harm because chilled First Amendment activity and interference with court access cannot be fully repaired by money damages.

218.     The balance of equities favors Plaintiff because the State has no legitimate interest in enforcing an unconstitutional law.

219.     The public interest favors injunctive relief because protecting constitutional rights, lawful documentation, immigrant witnesses, public accountability, journalism, evidence preservation, and access to courts benefits the public.

220.     Plaintiff therefore seeks a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendants from enforcing, implementing, interpreting, threatening, or using AB 2624 in any manner that burdens constitutionally protected conduct.

Page 44

m.

# V. LEGAL THESIS

VII. LEGAL THESIS

221.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

222.    The legal thesis of this case is simple: California may target true threats, stalking, doxxing, harassment, unlawful intimidation, obstruction, and unlawful invasions of privacy, but it may not do so through a statute that chills lawful recording, documentation, publication, evidence preservation, public accountability, immigrant advocacy, litigation activity, or access to the courts.

223.    AB 2624 is unconstitutional to the extent it burdens protected speech and protected evidence-gathering activity while failing to provide clear, narrow, and enforceable limits separating unlawful conduct from lawful documentation.

224.    Plaintiff does not challenge the State's power to protect vulnerable persons. Plaintiff challenges the unconstitutional method chosen if AB 2624 reaches protected conduct.

225.    Good intentions do not cure unconstitutional overbreadth, vagueness, chilling effect, or interference with court access.

226.    A statute may be framed as protective and still be unconstitutional if its language, effect, or foreseeable enforcement causes ordinary people to

self-censor, stop documenting misconduct, avoid preserving evidence, or fear lawful publication.

227.    The Constitution protects unpopular, inconvenient, embarrassing, and litigation-useful speech. The State cannot burden protected speech simply because the speech may be uncomfortable to public officials, private organizations, technology platforms, or politically connected persons.

A. Pre-Enforcement Review Is Proper

228.    Plaintiff brings this case as a pre-enforcement constitutional challenge.

229.    Plaintiff is not required to wait until he is prosecuted, punished, sanctioned, sued, threatened, investigated, silenced, or harmed before asking this Court to protect his constitutional rights.

230.    Pre-enforcement standing exists where a plaintiff intends to engage in arguably protected activity, the challenged law arguably reaches that activity, and there is a credible threat that the law may be enforced or invoked. See Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014).

231.    Courts have recognized that speakers may bring pre-enforcement challenges when a law chills speech or causes self-censorship. See Babbitt v. United Farm Workers National Union, 442 U.S. 289 (1979); Virginia v. American Booksellers Ass'n, 484 U.S. 383 (1988).

232.    Plaintiff intends to continue engaging in lawful documentation, public criticism, evidence preservation, litigation activity, public notices, and recording or screenshotting matters of public concern.

Page 46

233.    AB 2624 threatens that activity if it is written, interpreted, or enforced broadly enough to treat lawful documentation as harassment, targeting, intimidation, misuse, or prohibited conduct.

234.    Plaintiff therefore has a concrete need for declaratory and injunctive relief before the threatened constitutional harm becomes irreversible.

B. Ex parte Young Allows Prospective Relief Against Enforcement Officials

235.    Plaintiff seeks prospective declaratory and injunctive relief against proper state enforcement officials and entities.

236.    Under Ex parte Young, 209 U.S. 123 (1908), a plaintiff may sue state officials in their official capacities to prevent ongoing or threatened violations of federal law.

237.    Plaintiff does not seek damages against legislators for legislative acts.

238.    Plaintiff's primary injunctive request is directed at officials and entities with enforcement, implementation, legal interpretation, defense, guidance, or coordination authority, including the California Attorney General and the California Department of Justice.

239.    Legislative actors and supporting organizations are included to the extent permitted by law for notice history, non-legislative conduct, public communications, coordination, implementation, joint action, or facts showing the development and foreseeable application of AB 2624.

C. The First Amendment Protects Recording, Documentation, Publication, and Public Accountability

240. The First Amendment protects speech, publication, public criticism, petitioning, and the gathering of information about matters of public concern.

241. Speech about public affairs occupies the highest level of First Amendment protection. See Snyder v. Phelps, 562 U.S. 443 (2011).

242. Recording and documenting public matters are essential to speech because a person cannot meaningfully speak, publish, petition, or litigate without the ability to observe, preserve, and prove what occurred.

243. The Ninth Circuit has recognized a First Amendment interest in filming matters of public interest. See Fordyce v. City of Seattle, 55 F.3d 436 (9th Cir. 1995).

244. Other federal courts have recognized that recording public officials performing public duties in public spaces is protected First Amendment activity. See Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); ACLU v. Alvarez, 679 F.3d 583 (7th Cir. 2012); Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017).

245. AB 2624 violates this principle if it causes ordinary people to fear that lawful recording, documentation, screenshotting, evidence preservation, publication, or reporting may later be characterized as unlawful conduct.

246. The First Amendment does not allow the State to blur lawful documentation with unlawful harassment.

D. AB 2624 Is Overbroad If It Sweeps Protected Conduct Into Its Reach

247. A statute is unconstitutional if it prohibits or chills a substantial amount of protected speech in relation to its legitimate applications.

248.    The overbreadth doctrine protects the public from laws that sweep too far and silence protected expression. See Broadrick v. Oklahoma, 413 U.S. 601 (1973); United States v. Stevens, 559 U.S. 460 (2010).

249.    AB 2624 is overbroad to the extent it reaches lawful recording, public documentation, journalism, public criticism, immigrant advocacy, litigation evidence preservation, court-related publication, or public accountability activity.

250.    The State may punish true threats without chilling recording.

251.    The State may punish stalking without chilling journalism.

252.    The State may punish doxxing without chilling evidence preservation.

253.    The State may punish obstruction without chilling public accountability.

254.    The State may punish harassment without interfering with court access.

255.    If AB 2624 fails to draw those lines clearly, it burdens substantially more protected conduct than the Constitution allows.

E. AB 2624 Is Vague If Ordinary People Cannot Tell What Is Prohibited

256.    The Due Process Clause requires laws to give ordinary people fair notice of what conduct is prohibited and to provide standards that prevent arbitrary or discriminatory enforcement.

257.    A statute is void for vagueness if people must guess at its meaning or if enforcement depends on official discretion. See Grayned v. City of Rockford, 408 U.S. 104 (1972); Coates v. City of Cincinnati, 402 U.S. 611 (1971).

258.     Vagueness is especially dangerous when speech is involved because uncertain speakers often remain silent rather than risk punishment.

259.     AB 2624 is unconstitutional to the extent people cannot know whether lawful recording, screenshotting, publication, court-related documentation, immigrant advocacy, or evidence preservation will later be characterized as harassment, targeting, intimidation, misuse, or another prohibited act.

260.     A law that leaves protected speech in a fog invites selective enforcement.

F. AB 2624 Risks Prior Restraint and Chilling of Publication

261.     Laws that restrain publication or discourage dissemination of information about public matters are constitutionally suspect.

262.     Prior restraints on publication are presumptively unconstitutional. See Near v. Minnesota, 283 U.S. 697 (1931); New York Times Co. v. United States, 403 U.S. 713 (1971).

263.     AB 2624 risks operating as a practical prior restraint if it causes people to avoid publishing, sharing, submitting, or preserving lawful evidence because they fear liability.

264.     The chilling effect is not speculative where Plaintiff actively uses documentation, screenshots, communications, platform records, public notices, recordings, and preserved digital evidence in litigation and public accountability activity.

G. AB 2624 Threatens the Right to Petition and Access to Courts

265.    The First Amendment protects the right to petition the government for redress of grievances.

266.    The Fourteenth Amendment protects meaningful access to the courts.

267.    Plaintiff's court access depends on his ability to collect, preserve, explain, publish, and submit evidence.

268.    Evidence preservation is not separate from litigation. It is the bloodstream of litigation.

269.    If AB 2624 chills Plaintiff's ability to document, preserve, or present evidence, then it burdens his right to petition and his access to the courts.

270.    This harm is especially serious for self-represented litigants, disabled litigants, immigrants, workers, tenants, witnesses, and ordinary citizens who lack institutional power and must rely on records, screenshots, recordings, and preserved communications to prove their claims.

H. AB 2624 May Harm Immigrant Communities Instead of Protecting Them

271.    Plaintiff alleges that AB 2624 may harm immigrant communities if it discourages lawful documentation of abuse, exploitation, discrimination, retaliation, official misconduct, labor violations, housing violations, platform misconduct, or civil rights violations.

272.    Vulnerable people often need recordings, screenshots, messages, timestamps, public documentation, and preserved evidence to prove what happened.

273.    A law that makes vulnerable people afraid to document misconduct does not protect them. It protects the misconduct.

Page 51

274.    California may protect immigrants and vulnerable communities through narrow laws targeting true threats, stalking, doxxing, obstruction, intimidation, and harassment.

275.    California may not protect them by creating a vague legal cloud over lawful recording and evidence preservation.

I. The Absence of Safe Harbors Makes the Constitutional Problem Worse

276.    AB 2624 is constitutionally defective to the extent it lacks clear safe harbors for lawful documentation, public-interest recording, journalism, court filings, litigation evidence, public records, immigrant advocacy, good-faith reporting, and public accountability activity.

277.    A lawful-documentation safe harbor would reduce the chilling effect by making clear that people may record, preserve, publish, and submit evidence when they have a lawful right to do so.

278.    Plaintiff alleges that no binding clarification, enforcement limitation, narrowing amendment, public guidance, or safe harbor has been provided that cures the constitutional problems identified in Plaintiff's notice.

J. Injunctive Relief Is Necessary

279.    Preliminary and permanent injunctive relief are appropriate where a plaintiff is likely to succeed on the merits, faces irreparable harm, the balance of equities favors relief, and an injunction serves the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).

Page 52

280.    In the Ninth Circuit, serious questions going to the merits may support preliminary relief where the balance of hardships tips sharply in the plaintiff's favor and the remaining factors are satisfied. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011).

281.    The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. See Elrod v. Burns, 427 U.S. 347 (1976).

282.    Plaintiff is likely to succeed because AB 2624 threatens protected speech, recording, documentation, evidence preservation, litigation activity, public accountability, petition rights, due process, and equal protection.

283.    Plaintiff faces irreparable harm because chilled speech, chilled evidence preservation, and impaired court access cannot be fully repaired later.

284.    The balance of equities favors Plaintiff because the State has no legitimate interest in enforcing an unconstitutional law.

285.    The public interest favors an injunction because the public benefits when constitutional rights, public accountability, immigrant witnesses, evidence preservation, lawful recording, and access to courts are protected.

K. Core Thesis

286.    AB 2624 must either be declared unconstitutional, narrowed, or enjoined to the extent it burdens protected activity.

287.    The State may go after real abuse. It may not burn down lawful documentation to do it.

Page 53

288.    The Constitution does not permit California to protect people by making the truth harder to record, harder to preserve, harder to publish, harder to submit, and harder to prove.

289.    Plaintiff therefore seeks declaratory and injunctive relief preserving the right to record, document, publish, preserve, submit, and use lawful evidence in public accountability, immigrant advocacy, litigation, and matters of public concern.

L. Required Limiting Construction and Safe Harbor

290.    If the Court does not facially invalidate AB 2624, Plaintiff alternatively requests that the Court impose or declare a limiting construction that preserves constitutionally protected activity.

291.    At minimum, AB 2624 must not be interpreted or enforced to prohibit, chill, penalize, or burden lawful recording, lawful documentation, public-interest publication, evidence preservation, court filings, litigation-related communications, public records activity, journalism, immigrant advocacy, disability-rights advocacy, or good-faith reporting.

292.    A constitutional safe harbor is necessary because without one, ordinary people may reasonably fear that protected activity could later be characterized as harassment, targeting, intimidation, misuse, or unlawful conduct.

293.    Any constitutional construction of AB 2624 must clearly preserve the right to record, screenshot, document, preserve, submit, and publish lawful evidence concerning matters of public concern.

294. Any constitutional construction must also preserve the right of litigants, including self-represented litigants and disabled litigants, to gather, preserve, and present evidence in court.

295. Any constitutional construction must preserve the ability of immigrants, workers, tenants, witnesses, advocates, journalists, and members of the public to document misconduct, abuse, discrimination, exploitation, retaliation, official misconduct, platform misconduct, or civil rights violations.

296. Plaintiff does not ask the Court to protect threats, stalking, doxxing, unlawful surveillance, extortion, obstruction, trespass, intimidation, or true harassment.

297. Plaintiff asks the Court to draw the constitutional line clearly: unlawful conduct may be punished, but lawful documentation must remain protected.

298. Without a clear limiting construction or safe harbor, AB 2624 risks becoming a legal fog machine. People will not know whether they are preserving evidence or creating liability. That uncertainty is the constitutional injury.

299. Plaintiff therefore requests facial relief, as-applied relief, or, in the alternative, a binding narrowing construction sufficient to protect lawful recording, documentation, publication, evidence preservation, litigation activity, public accountability, immigrant advocacy, and court access.

# VI. MEMORANDUM OF POINTS AND AUTHORITIES

VIII. MEMORANDUM OF POINTS AND AUTHORITIES

300.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

301.    This Memorandum of Points and Authorities is included to identify the controlling constitutional principles supporting Plaintiff's request for declaratory and injunctive relief.

302.    Plaintiff alleges that AB 2624 is unconstitutional on its face and/or as applied to Plaintiff to the extent it burdens, chills, penalizes, restricts, or threatens lawful recording, documentation, publication, evidence preservation, public accountability, immigrant advocacy, litigation activity, or access to the courts.

303.    The State may regulate unprotected conduct such as true threats, stalking, doxxing, unlawful surveillance, obstruction, trespass, extortion, and harassment.

304.    But the State may not draft or enforce a statute so broadly or vaguely that constitutionally protected activity becomes legally dangerous.

A. Plaintiff May Bring a Pre-Enforcement Constitutional Challenge

305.    Plaintiff is not required to wait until AB 2624 is enforced against him before seeking relief.

306.    A plaintiff may bring a pre-enforcement challenge when he intends to engage in arguably protected conduct, the challenged law arguably reaches that conduct, and there is a credible threat of enforcement or adverse legal use.

307.    In Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014), the Supreme Court recognized pre-enforcement standing where the challenged law arguably proscribed the plaintiff's intended speech and there was a credible threat of enforcement.

308.    In Babbitt v. United Farm Workers National Union, 442 U.S. 289 (1979), the Supreme Court held that a plaintiff need not expose himself to actual prosecution before challenging a statute that arguably affects protected conduct.

309.    In Virginia v. American Booksellers Ass'n, 484 U.S. 383 (1988), the Supreme Court allowed a pre-enforcement challenge where booksellers faced a credible threat and would have to take costly compliance measures or risk punishment.

310.    Plaintiff intends to continue recording, screenshotting, documenting, preserving, publishing, submitting, and using evidence regarding matters of public concern and litigation.

311.    AB 2624 arguably threatens that conduct if it is interpreted or enforced broadly.

312.    Plaintiff therefore has standing to seek pre-enforcement declaratory and injunctive relief.

B. Ex parte Young Permits Prospective Relief Against State Officials

313.    Plaintiff seeks prospective declaratory and injunctive relief to prevent unconstitutional enforcement or application of AB 2624.

Page 57

314.    Under Ex parte Young, 209 U.S. 123 (1908), a plaintiff may sue state officials in their official capacities to prevent ongoing or threatened violations of federal law.

315.    Plaintiff's primary injunctive relief is directed at officials and entities with enforcement, interpretation, implementation, guidance, defense, or coordination authority, including the California Attorney General and the California Department of Justice.

316.    Plaintiff does not seek damages against legislators for core legislative acts.

317.    Plaintiff names legislative actors, caucuses, organizations, and Doe Defendants only to the extent permitted by law, including for notice history, non-legislative conduct, coordination, implementation, threatened application, public communications, or joint action.

C. The First Amendment Protects Recording, Documentation, Publication, and Public Accountability

318.    The First Amendment protects speech, publication, public criticism, petitioning, and the gathering of information necessary to speak meaningfully on matters of public concern.

319.    Speech involving public officials, public policy, civil rights, immigration, courts, technology platforms, law enforcement, and public accountability lies at the core of the First Amendment.

320.    In Snyder v. Phelps, 562 U.S. 443 (2011), the Supreme Court emphasized that speech on matters of public concern occupies the highest rung of First Amendment protection.

321.     Recording and documentation are not separate from speech. They are often the first step in speech.

322.     The Ninth Circuit recognized a First Amendment interest in filming matters of public interest in Fordyce v. City of Seattle, 55 F.3d 436 (9th Cir. 1995).

323.     Other federal appellate courts have recognized First Amendment protection for recording public officials performing public duties in public places. See Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); ACLU v. Alvarez, 679 F.3d 583 (7th Cir. 2012); Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017).

324.     Plaintiff alleges that AB 2624 burdens protected First Amendment activity if it chills lawful recording, screenshotting, evidence preservation, publication, public reporting, court-related documentation, immigrant advocacy, or public accountability.

325.     The State may not merge lawful documentation with unlawful harassment.

326.     If AB 2624 does not clearly protect lawful documentation, it creates a constitutional defect.

D. AB 2624 Is Overbroad If It Sweeps Protected Conduct Into Its Reach

327.     The overbreadth doctrine allows a court to invalidate a law that prohibits or chills a substantial amount of protected speech in relation to its legitimate sweep.

328.     In Broadrick v. Oklahoma, 413 U.S. 601 (1973), the Supreme Court recognized the overbreadth doctrine in First Amendment cases.

329.    In United States v. Stevens, 559 U.S. 460 (2010), the Supreme Court invalidated a statute because it swept too broadly into protected expression.

330.    AB 2624 is overbroad if it reaches lawful documentation, public-interest recording, litigation evidence, journalism, public criticism, immigrant advocacy, screenshots, court filings, good-faith reporting, or publication of matters of public concern.

331.    The State may target true threats, stalking, doxxing, obstruction, harassment, trespass, unlawful surveillance, and intimidation without burdening lawful documentation.

332.    If AB 2624 burdens both unlawful conduct and protected evidence preservation, it sweeps too far.

333.    The Court should either invalidate the unconstitutional provisions, enjoin unconstitutional applications, or impose a narrowing construction that clearly protects lawful recording and documentation.

E. AB 2624 Is Void for Vagueness If Ordinary People Must Guess at Its Meaning

334.    The Due Process Clause requires laws to give ordinary people fair notice of what conduct is prohibited.

335.    A law is void for vagueness if it fails to provide clear standards or invites arbitrary and discriminatory enforcement.

336.    In Grayned v. City of Rockford, 408 U.S. 104 (1972), the Supreme Court explained that vague laws offend due process because people must be able to know what is prohibited and because vague laws permit arbitrary enforcement.

337.    In Coates v. City of Cincinnati, 402 U.S. 611 (1971), the Supreme Court invalidated an ordinance that allowed enforcement based on vague and subjective standards.

338.    Vagueness is especially dangerous where speech is involved because people may choose silence rather than risk punishment.

339.    AB 2624 is vague if persons of ordinary intelligence cannot determine whether recording, screenshotting, publishing, documenting, evidence preservation, litigation communications, public criticism, or immigrant advocacy are protected or prohibited.

340.    Plaintiff alleges that AB 2624 leaves too much room for officials, private entities, platforms, organizations, and litigation opponents to characterize protected documentation as harassment, targeting, intimidation, misuse, or unlawful conduct.

341.    That uncertainty chills speech and invites selective enforcement.

F. AB 2624 Risks an Unconstitutional Chilling Effect and Prior Restraint

342.    A law need not be frequently enforced to chill speech.

343.    A statute chills speech when people reasonably avoid protected activity because they fear liability, prosecution, investigation, retaliation, platform consequences, litigation consequences, or government action.

344.    Prior restraints and restrictions on publication are among the most serious First Amendment violations.

345.    In Near v. Minnesota, 283 U.S. 697 (1931), the Supreme Court held that prior restraints on publication are presumptively unconstitutional.

346.    In New York Times Co. v. United States, 403 U.S. 713 (1971), the Supreme Court reaffirmed the heavy presumption against restraints on publication.

347.    AB 2624 risks functioning as a practical restraint if it discourages Plaintiff and others from publishing, submitting, preserving, or using lawful evidence.

348.    The chilling effect is real where Plaintiff's litigation and public accountability activity depends on screenshots, platform records, public notices, communications, AI records, recordings, and preserved documentation.

349.    The Court should not require Plaintiff to wait until the law is used as a sword against him before providing relief.

G. AB 2624 Threatens Petition Rights and Access to Courts

350.    The First Amendment protects the right to petition the government for redress of grievances.

351.    The Fourteenth Amendment protects meaningful access to the courts.

352.    Plaintiff's access to courts depends on his ability to gather, preserve, organize, submit, and discuss evidence.

353.    Evidence is the machinery of litigation. Without evidence, court access becomes decorative instead of real.

354.    AB 2624 burdens court access if it chills Plaintiff's ability to preserve and use screenshots, recordings, communications, public notices, platform records, AI records, or other documentation in pending or anticipated litigation.

355.    Plaintiff's litigation involving Meta, Google, OpenAI, Amazon, public officials, and other entities makes this injury concrete.

356.    The Court should enjoin any application of AB 2624 that interferes with lawful evidence preservation, litigation communications, court filings, public notices, or petition activity.

H. AB 2624 May Harm Immigrant Communities Instead of Protecting Them

357.    Plaintiff alleges that AB 2624 may be promoted as protecting immigrant communities, but its overbroad or vague operation may harm those communities.

358.    Immigrants, workers, tenants, witnesses, family members, advocates, and community organizations often need recordings, screenshots, text messages, emails, timestamps, and public documentation to prove abuse, discrimination, exploitation, threats, wage theft, housing violations, retaliation, or official misconduct.

359.    If AB 2624 makes vulnerable people afraid to document misconduct, it becomes a shield for wrongdoing.

360.    The State may protect immigrants through narrow tools aimed at true threats, stalking, doxxing, harassment, extortion, obstruction, and intimidation.

361.    The State may not protect immigrants by creating uncertainty over whether lawful documentation is legal.

362.    A law that silences witnesses does not protect justice. It buries it.

I. Narrow Tailoring and Safe Harbors Are Constitutionally Required

363.    Speech restrictions must be narrowly tailored.

364.    Where a law burdens protected speech, the State must use precision.

365.    AB 2624 is unconstitutional unless it clearly excludes lawful documentation, public-interest recording, journalism, evidence preservation, court filings, litigation-related communications, public records activity, immigrant advocacy, disability-rights advocacy, and good-faith reporting.

366.    Plaintiff requests that the Court impose or declare a limiting construction if the Court does not facially invalidate the challenged provisions.

367.    At minimum, AB 2624 must not be enforced against lawful recording, screenshotting, documentation, publication, evidence preservation, or use of evidence in court.

368.    The Court should require a clear constitutional safe harbor preserving lawful documentation and evidence preservation.

J. Injunctive Relief Is Proper

369.    A preliminary injunction is appropriate where a plaintiff shows likelihood of success on the merits, irreparable harm, balance of equities, and public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).

370.    In the Ninth Circuit, a plaintiff may also obtain preliminary relief under the serious-questions sliding-scale test where serious questions going to the merits are raised, the balance of hardships tips sharply toward the

plaintiff, and the remaining factors are satisfied. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011).

371.    The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. See Elrod v. Burns, 427 U.S. 347 (1976).

372.    Plaintiff is likely to succeed because AB 2624 threatens protected speech, recording, documentation, evidence preservation, petitioning, due process, equal protection, and court access.

373.    Plaintiff faces irreparable harm because chilled speech, chilled documentation, chilled evidence preservation, and impaired access to courts cannot be fully repaired by money damages.

374.    The balance of equities favors Plaintiff because the State has no legitimate interest in enforcing an unconstitutional law.

375.    The public interest favors relief because the public benefits from constitutional clarity, lawful recording, evidence preservation, immigrant witness protection, public accountability, and court access.

376.    Plaintiff therefore respectfully requests declaratory relief, a temporary restraining order if necessary, preliminary injunction, permanent injunction, and any additional relief necessary to prevent AB 2624 from being enforced or interpreted in an unconstitutional manner.

K. Application to Plaintiff's Active Litigation and Evidence Preservation

377.    This case is not an abstract policy disagreement.

378.    Plaintiff is actively engaged in litigation and public accountability efforts where documentation, screenshots, platform records, public statements,

Page 65

AI records, emails, recordings, timestamps, and preserved communications are necessary evidence.

379.    Plaintiff's pending and related matters include, but are not limited to, disputes involving Meta, Google, OpenAI, Amazon, public officials, technology platforms, and government actors.

380.    Plaintiff alleges that AB 2624 threatens those matters because opposing parties, platforms, officials, private organizations, or politically connected actors may invoke the bill to characterize lawful documentation as harassment, targeting, misuse, intimidation, or unlawful conduct.

381.    Plaintiff has a concrete need to continue preserving evidence, communicating with public officials, filing court documents, documenting public matters, and publishing lawful information relevant to litigation and public accountability.

382.    A vague or overbroad statute creates immediate harm when it forces Plaintiff to choose between preserving evidence and risking accusation under AB 2624.

383.    Plaintiff should not have to litigate with one hand tied behind his back because a state statute places a legal cloud over ordinary evidence preservation.

384.    Plaintiff's injury is especially serious because he proceeds in propria persona. Self-represented litigants do not have institutional legal departments, discovery teams, investigators, or corporate compliance offices. They often rely on screenshots, recordings, emails, public records, and preserved communications to prove what happened.

385.    Plaintiff also alleges disability-related hardship because any statute that increases uncertainty, compliance burden, or fear around evidence preservation has a disproportionate impact on disabled litigants and self-represented parties who already face access barriers.

386.    If AB 2624 chills Plaintiff's evidence preservation, it chills his speech, his petition rights, and his access to courts at the same time.

387.    Plaintiff therefore seeks relief not because he wants immunity from harassment laws, but because he needs constitutional protection for lawful documentation, litigation evidence, public accountability, and court access.

L. No Adequate Remedy at Law

388.    Plaintiff has no adequate remedy at law.

389.    Money damages cannot adequately repair chilled speech, chilled evidence preservation, lost documentation, impaired court access, or self-censorship caused by an unconstitutional statute.

390.    Once a person fails to record, preserve, submit, or publish evidence because of fear created by a vague or overbroad law, the lost record may never be recreated.

391.    Constitutional harm in this context is immediate because the injury is the chilling effect itself.

392.    Declaratory and injunctive relief are therefore necessary to prevent ongoing and future harm.

Page 67

L. No Adequate Remedy at Law

388.    Plaintiff has no adequate remedy at law.

389.    Money damages cannot adequately repair chilled speech, chilled evidence preservation, lost documentation, impaired court access, or self-censorship caused by an unconstitutional statute.

390.    Once a person fails to record, preserve, submit, or publish evidence because of fear created by a vague or overbroad law, the lost record may never be recreated.

391.    Constitutional harm in this context is immediate because the injury is the chilling effect itself.

392.    Declaratory and injunctive relief are therefore necessary to prevent ongoing and future harm.

IX. CONSTITUTIONAL CONSIDERATIONS

393.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

394.    This case raises constitutional concerns that go beyond Plaintiff alone.

395.    AB 2624 implicates the First Amendment, the Due Process Clause, the Equal Protection Clause, the Petition Clause, access to the courts, and parallel protections under the California Constitution.

396.    The Constitution does not protect only polished speech, institutional speech, corporate speech, or speech approved by public officials. It protects

ordinary people who record, document, preserve, criticize, publish, petition, and prove what happened.

397.     A free society depends on the ability of ordinary people to create records of public events.

398.     Recordings, screenshots, timestamps, emails, platform logs, messages, public notices, and preserved communications often become the difference between truth and denial.

399.     If a law makes those tools legally dangerous, it does not merely regulate behavior. It changes the balance of power between the public and institutions.

A. First Amendment Considerations

400.     The First Amendment protects speech, publication, recording, documentation, public criticism, and the gathering of information necessary to speak meaningfully on matters of public concern.

401.     AB 2624 raises First Amendment concerns if it chills lawful recording, screenshotting, documentation, publication, evidence preservation, public reporting, immigrant advocacy, litigation activity, or public accountability.

402.     Speech involving public officials, public policy, courts, civil rights, immigration, technology platforms, law enforcement, and public accountability is entitled to strong constitutional protection.

403.     A law cannot constitutionally blur the line between protected documentation and unlawful harassment.

404.    The State may punish threats, stalking, doxxing, intimidation, obstruction, trespass, and true harassment. But the State may not burden lawful evidence gathering and public accountability as collateral damage.

405.    If citizens fear that recording misconduct may later be called "targeting," "harassment," "misuse," or "intimidation," many will choose silence.

406.    That silence is the constitutional injury.

B. Due Process and Vagueness Considerations

407.    Due process requires clarity.

408.    People must be able to know what the law forbids before they act.

409.    A vague law invites arbitrary enforcement because officials, platforms, private complainants, and opposing parties can stretch unclear language to fit disfavored conduct.

410.    AB 2624 raises due process concerns if ordinary people cannot determine whether recording, screenshotting, publishing, preserving evidence, filing court exhibits, sending notices, or documenting abuse remains lawful.

411.    Constitutional rights cannot survive inside a fog machine.

412.    If the line between lawful documentation and unlawful conduct is unclear, the law will chill lawful activity even before any formal enforcement begins.

C. Equal Protection and Selective Enforcement Considerations

413. AB 2624 raises equal protection concerns because vague or overbroad laws are vulnerable to selective enforcement.

414. A law that gives broad discretion to officials or complainants may be used against disfavored speakers while favored speakers are ignored.

415. Plaintiff alleges that this risk is especially serious where the affected speech concerns public officials, technology platforms, immigration, civil rights, public litigation, disability-related court access, or criticism of powerful entities.

416. Selective enforcement is not only a theoretical danger. It is the predictable result when a law lacks clear limits.

417. The Constitution does not permit speech rights to depend on political popularity, institutional comfort, platform influence, or the identity of the person being criticized.

D. Petition Clause and Court Access Considerations

418. Plaintiff's right to petition includes the right to seek relief from courts, agencies, public officials, and government bodies.

419. Court access is meaningful only if a litigant can preserve and present evidence.

420. Plaintiff alleges that AB 2624 threatens court access if it chills lawful documentation, screenshots, recordings, emails, public notices, platform records, AI records, or other evidence relevant to litigation.

421. For self-represented litigants, evidence preservation is often the only practical way to compete against institutional defendants.

Page 71

422. For disabled litigants, added legal uncertainty can create additional barriers to access.

423. A law that chills evidence preservation does not merely affect speech. It affects justice.

E. Immigrant-Community and Vulnerable-Witness Considerations

424. Plaintiff alleges that AB 2624 may harm immigrant communities and vulnerable witnesses if it discourages them from documenting abuse, discrimination, retaliation, threats, wage violations, housing violations, exploitation, official misconduct, or civil rights violations.

425. Immigrants, workers, tenants, witnesses, family members, advocates, and community members often rely on recordings, screenshots, messages, and timestamps to prove what occurred.

426. If those people fear that documenting misconduct could expose them to legal consequences, they may remain silent.

427. That result would protect wrongdoers, not vulnerable communities.

428. California can protect immigrants through narrow laws targeting true threats, stalking, doxxing, harassment, obstruction, extortion, intimidation, and unlawful invasions of privacy.

429. California cannot protect immigrants by making lawful evidence preservation uncertain.

F. Public Accountability Considerations

430. Public accountability depends on independent records.

431.    Without recordings, screenshots, public documentation, and preserved communications, disputes become contests of power instead of contests of proof.

432.    Public officials, corporations, platforms, and institutions often control records, access, policies, and narratives.

433.    Ordinary people often have only their camera, their phone, their screenshots, their emails, and their timestamps.

434.    A law that chills those tools shifts power away from the public and toward institutions.

435.    The Constitution exists to prevent that kind of imbalance from becoming law.

G. Narrow Tailoring Considerations

436.    Narrow tailoring is not a technicality. It is the constitutional line between legitimate protection and unconstitutional overreach.

437.    If AB 2624 is intended to stop harassment, threats, doxxing, stalking, intimidation, or obstruction, it must target those harms directly.

438.    It must not sweep in protected recording, documentation, publication, court filings, public notices, journalism, immigrant advocacy, public accountability, or good-faith evidence preservation.

439.    The existence of less restrictive alternatives matters.

440.    The State can punish actual abuse without chilling lawful documentation.

441.    The State can protect vulnerable people without disarming them of proof.

442.    The State can regulate harmful conduct without turning evidence into a legal risk.

## H. California Constitutional Considerations

443.    The California Constitution independently protects speech, petition rights, due process, equal protection, and public participation.

444.    Article I, section 2 protects free speech.

445.    Article I, section 3 protects petitioning, public access, and participation in government.

446.    Article I, section 7 protects due process and equal protection.

447.    Plaintiff alleges that AB 2624 violates these protections to the extent it burdens lawful documentation, public accountability, evidence preservation, immigrant advocacy, litigation activity, or court access.

## I. Core Constitutional Principle

448.    The central constitutional principle is this: the State may punish unlawful conduct, but it may not make lawful truth-gathering dangerous.

449.    A statute that makes people afraid to record, preserve, publish, submit, or use lawful evidence strikes at the heart of speech, petitioning, due process, and public accountability.

450.    The Court should therefore declare AB 2624 unconstitutional on its face and/or as applied, or impose a binding limiting construction and injunction that preserves lawful recording, documentation, evidence preservation,

publication, immigrant advocacy, public accountability, litigation activity, and access to the courts.

X. REQUEST FOR PRELIMINARY INJUNCTION, EXPEDITED REVIEW, AND PRESERVATION OF RIGHTS

451.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

452.    Plaintiff requests expedited judicial review because AB 2624 concerns ongoing and threatened injury to First Amendment rights, evidence preservation, litigation activity, immigrant-community documentation, public accountability, and access to the courts.

453.    Plaintiff seeks a temporary restraining order, preliminary injunction, and permanent injunction to the extent AB 2624 is enacted, implemented, enforced, threatened, cited, invoked, or used in a manner that burdens constitutionally protected activity.

454.    Plaintiff satisfies the standard for preliminary injunctive relief because he is likely to succeed on the merits, faces irreparable harm, the balance of equities favors relief, and an injunction serves the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).

455.    Plaintiff also satisfies the Ninth Circuit's serious-questions standard because this case raises serious constitutional questions, the balance of hardships tips sharply in Plaintiff's favor, irreparable harm is present, and relief serves the public interest. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011).

456.    Plaintiff faces irreparable injury because the loss or chilling of First Amendment freedoms, even briefly, constitutes irreparable harm. See Elrod v. Burns, 427 U.S. 347 (1976).

457.    Plaintiff further faces irreparable injury because lost evidence, chilled recordings, unpreserved screenshots, avoided publication, impaired public notices, and abandoned documentation may never be recreated.

458.    Once a witness fails to record misconduct, once an immigrant worker fears preserving evidence, once a disabled litigant avoids saving proof, or once a self-represented litigant stops documenting relevant facts, the constitutional injury has already occurred.

459.    Plaintiff asks the Court to preserve the status quo and prevent AB 2624 from being used as a legal cloud over protected documentation, litigation activity, and public accountability.

460.    Plaintiff further requests that the Court issue declaratory relief clarifying that AB 2624 may not be interpreted or enforced to prohibit lawful recording, screenshotting, evidence preservation, publication, public-interest reporting, court filings, litigation-related communications, public notices, immigrant advocacy, disability-rights advocacy, journalism, or good-faith documentation.

461.    Plaintiff requests that any injunction include a clear safe harbor for lawful documentation and evidence preservation.

462.    Plaintiff requests that the Court preserve Plaintiff's right to seek additional emergency relief if AB 2624 is enforced, threatened, cited,

invoked, or weaponized against him in litigation, platform disputes, public accountability activity, or communications with public officials.

463.    Plaintiff also preserves all federal and state constitutional claims, all facial and as-applied challenges, all arguments for narrowing construction, all arguments for severability or non-severability, and all rights to amend this Complaint if additional enforcement guidance, bill amendments, communications, legislative history, or newly discovered facts reveal additional constitutional injury.

464.    Plaintiff does not seek to prevent California from punishing true threats, stalking, doxxing, extortion, obstruction, trespass, unlawful surveillance, intimidation, or true harassment.

465.    Plaintiff seeks only to prevent California from sweeping protected documentation into the same net as unlawful conduct.

466.    Plaintiff therefore requests immediate and continuing judicial protection before the threatened constitutional harm becomes irreversible.

# CONCLUSION

XI. CONCLUSION

467.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

468.   This case is not about opposing the protection of immigrants, vulnerable communities, victims of harassment, or members of the public who face threats, stalking, doxxing, intimidation, exploitation, or abuse.

469.   Plaintiff supports lawful, narrow, constitutional protection for people who face real harm.

470.   This case is about the method chosen.

471.   The Constitution does not allow California to protect people by drafting, passing, implementing, or enforcing a statute that chills lawful recording, documentation, publication, evidence preservation, public accountability, immigrant advocacy, litigation activity, or access to the courts.

472.   The State may punish true threats.

473.   The State may punish stalking.

474.   The State may punish doxxing.

475.   The State may punish extortion.

476.   The State may punish obstruction.

477.   The State may punish trespass.

478.   The State may punish unlawful surveillance.

479.   The State may punish intimidation.

480.   The State may punish true harassment.

481.   But the State may not place lawful documentation under a legal cloud.

482.    The State may not make ordinary people afraid to record what they are legally allowed to observe.

483.    The State may not make witnesses afraid to preserve proof.

484.    The State may not make immigrants afraid to document abuse.

485.    The State may not make disabled litigants afraid to save evidence.

486.    The State may not make self-represented litigants afraid to preserve screenshots, emails, messages, platform records, public notices, AI records, timestamps, recordings, or other materials necessary to access the courts.

487.    The State may not make public accountability legally dangerous.

488.    Plaintiff alleges that AB 2624, as written, framed, supported, interpreted, or threatened for enforcement, risks doing exactly that.

489.    Plaintiff's challenge is not speculative political disagreement.

490.    Plaintiff is actively engaged in litigation, public accountability work, evidence preservation, constitutional advocacy, and disputes involving technology platforms, public officials, government actors, and institutional defendants.

491.    Plaintiff's litigation and advocacy rely on documentation.

492.    Documentation is how Plaintiff preserves proof.

493.    Documentation is how Plaintiff communicates with courts.

494.    Documentation is how Plaintiff protects his rights.

495.    Documentation is how Plaintiff petitions the government.

496.    Documentation is how Plaintiff challenges public and private misconduct.

497.    Documentation is how Plaintiff creates a record when more powerful entities control the official narrative.

498.    Without the ability to document, preserve, publish, and submit evidence, court access becomes hollow.

499.    Without evidence, a right becomes a slogan.

500.    Without records, accountability becomes a guessing game.

501.    Without screenshots, recordings, communications, timestamps, and preserved materials, powerful institutions can deny, delete, reframe, or bury what happened.

502.    That is why the chilling effect matters.

503.    A law does not need to be enforced every day to violate constitutional rights.

504.    A law can chill speech by existing.

505.    A law can silence witnesses by creating fear.

506.    A law can harm immigrants by making proof feel dangerous.

507.    A law can injure litigants by making evidence preservation legally uncertain.

508.    A law can burden public accountability by making ordinary people ask whether the camera, screenshot, email, or public record they need to preserve may later be used against them.

509.    That uncertainty is not a minor inconvenience.

510.    It is the injury.

511.    Plaintiff alleges that AB 2624 is especially dangerous because it may be invoked not only by government officials, but also by private actors, technology platforms, advocacy organizations, politically connected entities, litigation opponents, or public figures seeking to suppress criticism, evidence, documentation, or public accountability.

512.    A vague or overbroad statute does not remain safely inside the Legislature's stated intent.

513.    Once enacted, it can travel.

514.    It can be cited in demand letters.

515.    It can be invoked in platform complaints.

516.    It can be used in litigation.

517.    It can be used to threaten witnesses.

518.    It can be used to chill public posts.

519.    It can be used to attack evidence.

520.    It can be used to reframe lawful documentation as unlawful targeting.

521.    It can be used as a sword by the very actors who should be subject to public scrutiny.

522.    Plaintiff alleges that this risk is foreseeable, concrete, and constitutionally significant.

523.    Good intentions do not save unconstitutional statutes.

524.    Protective language does not erase overbreadth.

525.    Sympathy for a bill's purpose does not cure vagueness.

526.    Political support does not override the First Amendment.

527.    Legislative motive does not eliminate chilling effect.

528.    A law must be judged by what it does, what it reaches, what it threatens, and how ordinary people will reasonably react to it.

529.    Plaintiff alleges that ordinary people may reasonably react to AB 2624 by recording less, preserving less, reporting less, publishing less, and speaking less.

530.    That is not protection.

531.    That is silence.

532.    Plaintiff further alleges that immigrant communities may be harmed, not helped, if AB 2624 discourages immigrants, workers, tenants, witnesses, family members, advocates, and community members from recording or preserving evidence of abuse, discrimination, retaliation, wage theft, housing violations, exploitation, threats, official misconduct, or civil rights violations.

533.    A law that makes vulnerable people afraid to document misconduct protects the misconduct.

534.    A law that makes witnesses afraid to preserve evidence protects the wrongdoer.

535.    A law that makes court evidence risky protects institutional power.

536.    A law that makes the truth harder to prove is not a shield.

537.    It is a muzzle.

538.    Plaintiff does not ask this Court to protect unlawful conduct.

539.    Plaintiff does not ask this Court to protect threats.

540.    Plaintiff does not ask this Court to protect stalking.

541.    Plaintiff does not ask this Court to protect doxxing.

542.    Plaintiff does not ask this Court to protect harassment.

543.    Plaintiff does not ask this Court to protect obstruction.

544.    Plaintiff does not ask this Court to protect intimidation.

545.    Plaintiff asks this Court to protect lawful documentation.

546.    Plaintiff asks this Court to protect lawful recording.

547.    Plaintiff asks this Court to protect evidence preservation.

548.    Plaintiff asks this Court to protect public accountability.

549.    Plaintiff asks this Court to protect court access.

550.    Plaintiff asks this Court to protect immigrant witnesses and vulnerable people who need proof more than they need political slogans.

551.    Plaintiff asks this Court to preserve the constitutional line between unlawful conduct and lawful truth-gathering.

552.    That line matters.

553.    It is the line between protection and censorship.

554.    It is the line between safety and silence.

555.    It is the line between justice and narrative control.

556.    It is the line between a statute that punishes wrongdoing and a statute that makes evidence dangerous.

557.    California can draft a better law.

558.    California can protect immigrants without chilling immigrant witnesses.

559.    California can protect victims without silencing documentation.

560.    California can punish threats without restricting recording.

561.    California can punish stalking without restricting journalism.

562.    California can punish doxxing without restricting court evidence.

563.    California can punish obstruction without restricting public accountability.

564.    California can punish harassment without chilling lawful litigation activity.

565.    California can protect the vulnerable without disarming them of proof.

566.    Plaintiff therefore respectfully requests that this Court declare AB 2624 unconstitutional on its face and/or as applied to the extent it burdens protected speech, lawful documentation, evidence preservation, publication,

immigrant advocacy, litigation activity, public accountability, petition rights, due process, equal protection, or access to the courts.

567.   In the alternative, Plaintiff requests that the Court impose or declare a binding limiting construction and safe harbor sufficient to ensure that AB 2624 cannot be interpreted or enforced against lawful recording, screenshotting, documentation, evidence preservation, court filings, public notices, journalism, public-interest reporting, immigrant advocacy, disability-rights advocacy, good-faith reporting, or litigation-related activity.

568.   Plaintiff further requests injunctive protection because delayed relief would not cure the harm.

569.   Once speech is chilled, the moment is lost.

570.   Once evidence is not preserved, the record may be gone forever.

571.   Once a witness stays silent, the truth may disappear.

572.   Once a litigant avoids saving proof, court access is damaged.

573.   Once the public is afraid to document misconduct, accountability weakens.

574.   Constitutional rights require protection before the damage becomes irreversible.

575.   Plaintiff therefore brings this action to preserve the right of ordinary people to document what they lawfully observe, preserve what they lawfully possess, publish what they lawfully may say, submit evidence to courts and agencies, petition government, assist public accountability, and protect

vulnerable communities without fear that lawful documentation will be transformed into unlawful conduct.

576.    The Constitution does not require the public to close its eyes.

577.    The Constitution does not require immigrants to suffer without proof.

578.    The Constitution does not require litigants to walk into court empty-handed.

579.    The Constitution does not require citizens to surrender their cameras, screenshots, timestamps, messages, or records to avoid legal uncertainty.

580.    The Constitution requires clarity.

581.    The Constitution requires narrow tailoring.

582.    The Constitution requires due process.

583.    The Constitution requires protection for speech, petitioning, public accountability, and court access.

584.    For these reasons, Plaintiff respectfully requests that the Court grant declaratory and injunctive relief and prevent AB 2624 from being enforced, interpreted, implemented, invoked, cited, or used in any manner that burdens constitutionally protected activity.

# XIV.  PRAYER FOR RELIEF

XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chad Michael Creel respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

1. Declare that AB 2624 is unconstitutional on its face and/or as applied to Plaintiff to the extent it burdens, chills, penalizes, restricts, threatens, or interferes with protected speech, lawful recording, lawful documentation, publication, evidence preservation, public accountability activity, immigrant advocacy, litigation activity, petition rights, due process, equal protection, or access to the courts;

2. Declare that AB 2624 violates the First Amendment to the United States Constitution to the extent it restricts or chills lawful recording, screenshotting, documentation, publication, public-interest reporting, journalism, public criticism, evidence preservation, or dissemination of matters of public concern;

3. Declare that AB 2624 is facially overbroad to the extent it sweeps protected speech, lawful documentation, public accountability, court-related evidence preservation, immigrant advocacy, journalism, or public-interest reporting into the same category as unlawful threats, stalking, doxxing, harassment, intimidation, obstruction, or unlawful surveillance;

4. Declare that AB 2624 is void for vagueness under the Fourteenth Amendment to the extent ordinary people cannot clearly determine whether recording, documenting, screenshotting, preserving evidence, publishing information, sending public notices, filing court exhibits, or participating in litigation-related speech is protected or prohibited;

5. Declare that AB 2624 violates Plaintiff's right to petition and right of access to the courts to the extent it chills, restricts, burdens, penalizes,

**Page 87**

or interferes with Plaintiff's ability to gather, preserve, organize, submit, publish, or use lawful evidence in active, related, or anticipated litigation;

6. Declare that AB 2624 violates equal protection and due process principles to the extent it permits arbitrary, discriminatory, retaliatory, viewpoint-based, politically motivated, or selectively punitive enforcement against disfavored speakers, litigants, immigrants, advocates, journalists, disabled persons, self-represented litigants, or critics of powerful entities;

7. Declare that AB 2624 violates the California Constitution, including Article I, sections 2, 3, and 7, to the extent it burdens free speech, petition rights, public accountability, lawful documentation, evidence preservation, due process, equal protection, immigrant advocacy, litigation activity, or access to courts;

8. Issue a temporary restraining order, if necessary, prohibiting Defendants and all persons acting in concert with them from enforcing, implementing, threatening, invoking, citing, applying, or using AB 2624 in any manner that burdens constitutionally protected conduct;

9. Issue a preliminary injunction prohibiting Defendants and all persons acting in concert with them from enforcing, implementing, threatening, invoking, citing, applying, or using AB 2624 against lawful recording, screenshotting, documentation, publication, evidence preservation, public-interest reporting, court filings, litigation-related communications, public notices, immigrant advocacy, disability-rights advocacy, journalism, public accountability activity, or good-faith reporting;

10. Issue a permanent injunction prohibiting Defendants and all persons acting in concert with them from enforcing, implementing, threatening, invoking, citing,

applying, or using AB 2624 in any manner that violates the First Amendment, the Fourteenth Amendment, the Petition Clause, the Due Process Clause, the Equal Protection Clause, the California Constitution, or Plaintiff's right of access to the courts;

11. In the alternative to facial invalidation, impose or declare a binding limiting construction requiring that AB 2624 not be interpreted or enforced against lawful recording, lawful documentation, public-interest publication, evidence preservation, court filings, litigation-related communications, journalism, public records activity, immigrant advocacy, disability-rights advocacy, good-faith reporting, or public accountability activity;

12. Declare that AB 2624 may not be used to convert lawful evidence preservation into unlawful harassment, targeting, intimidation, misuse, or prohibited conduct;

13. Declare that AB 2624 may not be used to interfere with Plaintiff's active or related litigation, including litigation and disputes involving Meta, Google, OpenAI, Amazon, public officials, technology platforms, government actors, or other entities;

14. Declare that AB 2624 may not be used by Defendants, enforcement officials, or persons acting in concert with them to chill Plaintiff's ability to preserve screenshots, platform records, emails, communications, AI records, public notices, recordings, timestamps, or other evidence relevant to litigation or public accountability;

15. Declare that AB 2624 may not be used to discourage immigrants, workers, tenants, witnesses, advocates, journalists, disabled persons, self-represented litigants, or members of the public from lawfully documenting abuse,

discrimination, exploitation, retaliation, threats, official misconduct, platform misconduct, housing violations, labor violations, civil rights violations, or matters of public concern;

16. Declare that any enforcement or implementation of AB 2624 must include a clear constitutional safe harbor for lawful recording, lawful documentation, public-interest publication, court evidence, good-faith reporting, immigrant advocacy, public accountability, and access-to-courts activity;

17. Order Defendants to refrain from issuing, relying upon, or promoting any enforcement interpretation, guidance, communication, policy, practice, or public statement that would chill lawful documentation, protected speech, evidence preservation, public accountability, immigrant advocacy, litigation activity, or access to courts;

18. Order Defendants to preserve all records, communications, drafts, guidance, enforcement materials, policy communications, public statements, notices, emails, meeting notes, lobbying materials, and documents related to AB 2624, its drafting, support, interpretation, implementation, enforcement, and constitutional objections raised by Plaintiff;

19. Permit Plaintiff to seek expedited proceedings, emergency relief, or supplemental injunctive relief if AB 2624 is enacted, implemented, enforced, threatened, invoked, cited, weaponized, or used against Plaintiff or similarly situated persons;

20. Waive any bond requirement under Federal Rule of Civil Procedure 65(c), or set bond at a nominal amount, because this case involves constitutional rights, public-interest relief, indigency/fee-waiver considerations, and prevention of First Amendment injury;

21. Award Plaintiff nominal damages in the amount of one dollar if the Court determines that nominal damages are legally available against any proper non-immune Defendant, individual-capacity Defendant, private actor acting under color of state law, or Doe Defendant later identified through amendment;

22. Award Plaintiff compensatory damages, consequential damages, statutory damages, restitution, or other monetary relief to the extent legally available against any proper non-immune Defendant, individual-capacity Defendant, private actor acting under color of state law, or Doe Defendant later identified through amendment;

23. Award Plaintiff compensation for non-attorney professional losses, technical labor, research labor, inventor-related work, prompt-engineering work, document-engineering work, evidence-processing work, administrative burden, and litigation-support expenses to the extent such amounts are recoverable as damages, costs, restitution, equitable relief, or other lawful non-attorney compensation;

24. Award Plaintiff reimbursement for filing costs, service costs, printing costs, copying costs, mailing costs, exhibit preparation, evidence preservation, technology costs, document preparation costs, and other taxable or recoverable litigation expenses permitted by law;

25. Award Plaintiff any lawful costs available under 42 U.S.C. § 1988, 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and any other applicable authority, while recognizing that Plaintiff does not request improper attorney's fees for self-representation;

26. Order that any monetary award, settlement proceeds, cost reimbursement, damages, restitution, or other funds payable to Plaintiff be directed, to the

extent permitted by law and subject to proper payment instructions, into Plaintiff's Special Needs Trust or otherwise made payable in a manner that does not jeopardize Plaintiff's protected benefits, eligibility, or trust structure;

27. Permit Plaintiff to provide trust payment instructions, trustee information, or supplemental documentation under seal or by separate notice if monetary relief, settlement proceeds, cost reimbursement, or other funds become payable;

28. Grant Plaintiff leave to amend this Complaint if the Court identifies any pleading defect, jurisdictional issue, standing issue, ripeness issue, mootness issue, party-capacity issue, immunity issue, venue issue, factual deficiency, legal deficiency, or defect in the naming of Defendants;

29. Grant leave to amend before dismissal with prejudice unless amendment would be clearly futile, consistent with Federal Rule of Civil Procedure 15(a)(2) and the strong policy favoring decisions on the merits;

30. Permit Plaintiff to amend to add proper enforcement officials, individual-capacity defendants, private actors acting under color of state law, Doe Defendants, additional claims, additional facts, amended bill language, enforcement guidance, legislative history, agency communications, implementation materials, damages allegations, or newly discovered evidence;

31. Preserve Plaintiff's right to file a First Amended Complaint, supplemental complaint, motion for preliminary injunction, motion for temporary restraining order, motion for clarification, motion for judicial notice, or other appropriate filing if AB 2624 is amended, enacted, implemented, enforced,

threatened, invoked, cited, or used against Plaintiff or similarly situated persons;

32. Retain jurisdiction to enforce any declaratory judgment, injunction, limiting construction, safe harbor, preservation order, payment order, amendment order, or other relief issued by this Court;

33. Grant such other and further relief as the Court deems just, proper, equitable, and necessary to protect constitutional rights, lawful documentation, evidence preservation, immigrant witnesses, public accountability, litigation activity, petition rights, due process, equal protection, access to the courts, and Plaintiff's protected financial/trust structure.

## DECLARATION UNDER PENALTY OF PERJURY

I, **Chad Creel**, declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing statements, representations, and attached exhibits are true and correct to the best of my knowledge, information, and belief.

I make this declaration based on personal experience, documented evidence, and direct observation unless otherwise stated. Every statement contained herein is made in good faith, without intent to mislead, obstruct, or harass any party. I understand that knowingly making a false statement under oath is punishable by law under **28 U.S.C. § 1746, 18 U.S.C. § 1621**, and related provisions.

This filing and all accompanying documents are submitted for lawful purposes only — to uphold my constitutional rights, assist the court in reaching truth and justice,

and ensure that all matters are decided on the merits rather than technicalities or unequal access.

I further declare that I have reviewed and verified the information contained within

## THE LEGAL RIPPER SIGNATURE AND STIPULATION BLOCK

Executed this on date below



*Chad Creel*

THE LEGAL RIPPER

| Date |
| --- |

**Chad Creel**
**Plaintiff, Pro Per**
**AGREED (IF APPLICABLE):**
**Attorney for Defendant** _____
**Defendent** _____
Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578

facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1

## CONSENT TO ELECTRONIC SERVICE AND COMMUNICATION

I, Chad Michael Creel (The Legal Ripper), hereby consent to service of documents in this action by electronic mail and/or facsimile at the contact information listed above, to the extent permitted by applicable law and court order. This consent is intended to facilitate efficient communication, conserve resources, and reduce unnecessary costs for all parties and the Court. This notice may be treated as Plaintiff's written consent to electronic service where authorized.

Plaintiff further requests that all meet-and-confer communications be conducted via email whenever practicable, in order to maintain clear written records, ensure accountability, and promote efficient resolution of issues without unnecessary delay.

For clarity, Plaintiff may reference his "Omni Trident protocol," a framework developed by Plaintiff to coordinate communication and service efforts while maintaining organized email and evidence logs. This approach is intended to streamline communication, preserve records, and support transparency throughout the litigation process.

Plaintiff may also utilize a related outreach method to contact appropriate civil divisions or authorized process servers across relevant jurisdictions to identify the proper channel for service and to coordinate logistics. In practice, this includes pursuing formal service through the sheriff or other authorized process server when required (including use of a fee waiver where applicable), while also

providing parallel courtesy notice by email to facilitate prompt communication and maintain a clear evidentiary record.

Plaintiff acknowledges that civil divisions or sheriff's offices may require submission of paper copies, mailing of documents, or compliance with specific procedures or forms, and Plaintiff agrees to comply with such requirements in good faith. Plaintiff further notes that, as a self-represented litigant with limited financial resources, there may be practical constraints affecting timing or method; however, Plaintiff makes continuous good-faith efforts to comply with all applicable requirements.

This terminology is descriptive only and does not alter, replace, or waive any statutory requirements governing service of process. All formal service will be completed in accordance with applicable law, or as otherwise agreed in writing by the parties or ordered by the Court.

This notice is provided to promote clarity, efficiency, and good faith cooperation between the parties and to assist in the orderly progression of this matter.





Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: **634 115 5432**
Zoom Host Key: **222675**
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 COLLECTION-Immunity[42 U.S.C. § 407]

# United States District Court Eastern District of California
# SUPERIOR STATE COURT OF GLENN COUNTY CALIFORNIA

| | |
|---|---|
| **Plaintiff**<br><br>**Chad Creel**<br><br>**(The Legal Ripper)** | CASE NO.: |
| **VS** | |
| **Defendant** | ☒ PROOF OF SERVICE |
| | ☒ DECLARATION OF DUE DILIGENCE BY_____ |

Page 97

# ¤ PROOF OF SERVICE

# ¤ DECLARATION OF DUE DILIGENCE

*(To be completed by the person who performed service. Attach this page to any filing or cover sheet as proof that delivery was completed in accordance with law.)*

## ▶ SERVICE DETAILS

Case Title: _____

Court Name: _____

Case Number: _____

Documents Served: _____

_____

Method of Service: ☐ Personal ☐ Mail ☐ Email ☐ Certified ☐ Other: _____

Date of Service: _____ Time: _____

Location / Address Served: _____

_____

Additional Information (gate codes, instructions, etc.):

_____

_____

**⬤  LAW ENFORCEMENT SERVICE (Sheriff / Marshal / Civil Division)**

★ *(Insert Gold Sheriff Star Badge Graphic Here)*

Name: _____

Agency / Division: _____

Badge No.: _____

Signature: _____

Date Signed: _____

---

**◯  REGISTERED PROCESS SERVER**

◑

Name: _____

Business Name / Reg. No.: _____

City / County: _____

Signature: _____

Date Signed: _____

◍

**PRIVATE DECLARANT (Non-party Over 18)**

Name: _____

Title (e.g. Friend of Plaintiff / Clerk / Neighbor): _____

Address or City: _____

Signature: _____

Date Signed: _____

SERVICE STATUS

☐ Successfully Served

☐ Attempted Service

☐ Other: _____

If you want a slightly more detailed version (recommended for court use):

SERVICE STATUS

☐ Successfully Served - Service completed in accordance with applicable rules

☐ Attempted Service - Service attempted but not completed

☐ Other (describe): _____

**DECLARATION UNDER PENALTY OF PERJURY**

Page 100

by signing I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____ (City and State).

Signature of Declarant: _____

## ADDITIONAL INFORMATION (IF APPLICABLE)

The person completing this Proof of Service may use the space

below to provide any additional relevant details regarding service.

Chad Creel(Pro Per)
The Legal Ripper

6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: **634 115 5432**
Zoom Host Key: **222675**
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)

— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205

20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132

28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-Immunity**[[42 U.S.C. § 407]

# United States District Court Eastern District of California
# SUPERIOR STATE COURT OF GLENN COUNTY CALIFORNIA

CASE NO.:

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

**VS**

**Defendant**

ROB BONTA, in his official capacity as

Attorney General of California;

CALIFORNIA DEPARTMENT OF JUSTICE;

and DOES 1 through 25, inclusive,

UNIVERSAL DISCOVERY VERIFICATION

& JUDGE INSTRUCTION BLOCK/Judicial

ORDERS

RECOMENDED to the court put page 1 of

**Additional** information on court orders

Page 102

# UNIVERSAL DISCOVERY VERIFICATION & JUDGE INSTRUCTION BLOCK

*(For Court Acknowledgment — Do Not Sign This Section)*

## DISCOVERY REVIEW AND SUMMARY (For Judicial Use)

The Court acknowledges receipt of the attached discovery materials, including any requests, responses, objections, verifications, or related motions. This section serves as a standardized record for judicial acknowledgment, clerk processing, and docket compliance under both state and federal discovery procedures.

**Discovery Category (check all that apply):**

☐ Interrogatories ☐ Requests for Production ☐ Admissions ☐ Depositions ☐ Subpoenas ☐ FOIA / CPRA ☐ Other _____

**Discovery Issue Summary (if applicable):**

☐ Motion to Compel / Further Responses ☐ Protective Order ☐ Sanctions Request ☐ Discovery Enforcement / Compliance Review ☐ Other _____

**Court Findings:**

☐ Discovery verified and accepted as complete.

☐ Discovery incomplete — additional production required by: //20____.

☐ Discovery disputes remain pending; continued to: //20____.

☐ Sanctions imposed under CCP §2023.010 or FRCP 37 in the amount of: $_____.

☐ Matter resolved / no further action required.

☐ Other findings (specify): _____

Page 103

**Instructions for Judicial Officer / Clerk:**

Please review all attached discovery documentation and any related exhibits or proofs of service.

If appropriate, indicate rulings above and provide any supplemental comments below.

Attach additional sheets if needed for extended findings or remarks.

**Judicial / Clerk Notes:**

**Judicial Officer or Clerk (to complete):**

Printed Name: _____

Title / Department: _____

Signature: _____

Date: _____

## ⚖ JUDICIAL ENDORSEMENT SECTION

**For Court Use Only**

☐ **Reviewed and Filed** – The Court acknowledges receipt and accepts this correspondence as part of the official case record.

Page 104

☐ **Reviewed, No Action Required** - The Court acknowledges receipt; no further order is necessary at this time.

☐ **Order Attached / Signed Below** - The Court issues an order pursuant to the accompanying documents.

☐ **Returned for Correction / Clarification** - The Court requires additional information before filing.

**Comments / Directives (if any):**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date: _____    Dept.: _____

# COURT ORDER AND SIGNATURE

# <u>It Is Ordered</u>



**Signature** **Print Name**





Chad Creel(Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: **634 115 5432**
Zoom Host Key: **222675**
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-immunity**[42 U.S.C. § 407]

# United States District Court Eastern District of California
# SUPERIOR STATE COURT OF GLENN COUNTY CALIFORNIA

CASE NO.:

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

**VS**

**Defendant**

ROB BONTA, in his official capacity as Attorney General of California; CALIFORNIA DEPARTMENT OF JUSTICE; and DOES 1 through 25, inclusive,

Complaint

**UNIVERSAL DISCOVERY VERIFICATION & JUDGE INSTRUCTION BLOCK/Judicial ORDERS**

**PROOF OF SERVICE**

Page 107

Use this shorter version with the **return/service address section** added.

# COURT USE / RETURN PACKET NOTICE

## Judicial Minute Order / Order Return Information

This page is provided only for the Court's convenience.

Plaintiff respectfully requests that if the Court signs, denies, modifies, files, rejects, or returns the attached motion or proposed order, the Court include a copy of the signed order, minute order, rejection notice, endorsed-filed copy, or other court notice with the returned packet.

The motion or request attached to this packet is:

**Title of Motion / Request:**

**Case Number:**

**Department / Judge:**

**Date Submitted:**

## Court Action / Status

For Court use only, if helpful:

☐ Filed / accepted

☐ Signed / granted

☐ Denied

☐ Granted in part / denied in part

☐ Returned for correction

☐ Rejected / not filed

☐ Minute order attached

☐ Other: _____

# Return / Service Copy Information

If the Court returns, signs, files, or issues a minute order regarding this packet, Plaintiff respectfully requests that copies be sent or made available to:

**Plaintiff / Moving Party:**

Name: _____

Address / Email: _____

**Defendant / Responding Party:**

Name: _____

Address / Email: _____

**Defendant's Attorney / Counsel of Record:**

Name: _____

Page 109

Law Firm / Agency: _____

Address / Email: _____

**Additional Party / Agency, If Any:**

Name: _____

Address / Email: _____

# Court Notes, If Any

**Court / Clerk / Judicial Officer:** _____

Date: _____

**CHAD CREEL**
THE LEGAL RIPPER

**CHAD CREEL**
THE LEGAL RIPPER

# TABLE OF CONTENTS

TABLE OF CONTENTS

PRELIMINARY NOTICES AND DISCLOSURES

1. Cover Page / Case Caption ..................................................
Page 1

2. Notice of Prefiling Review Requirement ............................... Page 2

3. Disclaimer Regarding Vexatious Litigant Designation
and Leash Protocol History ........................................... Page
3

4. Case History and Context ...............................................
Page 4

5. Purpose of Vexatious Litigant Disclaimer ............................. Page 5

6. Notice Regarding Use of Vexatious Litigant Designation ....... Page 6

7. Public Notice and Disclaimer ...........................................
Page 7

8. Notice Regarding Continued Vexatious Litigant Review
as Quality Control ...................................................
Page 7

9. Notice Regarding Potential Scope of Filings and Page Limits ... Page 8

10. Artificial Intelligence Assistance and Accommodation

Disclosure

.............................................................. Page 9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

11. I. Introduction ..........................................................

Page 11

12. II. Jurisdiction and Venue ............................................

Page 16

13. III. Parties

.............................................................. Page 17

14. IV. Procedural Background and Notice History .................... Page 21

15. Legal Authority Supporting Pre-Enforcement Review ............ Page 25

16. Additional Legal Authority and Limitations ...................... Page 27

17. V. Statement of Facts ..............................................

Page 29

18. VI. Summary of Claims / Causes of Action ........................ Page 35

A. First Cause of Action - First Amendment: Protected Speech, Recording, Documentation, Publication, and Newsgathering ..... Page 36

B. Second Cause of Action - Facial Overbreadth .................... Page 37

C. Third Cause of Action - Void for Vagueness ..................... Page 39

D. Fourth Cause of Action - Prior Restraint / Chilling Effect on Publication and Public Accountability .......................... Page 40

E. Fifth Cause of Action - Right to Petition and Access to Courts .................................................................. Page 40

F. Sixth Cause of Action - Equal Protection / Selective Enforcement Risk ............................................................. Page 41

G. Seventh Cause of Action - California Constitution: Free Speech, Petition, Due Process, and Equal Protection ....... Page 42

H. Eighth Cause of Action - Declaratory Relief ...................... Page 43

I. Ninth Cause of Action - Preliminary and Permanent Injunctive Relief ................................................................. Page 44

19. VII. Legal Thesis ................................................................. Page 45

A. Pre-Enforcement Review Is Proper ............................... Page 46

B. Ex parte Young Allows Prospective Relief Against Enforcement Officials ....................................................... Page 47

C. The First Amendment Protects Recording, Documentation, Publication, and Public Accountability ........................... Page 47

Page 113

D. AB 2624 Is Overbroad If It Sweeps Protected Conduct Into Its Reach ................................................ Page 48

E. AB 2624 Is Vague If Ordinary People Cannot Tell What Is Prohibited ................................................ Page 49

F. AB 2624 Risks Prior Restraint and Chilling of Publication .... Page 50

G. AB 2624 Threatens the Right to Petition and Access to Courts ................................................ Page 50

H. AB 2624 May Harm Immigrant Communities Instead of Protecting Them ................................................ Page 51

I. The Absence of Safe Harbors Makes the Constitutional Problem Worse ................................................ Page 52

J. Injunctive Relief Is Necessary ................................................ Page 52

K. Core Thesis ................................................ Page 53

L. Required Limiting Construction and Safe Harbor ................. Page 54

20.VIII. Memorandum of Points and Authorities ..................... Page 56

A. Plaintiff May Bring a Pre-Enforcement Constitutional

Challenge ........................................................

Page 56

B. Ex parte Young Permits Prospective Relief Against

State Officials ..................................................

Page 57

C. The First Amendment Protects Recording, Documentation,

Publication, and Public Accountability .......................... Page 58

D. AB 2624 Is Overbroad If It Sweeps Protected Conduct

Into Its Reach ...................................................

Page 59

E. AB 2624 Is Void for Vagueness If Ordinary People

Must Guess at Its Meaning ....................................... Page 60

F. AB 2624 Risks an Unconstitutional Chilling Effect

and Prior Restraint .............................................

Page 61

G. AB 2624 Threatens Petition Rights and Access to Courts ...... Page 62

H. AB 2624 May Harm Immigrant Communities Instead

of Protecting Them .............................................. Page

63

I. Narrow Tailoring and Safe Harbors Are Constitutionally

Required ........................................................

Page 63

J. Injunctive Relief Is Proper ............................................... Page 64

K. Application to Plaintiff's Active Litigation and Evidence Preservation ............................................................... Page 65

L. No Adequate Remedy at Law ..................................... Page 67

21. IX. Constitutional Considerations ........................... Page 68

A. First Amendment Considerations ............................... Page 69

B. Due Process and Vagueness Considerations ..................... Page 70

C. Equal Protection and Selective Enforcement Considerations ... Page 70

D. Petition Clause and Court Access Considerations .............. Page 71

E. Immigrant-Community and Vulnerable-Witness Considerations ............................................................. Page 72

F. Public Accountability Considerations ........................... Page 72

G. Narrow Tailoring Considerations ............................... Page 73

H. California Constitutional Considerations ........................ Page 74

I. Core Constitutional Principle ........................................ Page 74

22.X. Request for Preliminary Injunction, Expedited Review,

and Preservation of Rights ...........................................

Page 75

23.XI. Conclusion .......................................................

Page 77

24.XII. Prayer for Relief ...............................................

Page 86

DECLARATIONS, SIGNATURES, AND SERVICE MATERIALS

25.Declaration Under Penalty of Perjury ................................ Page 93

26.The Legal Ripper Signature and Stipulation Block ............... Page 94

27.Consent to Electronic Service and Communication ............... Page 95

28.Proof of Service Cover Page ........................................ Page 97

29.Declaration of Due Diligence / Service Details ................... Page 98

30.Law Enforcement Service Section ................................. Page 99

31.Service Status and Declaration Under Penalty of Perjury ....... Page 100

DISCOVERY AND COURT BLOCKS

32.Universal Discovery Verification Cover ........................... Page 102

33.Universal Discovery Verification and Judge Instruction Block ... Page 103

34. Judicial Findings / Review Section ................................... Page 104

35. Court Order and Signature Page ...................................... Page 105

36. Additional Universal Discovery Verification Materials .......... Page 107

37. Court Use / Return Packet Notice ..................................... Page 108

38. Existing Table of Contents / Placeholder Section ................. Page 111



**PRO TIP – EASY TABLE OF CONTENTS**

When you're done writing everything:

Give this to AI and say:
**"Make a table of contents with page numbers."**

✔ AI will scan it
✔ AI will build it for you
✔ Just copy and paste it in



Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1
EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.Gov. Code § 68632(a)(4)20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 COLLECTION-Immunity[42 U.S.C. § 407]

# United States District Court Eastern District of California

|  |  |
|---|---|
| **Plaintiff**<br><br>**Chad Creel**<br><br>**(The Legal Ripper)** | **CASE NO.:** |
| **VS** | Decration Of Chad M<br><br>Creel The Legal Ripper |
| **Defendant** | |
| ROB BONTA, in his official<br><br>capacity as Attorney General of<br><br>California;<br><br>CALIFORNIA DEPARTMENT OF JUSTICE;<br><br>and DOES 1 through 25, inclusive, | **Judge :**<br><br>**DEPARTMENT/Room**<br><br>**HEARING DATE:**<br><br>**TIME:** |

Page 1

## NOTICE OF PREFILING REVIEW REQUIREMENT

Plaintiff Chad Michael Creel submits this filing pursuant to the Court's prefiling review order entered under Code of Civil Procedure section 391.7.

Plaintiff acknowledges that the Court has previously designated Plaintiff as a vexatious litigant and that, as a result, new filings in propria persona are subject to review by the presiding judge or designated judicial officer before being filed. This document is therefore submitted for prefiling review in accordance with that order. Plaintiff respectfully requests that the Court permit the filing of this document because it presents substantive legal issues concerning the application of Code of Civil Procedure section 391 and related matters presently before the Court. Plaintiff further submits that the issues raised in this document involve legitimate legal questions concerning statutory interpretation, procedural fairness, and access to the courts, and therefore fall within the type of filings that should be allowed to proceed under the prefiling review process.

Accordingly, Plaintiff respectfully requests that the Court grant permission for this document to be filed and considered.

**Vexatious Litigant Disclosure:** As of March 13, 2026, in *Creel v. California State Bar, et al. (Roy Kim)*, Plaintiff was designated a vexatious litigant.For Overusing My (**Leash protocol**)(Voluntary dismissal without prejudice) To the extent a prefiling order under CCP § 391.7 applies, this filing is submitted in good faith and Plaintiff seeks or will obtain leave of Court as required, including through the appropriate vexatious litigant prefiling forms, such as **Judicial Council Forms VL-100, VL-105, and VL-110,** as applicable.

# DISCLAIMER REGARDING VEXATIOUS LITIGANT DESIGNATION AND LEASH PROTOCOL HISTORY

## Notice That the Label Should Not Be Misused as Character Evidence or Merits Evidence

This notice is included for transparency and to prevent improper use of my litigation history.

I understand that I have been designated a vexatious litigant. I understand why the label was applied. I am not hiding from it, pretending it does not exist, or asking anyone to ignore the procedural reality of the designation where it lawfully applies.

However, I object to any party using that label as a shortcut to attack my character, intelligence, disability, credibility, legal arguments, evidence, filings, or right to be heard.

The vexatious litigant label is procedural. It is not proof that every filing I submit is frivolous. It is not proof that my current claims lack merit. It is not proof that opposing parties are correct. It is not a license for any party to avoid the substance of my arguments.

The main conduct used against me involved what I call the **Leash Protocol**: voluntary dismissal, reset, narrowing, and refiling when I realized a case was premature, procedurally flawed, too broad, emotionally overloaded, or not ready.

That history should be understood correctly.

Page 3

The Leash Protocol was not designed to harass defendants, multiply proceedings, or abuse the courts. It was my self-correction tool. When I realized a case was not ready, I pulled it back instead of dragging the Court and opposing parties through a broken record.

# I. Case History and Context

## 1. Creel v. Sacramento — 2022 Matter

**Creel v. Sacramento** was one of my earlier cases and failed for multiple reasons, including lack of legal structure, lack of procedural experience, and poor organization compared to the way I draft now. Years later, after reflection, I returned with my own dismissal **with prejudice** and a notice explaining why I deserved to lose that version of the case. That was not harassment; it was accountability and proof that I can admit when a case was not ready or should not continue.

## 2. Creel v. NSA / CIA / ATF / DOJ

**Creel v. NSA, CIA, ATF, and DOJ** involved serious allegations concerning unlawful sabotage, surveillance, and federal-agency misconduct. It was one of my first major Leash Protocol tests, and AI-assisted review helped me identify patterns I believed were important, but the case was too broad, too complex too Dangerous, and not ready in that form. I pulled it back because the record needed better organization, narrower claims, stronger evidence structure, and clearer jurisdictional framing before it could be responsibly litigated. It was meant to deescalate any potential Confrontation with agency with a series of history of overreaching and obsessive force that's unlawful

## 3. Creel v. Newsom

Page 4

**Creel v. Newsom** was a constitutional firearm-rights and civil-rights case involving California's gun-control and CCW framework. I was told to amend, but I realized I was overwhelmed with other litigation and not ready to properly carry a statewide constitutional fight at that time. I chose dismissal so I could return later, if necessary, after my related Glenn County state and federal CCW cases developed and clarified the issues.

## 4. Creel v. Singh

**Creel v. Singh** shows that my litigation history is not simply hostile or abusive. That matter settled for **$10,000,** and I developed a respectful working relationship with the attorney involved in the case. That settlement shows my litigation pattern includes resolution, cooperation, and practical closure when the other side is willing to deal in good faith.

## 5. Creel v. Glenn County Sheriff

**Creel v. Glenn County Sheriff** involves serious constitutional, CCW, firearm-rights, due process, disability-accommodation, retaliation, and selective-enforcement issues. Any attempted dismissal or reset was tied to correcting mistakes, exploring settlement, cleaning the record, and preserving stronger constitutional issues in both state and federal court. The point was not to harass Glenn County or its officials; the point was to avoid unnecessary procedural damage and create a cleaner path toward resolution or a proper ruling.

# II.  Purpose of This Disclaimer

This is the history. This is the context. I am putting it directly into the record so nobody can pretend the label tells the whole story.

Going forward, I object to the vexatious litigant designation being used as a weapon to avoid the merits.

If a filing has a defect, identify the defect.

If a legal argument is wrong, respond to the argument.

If a factual statement is disputed, identify the evidence.

If a procedure applies, cite the rule.

But do not simply point at the label and act like that ends the discussion.

The Court should decide each filing based on its actual content, legal basis, evidence, procedural posture, and requested relief — not based on a distorted shorthand label that turns self-correction into misconduct.

# III. Conclusion

This disclaimer is included in my universal template for one reason:

I know the label exists.

I know why it was applied.

I have explained the history.

Now address the merits.

## NOTICE REGARDING USE OF VEXATIOUS LITIGANT DESIGNATION

Plaintiff acknowledges the Court's vexatious litigant designation and submits this filing in compliance with the prefiling order.

However, such designation is procedural only and does not constitute evidence regarding the merits of Plaintiff's claims. (See Bravo v. Ismaj (2002) 99 Cal.App.4th 211, 221.)

To the extent any party attempts to use Plaintiff's vexatious litigant status as irrelevant character evidence or to improperly discredit Plaintiff, Plaintiff will seek appropriate relief, including sanctions under Code of Civil Procedure section 128.7

## PUBLIC NOTICE AND DISCLAIMER

Plaintiff's vexatious litigant designation is procedural only and does not constitute evidence of liability, credibility, or the merits of any claims. (See Bravo v. Ismaj (2002) 99 Cal.App.4th 211.)

Any attempt to characterize Plaintiff's status or disability as proof of wrongdoing or lack of merit is misleading and legally irrelevant to the issues before the Court.

Selective use or misrepresentation of such information—whether in litigation or public discussion—may result in appropriate objections and requests for relief, including sanctions under Code of Civil Procedure §128.7.

This notice is provided to ensure that all review is based on the full and accurate record, not isolated or distorted representations

# PLAINTIFF'S NOTICE REGARDING CONTINUED VEXATIOUS LITIGANT REVIEW AS QUALITY CONTROL

Plaintiff further states that, at this stage, Plaintiff has found the vexatious litigant review process useful as a form of quality control, and Plaintiff does not presently intend to seek removal from that status. Plaintiff believes the Court itself is in the best position to determine, over time, when continued application of the vexatious litigant designation becomes more burdensome, inefficient, or problematic than allowing Plaintiff's filings to proceed without that filter. Plaintiff submits this position in good faith because the goal is not to evade review, but to ensure that filings are screened for quality while still being judged on their actual merits, not on the label alone.

**NOTICE REGARDING POTENTIAL SCOPE OF FILINGS AND PAGE LIMITS**

Plaintiff provides notice that certain filings may, where necessary, exceed typical page limits or include extended detail in order to fully address the arguments, evidence, and authorities presented by opposing parties.

Such filings are submitted in good faith to ensure completeness, avoid waiver, and provide the Court with a clear and fully developed record. This approach is consistent with Plaintiff's constitutional rights to petition the government for redress of grievances and to access the courts, as well as due process protections. (U.S. Const., Amends. I, V, XIV.)

Courts retain discretion to consider filings exceeding standard page limitations where necessary for a full and fair presentation of the issues. See, e.g., Mathews v. Eldridge (1976) 424 U.S. 319 (due process requires meaningful opportunity to be heard).

Additionally, in Creel v. State Bar of California (pending), Plaintiff was permitted to submit extended filings exceeding standard page expectations in order to respond to complex and multi-layered issues, including those raised by State Bar counsel. That matter demonstrates that rigid enforcement of page limits may be set aside where necessary to preserve fairness and allow full presentation of claims and defenses.

Accordingly, any extended filings by Plaintiff should be construed as a necessary and proportional response to the scope of the issues presented—not as improper or excessive conduct.

To the extent any rule, statute, or procedural limitation is applied in a manner that restricts Plaintiff's ability to fully present his claims or defenses, Plaintiff contends such application may raise constitutional concerns, including violations of the First Amendment and due process.

**Artificial Intelligence (AI) Assistance and Accommodation Disclosure:**

Plaintiff discloses that certain drafting, research, and organizational assistance in this filing was supported by artificial intelligence (AI) tools. These tools were used to assist with formatting, legal research, issue-spotting, and drafting efficiency.

Plaintiff utilized multiple AI systems in a comparative manner, including but not limited to: OpenAI (Vox-O), Gemini (Vox-G), Google Labs (Vox-GL), Claude (Vox-C), Meta LLaMA (Vox-ML), Microsoft Copilot (Vox-MC), Character AI (Vox-CAI), Snapchat AI (Vox-S), TikTok AI (Vox-T).Grok/Twiter/X (Vox-X)

These systems were used primarily to:

- Assist in drafting and structuring legal arguments

- Cross-check and compare outputs across systems

- Identify potential counterarguments and opposing positions

- Conduct pattern analysis and issue identification across legal theories and fact patterns

- Simulate analytical perspectives (including potential arguments from opposing counsel, public interpretation, and general judicial reasoning patterns)

- Conduct research and organize information on relevant legal topics

Plaintiff further discloses that the use of structured workflows and AI-supported systems also serves as a reasonable assistive accommodation for attention-related and anxiety-related conditions, which can impact organization, information

Page 9

processing, and sustained focus. These tools help reduce cognitive overload, improve clarity, and support effective participation in complex legal proceedings.

Plaintiff also utilizes multiple AI systems in a cross-verification process specifically to reduce the risk of inaccurate or fabricated outputs (commonly referred to as "AI hallucinations"), including incorrect case law, citations, or legal authority. Outputs are compared across systems and independently reviewed to ensure accuracy and reliability.

Where applicable, Plaintiff may include a "Declaration of Vox" or similarly titled section or attachment. Such material is intended solely as an organizational and analytical aid to present synthesized arguments, issue summaries, and comparative analysis derived from the above-described tools. It is not offered as independent evidence or expert testimony, but rather as a structured presentation of information to assist clarity and judicial review.

All outputs were independently reviewed, verified, and edited by Plaintiff. These tools are not relied upon as sources of law, fact, or expert opinion, and do not substitute for qualified expert testimony where required. Plaintiff remains solely responsible for the content, accuracy, and representations made in this filing.

This disclosure is provided in the interest of transparency, to support meaningful access to the Court, and to ensure clarity regarding the role of AI-assisted tools in preparation of this document. To the extent appropriate, Plaintiff respectfully requests consideration of reasonable accommodations to ensure fair and effective participation.

DECLARATION OF CHAD MICHAEL CREEL IN SUPPORT OF COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REQUEST FOR INJUNCTIVE PROTECTION

I, Chad Michael Creel, declare as follows:

1. I am the Plaintiff in this action. I make this declaration based on my own personal knowledge, my own litigation activity, my own communications, my own records, and my own observations. If called as a witness, I could and would testify truthfully to the matters stated herein.

2. I am a self-represented litigant, inventor, builder, researcher, AI-assisted legal drafter, prompt engineer, document engineer, and public accountability advocate.

3. I am not an attorney. I represent myself in propria persona.

4. I use lawful tools, including artificial intelligence, document drafting systems, legal research, public records, screenshots, recordings, communications, court filings, and preserved evidence to understand the law, prepare filings, preserve evidence, and participate in the legal system.

5. I am also an inventor and builder. I work on practical systems, devices, legal templates, operational infrastructure, and AI-assisted workflows designed to help ordinary people, disabled people, low-income people, workers, tenants, creators, and self-represented litigants understand and use the legal system more effectively.

6. My broader goal is deep systemic change through lawful means. I believe institutions should be forced to work for the people, not merely for insiders, corporations, attorneys, agencies, or politically connected groups.

7. I believe people should not need violence, riots, chaos, or street conflict to make institutions accountable. My method is paper, evidence, filings, procedure, records, public accountability, lawful pressure, and court access.

8. I use my fee-waiver status, my Special Needs Trust structure, my lived experience, my disability-related perspective, my AI-assisted drafting skills, and my ability to test systems as a way to stress-test whether the courts and public institutions are truly accessible to ordinary people.

9. I do not use those things to abuse the system. I use them because I realized I had a rare combination of tools, limitations, protections, and persistence that allowed me to test systems most people cannot afford to test.

10. I felt that if I did not use those tools, I would be complacent in a system that continues to crush people who do not have lawyers, money, insider access, or institutional power.

11. I have brought and participated in multiple legal matters involving public accountability, technology platforms, government actors, civil rights, evidence preservation, and access to courts.

12. My cases and related disputes include matters involving Meta, Google, OpenAI, Amazon, the California State Bar, local government actors, law enforcement agencies, public officials, and other entities.

13. I have also worked on matters connected to the State Capitol, legislation, public policy, and state-level constitutional concerns.

14. In my litigation involving Meta, I am facing or have faced some of the highest-level corporate defense pressure I have personally encountered,

Page 12

including involvement by Orrick, Herrington & Sutcliffe LLP, one of the major law firms used by large technology companies.

15. I view that Meta-related litigation as part of a larger conflict over platform accountability, evidence preservation, user rights, AI records, public transparency, and whether ordinary users can challenge powerful technology companies without being buried by corporate legal machinery.

16. I have also developed a litigation-management concept I refer to as the "Leash Protocol."

17. By "Leash Protocol," I mean a lawful litigation strategy where I use voluntary dismissal, narrowing, re-filing, notice, preservation of rights, and procedural reset mechanisms to avoid unnecessary fights, give opponents an off-ramp, preserve court resources, and focus the dispute on the real constitutional or systemic issue.

18. The Leash Protocol is not intended to harass anyone. It is intended to reduce unnecessary litigation when possible and preserve stronger litigation when necessary.

19. I am also working on AI-assisted legal and operational systems intended to make complex legal work more understandable to everyday people, co-workers, builders, creators, disabled persons, low-income persons, and self-represented litigants.

20. I view some of my litigation and public accountability work as a kind of civic laboratory. I test whether ordinary people can use modern tools, including AI, templates, court filings, fee waivers, public records, and evidence preservation, to make institutions respond.

21. I also want to use any lawful recovery, settlement, reimbursement, damages, or financial benefit from my work to build operational infrastructure, improve tools, support my lab, support public-interest systems, and continue developing resources for ordinary people.

22. Because of my Special Needs Trust and protected-benefits structure, any money payable to me should be handled in a way that does not jeopardize my trust, benefits, or protected financial structure.

23. My legal work is time-consuming. I already have multiple cases, deadlines, filings, exhibits, service issues, evidence issues, public records issues, and disputes involving powerful entities.

24. I did not want to be dragged into another fight over AB 2624.

25. I contacted the involved people and entities regarding AB 2624 because I believed the bill created serious constitutional problems that could affect my rights, my litigation, my evidence preservation, and the rights of other people.

26. I contacted them to warn them, not to harass them.

27. I contacted them because I wanted the constitutional problems fixed, narrowed, clarified, withdrawn, or addressed before litigation became necessary.

28. I did not want to deal with another lawsuit if it could be avoided.

29. I am already busy with ongoing litigation and other public accountability work.

30. I warned them that AB 2624 could burden lawful recording, lawful documentation, public accountability, evidence preservation, litigation

Page 14

activity, immigrant advocacy, disabled litigants, self-represented litigants, and access to the courts.

31. I warned them because I believed the bill could hurt not only me, but also immigrants, workers, tenants, witnesses, disabled persons, low-income persons, activists, journalists, and ordinary citizens who rely on recordings, screenshots, messages, public records, and preserved evidence to prove what happened.

32. I am concerned that AB 2624 may be promoted as protection while operating as a chilling device against lawful documentation.

33. A law that makes people afraid to record or preserve proof may protect wrongdoers more than victims.

34. I believe that if immigrants, workers, tenants, witnesses, disabled people, self-represented litigants, or ordinary citizens fear that recording or documenting misconduct could be labeled harassment, targeting, intimidation, misuse, or unlawful conduct, many of them will stop documenting misconduct.

35. That chilling effect would harm the public.

36. That chilling effect would harm the courts.

37. That chilling effect would harm people who need proof.

38. My concern is not abstract. I personally rely on screenshots, platform records, emails, public notices, AI records, recordings, timestamps, preserved communications, and digital documentation in my litigation.

39. My litigation involving Meta, Google, OpenAI, Amazon, public officials, and other actors depends on my ability to preserve and present evidence.

40. If AB 2624 can be invoked by officials, private parties, technology platforms, advocacy organizations, or litigation opponents to characterize lawful documentation as harassment or targeting, then it directly harms my ability to litigate.

41. Evidence preservation is not optional for me. It is how I prove what happened.

42. As a self-represented litigant, I do not have a corporate legal department, private investigators, large discovery teams, or a law firm handling everything for me.

43. I rely heavily on my own records, screenshots, emails, recordings, court documents, public documents, AI-assisted organization, and preserved digital evidence.

44. If a law chills my ability to preserve those materials, it chills my court access.

45. If a law chills my court access, it chills my right to petition.

46. If a law chills my right to petition, it damages my ability to hold powerful entities accountable.

47. I also believe AB 2624 may force me to step further into public attention when I would prefer to remain in the shadows and focus on my work, my cases, my tools, and my infrastructure.

48. I did not seek public attention from this fight.

49. I would prefer that the constitutional concerns be fixed without forcing a public legal battle.

50. However, if the bill threatens my rights, my cases, my evidence, and the rights of other vulnerable people, I believe I have a duty to challenge it.

51. I have described myself at times as a "one-man legislator" because I use lawsuits, proposed bills, AI-assisted drafting, public records, constitutional arguments, and policy proposals to push for reform from outside the formal political system.

52. I have also described my work as trying to destroy bad laws, not through violence, but through lawful constitutional challenge, public accountability, court filings, and better policy alternatives.

53. My goal is not chaos. My goal is accountability.

54. My goal is not harassment. My goal is clarity.

55. My goal is not intimidation. My goal is lawful reform.

56. My goal is not to attack immigrants or vulnerable communities. My goal is to make sure laws allegedly passed to protect them do not accidentally silence them.

57. My goal is to show that disabled people, low-income people, self-represented litigants, and ordinary citizens can use lawful tools, including AI, filing systems, fee waivers, public records, and evidence preservation, to make institutions answer.

58. I believe AB 2624 threatens that work if it is vague, overbroad, or lacking a clear safe harbor for lawful documentation.

59. I believe California can address true threats, stalking, doxxing, harassment, obstruction, unlawful surveillance, extortion, and intimidation without chilling lawful recording and evidence preservation.

60. I believe a constitutional safe harbor is necessary to protect lawful documentation, court evidence, journalism, immigrant advocacy, disability-rights advocacy, public accountability, and good-faith reporting.

61. I also believe that if there are any defects in my complaint, I should be given leave to amend because I am self-represented, the issues are complex, and additional information may become available through bill amendments, public records, legislative history, enforcement guidance, communications, or newly discovered facts.

62. I did not bring this matter lightly.

63. I brought this matter because I believe AB 2624 could interfere with my existing litigation, chill my evidence preservation, harm vulnerable communities, and create a dangerous precedent for lawful documentation.

64. I respectfully request that the Court consider this declaration in support of my complaint, my request for declaratory relief, my request for injunctive protection, and any request for leave to amend if the Court finds any pleading issue.

65. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

ADDITIONAL DECLARATION PARAGRAPHS

65. I am submitting this additional declaration language to clarify my intent, the specific harm I fear, and why my communications about AB 2624 were made in good faith.

66. My communications regarding AB 2624 were not made for harassment, intimidation, annoyance, or personal attack.

67. I contacted involved parties because I believed the bill created constitutional problems and because I wanted those problems fixed before litigation became necessary.

68. I specifically wanted to avoid another legal fight because I already have multiple active matters, filings, deadlines, exhibits, service issues, and public accountability disputes consuming my time.

69. My purpose was to warn, preserve rights, seek correction, and create a record.

70. I did not want to deal with AB 2624 unless it threatened my rights, my evidence, my cases, and the rights of similarly situated people.

71. I believe I gave fair warning before filing suit.

72. I believe that warning matters because public officials and involved organizations should have the opportunity to correct, narrow, clarify, or abandon unconstitutional language before citizens are forced into court.

73. I am concerned that AB 2624 could be used to mischaracterize good-faith legal communications, public notices, evidence preservation, screenshots, recordings, or platform records as harassment, targeting, intimidation, misuse, or unlawful conduct.

Page 19

74. That concern is especially real to me because I am engaged in litigation and disputes against powerful institutions and entities.

75. My disputes involving Meta, Google, OpenAI, Amazon, public officials, agencies, and other entities require me to preserve evidence and create a record.

76. I am also involved in state-capitol and legislative-policy related work where I use AI-assisted drafting to propose, oppose, analyze, and challenge laws.

77. I believe my role is similar to a public-interest stress tester. I test whether a disabled, low-income, self-represented person can use legal process, fee waivers, AI, evidence, and court access to make institutions respond.

78. I understand that some people may disagree with my tone, methods, or filings.

79. However, disagreement with my methods does not make my documentation unlawful.

80. Disagreement with my public accountability work does not make my evidence preservation harassment.

81. Disagreement with my litigation strategy does not give the State permission to chill my right to petition, record, preserve evidence, or access the courts.

82. I am concerned that AB 2624 could be cited by litigation opponents or technology platforms to argue that my evidence gathering, screenshots, emails, notices, public posts, or preserved records are improper.

83. That would directly harm me because my litigation depends on being able to show what happened, when it happened, who was notified, what was said, and how parties responded.

84. I also believe AB 2624 could force me into unwanted public attention.

85. I prefer to work on my cases, inventions, AI systems, legal templates, and operational infrastructure without being forced into a public fight over a bill that could have been fixed through clearer language.

86. If AB 2624 chills my work or threatens my evidence preservation, it forces me to step out of the shadows to defend rights that should have been protected from the beginning.

87. I do not seek fame from this case.

88. I seek constitutional clarity.

89. I seek a safe harbor for lawful documentation.

90. I seek protection for evidence preservation, court access, immigrant witnesses, disabled litigants, self-represented litigants, journalists, advocates, and ordinary citizens.

91. I believe my use of AI is relevant because AI helps me draft, organize, research, summarize, preserve, and understand complex legal issues.

92. I also use AI to draft proposed reforms, proposed bills, manuals, workflows, and templates intended to help everyday people understand systems that usually require lawyers, insiders, or money.

93. I am trying to build tools that make legal and operational systems more efficient for ordinary users, builders, workers, disabled persons, and low-income people.

94. I also want to build operational infrastructure, including tools, templates, workstations, documentation systems, and practical resources that help people preserve evidence and participate in lawful reform.

95. I believe any financial recovery, reimbursement, damages, settlement, or lawful compensation connected to this work should be handled through my Special Needs Trust or in a way that protects my benefits and legal financial structure.

96. I am not seeking improper attorney's fees for representing myself.

97. However, I do seek any lawful costs, damages, reimbursement, technical labor compensation, inventor-related losses, prompt-engineering expenses, document-engineering expenses, evidence-processing expenses, and other non-attorney compensation the law permits.

98. I believe the Court should consider the practical burden placed on a self-represented disabled litigant when a vague law forces additional litigation, additional evidence preservation, additional drafting, additional research, and additional public-defense work.

99. I also authenticate my opposition materials, notices, communications, screenshots, filing records, and related exhibits to the extent they are attached to my complaint or later submitted with a motion for injunctive relief.

100. To the best of my knowledge, those materials are true and correct copies of records I prepared, sent, received, preserved, captured, or relied on in connection with AB 2624 and my related litigation activity.

101.    If the Court finds any defect in my complaint, declaration, parties, jurisdiction, standing allegations, ripeness allegations, requested relief, or exhibit presentation, I respectfully request leave to amend before dismissal with prejudice.

102.    I am self-represented, the issues are complex, the bill may change, additional enforcement guidance may become available, and additional proper defendants or facts may be discovered.

103.    I believe amendment would allow the case to be decided on the merits instead of lost on a technical defect.

104.    I submit this declaration in good faith to explain who I am, what I do, why AB 2624 affects me, why I warned the involved parties, and why I am seeking constitutional protection.

ADDITIONAL DECLARATION PARAGRAPHS REGARDING META, SACRAMENTO SHERIFF, AND THE TRANSPARENCY HUB

105.    I also submit these additional paragraphs to explain how AB 2624 affects my existing litigation involving Meta and my federal civil-rights case involving the Sacramento County Sheriff's Department.

106.    My concern about AB 2624 is directly connected to my Meta-related litigation.

107.    In my Meta dispute, I allege that my Facebook account was removed, restricted, or disabled based on false accusations or improper platform action.

108.    I further allege that instead of simply restoring my account, correcting the false accusation, preserving the evidence, and addressing the user-accountability problem directly, Meta responded through high-level corporate legal defense.

109.    Meta has been represented by Orrick, Herrington & Sutcliffe LLP, a major corporate law firm.

110.    From my perspective, Meta's response shows that the case is not just about one account. It is about platform power, user rights, evidence preservation, false accusations, account removals, transparency, and whether ordinary users can challenge major technology companies when their accounts, records, reputation, or access are affected.

111.    I believe Meta and similar platforms are afraid of the precedent because if one ordinary user can force transparency, evidence preservation, and accountability, then other users may demand the same thing.

112.    My Meta case involves records, screenshots, platform communications, AI analysis, account history, moderation activity, notices, and preserved evidence.

113.    AB 2624 could interfere with that case if a platform, corporate defendant, public official, or opposing party argues that my documentation, screenshots, public notices, account records, or communications are harassment, targeting, misuse, intimidation, or unlawful conduct.

114.    That is exactly why a clear safe harbor for lawful documentation is necessary.

Page 24

115.    A person who is falsely accused by a platform must be able to preserve the proof.

116.    A person whose account is removed must be able to document what happened.

117.    A person fighting a major corporation must be able to keep screenshots, records, communications, AI logs, notices, and evidence without fear that the act of preserving proof will later be attacked as unlawful conduct.

118.    AB 2624 also affects my federal civil-rights case involving the Sacramento County Sheriff's Department.

119.    In that case, I allege that law enforcement officers violated my rights during an incident involving public recording, public observation, detention, search, seizure, and interference with my ability to document government activity.

120.    My Sacramento Sheriff case depends on the principle that ordinary people have a right to document public officials and preserve evidence of government conduct.

121.    If AB 2624 chills recording, public documentation, or evidence preservation, it creates a direct conflict with the rights I am asserting in that civil-rights case.

122.    In civil-rights cases, recordings, phone records, timestamps, witness accounts, messages, public records, and preserved evidence are often the only way ordinary citizens can prove what happened.

Page 25

123.    If a law makes people afraid to record or preserve evidence involving public officials, then police accountability and civil-rights enforcement become weaker.

124.    I am concerned that AB 2624 could be cited by government actors, private actors, platforms, or litigation opponents to argue that public documentation is somehow unlawful, suspicious, harassing, or improper.

125.    That would damage my Sacramento Sheriff case, my Meta case, and other litigation where documentation is central to proving the truth.

126.    I also believe there is a better solution than AB 2624.

127.    I have been developing and proposing a transparency-based concept that I sometimes describe as an internet DMV, digital accountability hub, or transparency hub.

128.    The purpose of that concept is to create a structured system where users, platforms, agencies, workers, immigrants, disabled persons, and ordinary people can preserve records, verify disputes, track complaints, document platform actions, and create a transparent paper trail.

129.    Such a system would protect immigrants and vulnerable people more effectively than a vague speech-restricting law because it would help them preserve proof instead of making proof feel dangerous.

130.    A transparency hub could help people document abuse, discrimination, exploitation, wage theft, housing problems, account removals, platform misconduct, threats, retaliation, and official misconduct in a safer and more organized way.

Page 26

131.    A transparency hub could also reduce false accusations by creating clearer records, timestamps, identity verification tools, complaint tracking, evidence preservation, and accountability mechanisms.

132.    I believe this kind of transparency system would protect immigrants better than AB 2624 because immigrants often need documentation to prove abuse or defend themselves.

133.    A law that chills documentation takes away their shield.

134.    A transparency hub gives them a shield.

135.    My communications about AB 2624 were made because I did not want to be forced into another lawsuit while already fighting Meta, Sacramento Sheriff-related issues, and other matters.

136.    I warned the involved parties because I wanted them to fix the bill before it harmed my cases or the public.

137.    I was not contacting them to harass them.

138.    I was contacting them because I believed AB 2624 could collide with active litigation, civil-rights documentation, platform-accountability evidence, immigrant protection, and public transparency.

139.    If AB 2624 is enacted or interpreted broadly, it may force me to litigate publicly over issues I would rather solve through correction, clarification, safe-harbor language, or a better alternative.

140.    I believe this case may force me to step further into public attention, even though I would prefer to remain focused on my filings, inventions, AI

systems, transparency tools, operational infrastructure, and ongoing litigation.

141.   I believe the Court should understand that I am not raising AB 2624 as a random political objection.

142.   I am raising it because it threatens the same legal foundation I rely on in my Meta case, my Sacramento Sheriff case, and my broader work involving evidence preservation, platform accountability, public records, AI-assisted drafting, and access to courts.

143.   The issue is simple: if the law makes lawful documentation risky, then the people with the least power lose the most.

144.   That includes immigrants, disabled litigants, low-income people, self-represented litigants, workers, tenants, users falsely accused by platforms, and citizens documenting public officials.

145.   For these reasons, I believe AB 2624 must either be enjoined, narrowed, or subjected to a clear constitutional safe harbor protecting lawful documentation, evidence preservation, court access, public accountability, and platform-transparency work.

ADDITIONAL DECLARATION PARAGRAPHS REGARDING GOOD-FAITH PURPOSE, PUBLIC BURDEN, AND NEED FOR COURT PROTECTION

146.   I submit these additional paragraphs to make clear that my actions regarding AB 2624 were taken in good faith and were not intended to harass, threaten, intimidate, or burden anyone.

Page 28

147.    My purpose was to warn involved parties that AB 2624 could create constitutional problems before those problems became litigation.

148.    I did not want another lawsuit.

149.    I did not want another public fight.

150.    I did not want to spend time preparing another complaint, exhibits, notices, and injunction materials when I already have active litigation, deadlines, disputes, and evidence-preservation work.

151.    I contacted the involved parties because I believed silence would make the harm worse.

152.    I believed that if I warned them and they fixed, narrowed, clarified, opposed, or withdrew the problematic parts of the bill, litigation might be avoided.

153.    I also believed that if they ignored the warning, blocked communication, or failed to provide a safe harbor, then I needed to preserve my rights.

154.    My communications were legal notice, not harassment.

155.    My communications were issue-based, not personal.

156.    My communications were directed at the bill, the constitutional defects, the foreseeable harm, and the need for correction.

157.    I did not contact the involved parties because I wanted attention from them.

158.    I contacted them because AB 2624 threatens the same documentation rights I rely on in my active litigation.

159.    I am concerned that if AB 2624 becomes law without a safe harbor, then my ordinary litigation conduct could be attacked.

160.    That includes saving screenshots, preserving emails, documenting public communications, keeping platform records, preserving AI records, filing exhibits, sending notices, and creating a public accountability record.

161.    I am concerned that a defendant, platform, public official, agency, or private organization could use AB 2624 to claim that my documentation is harassment, targeting, misuse, intimidation, or unlawful conduct.

162.    That risk forces me to choose between preserving evidence and risking accusation.

163.    A self-represented litigant should not have to make that choice.

164.    A disabled litigant should not have to make that choice.

165.    An immigrant witness should not have to make that choice.

166.    A worker, tenant, journalist, advocate, or ordinary citizen should not have to make that choice.

167.    I also believe this case creates a public burden I did not seek.

168.    If AB 2624 forces me to challenge the law, then it may draw attention to my litigation, my AI work, my platform disputes, my civil-rights cases, and my proposed transparency systems.

169.    I would rather focus on building tools, improving my filings, developing my AI-assisted systems, working on my lab, and handling my active cases.

170.     However, I believe that if a law threatens the public's ability to document truth, then stepping forward becomes necessary.

171.     I believe public accountability is impossible without records.

172.     I believe court access is impossible without evidence.

173.     I believe immigrant protection is weaker without documentation.

174.     I believe platform accountability is impossible if users cannot preserve proof of what platforms did.

175.     I believe police accountability is impossible if citizens are afraid to record or preserve evidence of official conduct.

176.     I believe AB 2624 must be narrowed, enjoined, or clarified so that lawful documentation remains protected.

177.     I am not asking the Court to protect unlawful conduct.

178.     I am not asking the Court to protect threats, stalking, doxxing, obstruction, trespass, unlawful surveillance, extortion, intimidation, or true harassment.

179.     I am asking the Court to protect lawful documentation, lawful recording, court evidence, public accountability, immigrant witnesses, disabled litigants, self-represented litigants, journalists, advocates, platform users, and ordinary people acting in good faith.

180.     I believe that is the constitutional line.

181.     I believe AB 2624, without a clear safe harbor, threatens to blur that line.

Page 31

182.    I respectfully request that the Court consider my declaration as evidence of my personal stake, my good-faith intent, my active litigation burden, my need for evidence preservation, and the public importance of a clear constitutional safe harbor.

183.    I further request that if the Court finds any part of my declaration too broad, unclear, or insufficiently supported, the Court permit me to supplement or amend it rather than disregard the substance of my concerns.

ADDITIONAL DECLARATION PARAGRAPHS REGARDING GOOD-FAITH PURPOSE, PUBLIC BURDEN, AND NEED FOR COURT PROTECTION

146.    I submit these additional paragraphs to make clear that my actions regarding AB 2624 were taken in good faith and were not intended to harass, threaten, intimidate, or burden anyone.

147.    My purpose was to warn involved parties that AB 2624 could create constitutional problems before those problems became litigation.

148.    I did not want another lawsuit.

149.    I did not want another public fight.

150.    I did not want to spend time preparing another complaint, exhibits, notices, and injunction materials when I already have active litigation, deadlines, disputes, and evidence-preservation work.

151.    I contacted the involved parties because I believed silence would make the harm worse.

152.    I believed that if I warned them and they fixed, narrowed, clarified, opposed, or withdrew the problematic parts of the bill, litigation might be avoided.

153.    I also believed that if they ignored the warning, blocked communication, or failed to provide a safe harbor, then I needed to preserve my rights.

154.    My communications were legal notice, not harassment.

155.    My communications were issue-based, not personal.

156.    My communications were directed at the bill, the constitutional defects, the foreseeable harm, and the need for correction.

157.    I did not contact the involved parties because I wanted attention from them.

158.    I contacted them because AB 2624 threatens the same documentation rights I rely on in my active litigation.

159.    I am concerned that if AB 2624 becomes law without a safe harbor, then my ordinary litigation conduct could be attacked.

160.    That includes saving screenshots, preserving emails, documenting public communications, keeping platform records, preserving AI records, filing exhibits, sending notices, and creating a public accountability record.

161.    I am concerned that a defendant, platform, public official, agency, or private organization could use AB 2624 to claim that my documentation is harassment, targeting, misuse, intimidation, or unlawful conduct.

Page 33

162.    That risk forces me to choose between preserving evidence and risking accusation.

163.    A self-represented litigant should not have to make that choice.

164.    A disabled litigant should not have to make that choice.

165.    An immigrant witness should not have to make that choice.

166.    A worker, tenant, journalist, advocate, or ordinary citizen should not have to make that choice.

167.    I also believe this case creates a public burden I did not seek.

168.    If AB 2624 forces me to challenge the law, then it may draw attention to my litigation, my AI work, my platform disputes, my civil-rights cases, and my proposed transparency systems.

169.    I would rather focus on building tools, improving my filings, developing my AI-assisted systems, working on my lab, and handling my active cases.

170.    However, I believe that if a law threatens the public's ability to document truth, then stepping forward becomes necessary.

171.    I believe public accountability is impossible without records.

172.    I believe court access is impossible without evidence.

173.    I believe immigrant protection is weaker without documentation.

174.    I believe platform accountability is impossible if users cannot preserve proof of what platforms did.

175.    I believe police accountability is impossible if citizens are afraid to record or preserve evidence of official conduct.

176.    I believe AB 2624 must be narrowed, enjoined, or clarified so that lawful documentation remains protected.

177.    I am not asking the Court to protect unlawful conduct.

178.    I am not asking the Court to protect threats, stalking, doxxing, obstruction, trespass, unlawful surveillance, extortion, intimidation, or true harassment.

179.    I am asking the Court to protect lawful documentation, lawful recording, court evidence, public accountability, immigrant witnesses, disabled litigants, self-represented litigants, journalists, advocates, platform users, and ordinary people acting in good faith.

180.    I believe that is the constitutional line.

181.    I believe AB 2624, without a clear safe harbor, threatens to blur that line.

182.    I respectfully request that the Court consider my declaration as evidence of my personal stake, my good-faith intent, my active litigation burden, my need for evidence preservation, and the public importance of a clear constitutional safe harbor.

183.    I further request that if the Court finds any part of my declaration too broad, unclear, or insufficiently supported, the Court permit me to supplement or amend it rather than disregard the substance of my concerns.

PRELIMINARY DECLARATION REGARDING INTENDED CASE MANAGEMENT, JUDICIAL ECONOMY, AND POTENTIAL SUMMARY JUDGMENT PROCEDURE

1. I submit this declaration not only to explain who I am and why AB 2624 affects me, but also to notify the Court of my intended litigation approach if this action proceeds.

2. My intent is to litigate this matter as efficiently as possible and to avoid unnecessary burden on the Court, Defendants, witnesses, agencies, and third parties.

3. If Defendants answer, appear, or otherwise place the case in a procedural posture where dispositive motion practice is appropriate, I presently intend to evaluate filing a motion for summary judgment or partial summary judgment under Federal Rule of Civil Procedure 56.

4. My goal would be to resolve the purely legal issues as early as possible, especially if the case turns on the text, scope, interpretation, enforcement risk, constitutional defects, chilling effect, and lack of safe harbor in AB 2624.

5. I believe some or all issues may be suitable for summary judgment or partial summary judgment because this case involves facial constitutional issues, pre-enforcement standing, First Amendment chilling effect, overbreadth, vagueness, and requested declaratory and injunctive relief.

6. If possible, I would request that any appropriate motion be decided on the papers without oral hearing, subject to the Court's rules, discretion, and case-management authority.

7. I am not seeking to deprive Defendants of fair process.

Page 36

8. I understand that if Defendants identify specific facts requiring discovery, the Court may allow discovery under the Federal Rules of Civil Procedure, including Rule 56(d), Rule 26, and any scheduling order entered by the Court.

9. However, I respectfully submit that broad, expensive, or unnecessary discovery may not be needed if the dispute is primarily legal and can be resolved based on the bill text, public records, notice history, Plaintiff's declaration, Plaintiff's exhibits, and the constitutional standards governing speech restrictions.

10. My intent is to narrow the case, focus on the constitutional questions, preserve judicial resources, and avoid turning this matter into unnecessary litigation warfare.

11. I also intend to seek partial summary judgment if only certain issues can be resolved early, including whether AB 2624 requires a constitutional safe harbor for lawful recording, lawful documentation, evidence preservation, court filings, litigation-related communications, public accountability, immigrant advocacy, disability-rights advocacy, journalism, and good-faith reporting.

12. I believe early resolution would serve the public interest because uncertainty over speech, documentation, and evidence preservation creates immediate chilling effects.

13. If the Court believes discovery is necessary before any summary judgment or partial summary judgment motion, I respectfully request that discovery be narrowed, phased, or limited to the issues genuinely necessary for adjudication.

14. I make this disclosure in good faith so the Court understands from the beginning that I am seeking efficient constitutional review, not unnecessary delay, harassment, or needless burden.

15. My objective is to obtain a clear ruling, a limiting construction, a safe harbor, or injunctive relief as efficiently as the law allows.

CHAD MICHAEL CREEL

Plaintiff in Propria Persona

## DECLARATION UNDER PENALTY OF PERJURY

I, **Chad Creel,** declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing statements, representations, and attached exhibits are true and correct to the best of my knowledge, information, and belief.

I make this declaration based on personal experience, documented evidence, and direct observation unless otherwise stated. Every statement contained herein is made in good faith, without intent to mislead, obstruct, or harass any party. I understand that knowingly making a false statement under oath is punishable by law under **28 U.S.C. § 1746, 18 U.S.C. § 1621,** and related provisions.

This filing and all accompanying documents are submitted for lawful purposes only —

to uphold my constitutional rights, assist the court in reaching truth and justice,

and ensure that all matters are decided on the merits rather than technicalities or

unequal access.

I further declare that I have reviewed and verified the information contained within

t | **THE LEGAL RIPPER SIGNATURE AND STIPULATION BLOCK**
s |

Executed this on date below



*Chad Creel*

THE LEGAL RIPPER

| Date |

**<u>Chad Creel</u>**
**<u>Plaintiff, Pro Per</u>**
**<u>AGREED (IF APPLICABLE):</u>**
Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963

ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

# CONSENT TO ELECTRONIC SERVICE AND COMMUNICATION

I, Chad Michael Creel (The Legal Ripper), hereby consent to service of documents in this action by electronic mail and/or facsimile at the contact information listed above, to the extent permitted by applicable law and court order. This consent is intended to facilitate efficient communication, conserve resources, and reduce unnecessary costs for all parties and the Court. This notice may be treated as Plaintiff's written consent to electronic service where authorized.

Plaintiff further requests that all meet-and-confer communications be conducted via email whenever practicable, in order to maintain clear written records, ensure accountability, and promote efficient resolution of issues without unnecessary delay.

For clarity, Plaintiff may reference his "Omni Trident protocol," a framework developed by Plaintiff to coordinate communication and service efforts while maintaining organized email and evidence logs. This approach is intended to streamline communication, preserve records, and support transparency throughout the litigation process.

Plaintiff may also utilize a related outreach method to contact appropriate civil divisions or authorized process servers across relevant jurisdictions to identify the proper channel for service and to coordinate logistics. In practice, this includes pursuing formal service through the sheriff or other authorized process

server when required (including use of a fee waiver where applicable), while also providing parallel courtesy notice by email to facilitate prompt communication and maintain a clear evidentiary record.

Plaintiff acknowledges that civil divisions or sheriff's offices may require submission of paper copies, mailing of documents, or compliance with specific procedures or forms, and Plaintiff agrees to comply with such requirements in good faith. Plaintiff further notes that, as a self-represented litigant with limited financial resources, there may be practical constraints affecting timing or method; however, Plaintiff makes continuous good-faith efforts to comply with all applicable requirements.

This terminology is descriptive only and does not alter, replace, or waive any statutory requirements governing service of process. All formal service will be completed in accordance with applicable law, or as otherwise agreed in writing by the parties or ordered by the Court.

This notice is provided to promote clarity, efficiency, and good faith cooperation between the parties and to assist in the orderly progression of this matter.

 

Chad Creel (Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
- GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-Immunity**[42 U.S.C. § 407]

# United States District Court Eastern District of California
# SUPERIOR STATE COURT OF GLENN COUNTY CALIFORNIA

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

**VS**

**Defendant**

ROB BONTA, in his official

capacity as Attorney General of

California;

CALIFORNIA DEPARTMENT OF JUSTICE;

and DOES 1 through 25, inclusive,

CASE NO.

Decration Of Chad

Creel The Legal

Ripper

¤ **PROOF OF SERVICE**

¤ **DECLARATION OF DUE**
**DILIGENCE BY**_____

Page 42

# ¤ PROOF OF SERVICE

# ¤ DECLARATION OF DUE DILIGENCE

*(To be completed by the person who performed service. Attach this page to any filing or cover sheet as proof that delivery was completed in accordance with law.)*

## ➡ SERVICE DETAILS

Case Title: _____

Court Name: _____

Case Number: _____

Documents Served: _____

_____

Method of Service: ☐ Personal ☐ Mail ☐ Email ☐ Certified ☐ Other: _____

Date of Service: _____ Time: _____

Location / Address Served: _____

_____

Additional Information (gate codes, instructions, etc.):

_____

_____

Page 43

## ⬤ LAW ENFORCEMENT SERVICE (Sheriff / Marshal / Civil Division)

★ *(Insert Gold Sheriff Star Badge Graphic Here)*

Name: _____

Agency / Division: _____

Badge No.: _____

Signature: _____

Date Signed: _____

---

## ◯ REGISTERED PROCESS SERVER

◖

Name: _____

Business Name / Reg. No.: _____

City / County: _____

Signature: _____

Date Signed: _____

---

⬤

**PRIVATE DECLARANT (Non-party Over 18)**

Name: _____

Title (e.g. Friend of Plaintiff / Clerk / Neighbor): _____

Address or City: _____

Signature: _____

Date Signed: _____

SERVICE STATUS

☐ Successfully Served

☐ Attempted Service

☐ Other: _____

If you want a slightly more detailed version (recommended for court use):

SERVICE STATUS

☐ Successfully Served – Service completed in accordance with applicable rules

☐ Attempted Service – Service attempted but not completed

☐ Other (describe): _____

**DECLARATION UNDER PENALTY OF PERJURY**

Page 45

by signing I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____ (City and State).

Signature of Declarant: _____

## ADDITIONAL INFORMATION (IF APPLICABLE)

The person completing this Proof of Service may use the space

below to provide any additional relevant details regarding service.

Chad Creel(Pro Per)
The Legal Ripper

6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: **634 115 5432**
Zoom Host Key: **222675**
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3l.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)

— GOV. CODE §68631 et seq.**Gov. Code § 68632(a)(4)**20 C.F.R. § 416.1205

20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132

28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 **COLLECTION-Immunity**[[42 U.S.C. § 407]

# United States District Court Eastern District of California
# SUPERIOR STATE COURT OF GLENN COUNTY CALIFORNIA

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

**VS**

**Defendant**

CASE NO.:

UNIVERSAL DISCOVERY VERIFICATION

& JUDGE INSTRUCTION BLOCK/**Judicial**

ORDERS

RECOMENDED to the court put page 1 of

**Additional** information on court orders

Page 47

# UNIVERSAL DISCOVERY VERIFICATION & JUDGE INSTRUCTION BLOCK

*(For Court Acknowledgment — Do Not Sign This Section)*

## DISCOVERY REVIEW AND SUMMARY (For Judicial Use)

The Court acknowledges receipt of the attached discovery materials, including any requests, responses, objections, verifications, or related motions. This section serves as a standardized record for judicial acknowledgment, clerk processing, and docket compliance under both state and federal discovery procedures.

**Discovery Category (check all that apply):**

☐ Interrogatories ☐ Requests for Production ☐ Admissions ☐ Depositions ☐ Subpoenas ☐ FOIA / CPRA ☐ Other _____

**Discovery Issue Summary (if applicable):**

☐ Motion to Compel / Further Responses ☐ Protective Order ☐ Sanctions Request ☐ Discovery Enforcement / Compliance Review ☐ Other _____

**Court Findings:**

☐ Discovery verified and accepted as complete.

☐ Discovery incomplete — additional production required by: //20____.

☐ Discovery disputes remain pending; continued to: //20____.

☐ Sanctions imposed under CCP §2023.010 or FRCP 37 in the amount of: $_____.

☐ Matter resolved / no further action required.

☐ Other findings (specify): _____

Page 48

**Instructions for Judicial Officer / Clerk:**

Please review all attached discovery documentation and any related exhibits or proofs of service.

If appropriate, indicate rulings above and provide any supplemental comments below.

Attach additional sheets if needed for extended findings or remarks.

**Judicial / Clerk Notes:**

**Judicial Officer or Clerk (to complete):**

Printed Name: _____

Title / Department: _____

Signature: _____

Date: _____

## ⚖ JUDICIAL ENDORSEMENT SECTION

**For Court Use Only**

☐ **Reviewed and Filed** – The Court acknowledges receipt and accepts this correspondence as part of the official case record.

☐ **Reviewed, No Action Required** – The Court acknowledges receipt; no further order is necessary at this time.

☐ **Order Attached / Signed Below** – The Court issues an order pursuant to the accompanying documents.

☐ **Returned for Correction / Clarification** – The Court requires additional information before filing.

**Comments / Directives (if any):**

Date: _____    Dept.: _____

# COURT ORDER AND SIGNATURE

Page 50

# <u>It Is Ordered</u>



---

**Signature**                                    **Print Name**

                                    

<u>It Is Ordered</u>

Chad Creel(Pro Per)
The Legal Ripper
6250 County Rd 20
Orland CA 95963
ChadCreel1992@yahoo.com
Tel-530-966-9578
facsimile/fax 530-572-1526
Zoom infromation
Zoom ID: 634 115 5432
Zoom Host Key: 222675
Zoom Link
https://us04web.zoom.us/j/6341155432?pwd=UBK3JYDCi36qhygWcaj0Y48mWMbt3I.1

EXEMPT FROM FILLING FEES+SECURITY BONDS(SSI,SNT/EBT/Medi-calFEE WAVER)
— GOV. CODE §68631 et seq.Gov. Code § 68632(a)(4)20 C.F.R. § 416.1205
20 C.F.R. § 416.410 20 C.F.R. § 416.1245 Gov. Code § 68632 2 U.S.C. § 12132
28 C.F.R. § 35.130(b)(7)42 U.S.C. § 12132 COLLECTION-Immunity[42 U.S.C. § 407]

# United States District Court Eastern District of California
# SUPERIOR STATE COURT OF GLENN COUNTY CALIFORNIA

**Plaintiff**

**Chad Creel**

**(The Legal Ripper)**

**VS**

**Defendant**

ROB BONTA, in his official capacity as Attorney General of California; CALIFORNIA DEPARTMENT OF JUSTICE; and DOES 1 through 25, inclusive,

CASE NO.:

Decreation Of CHad Creel The Legal Ripper

**UNIVERSAL DISCOVERY VERIFICATION & JUDGE INSTRUCTION BLOCK/Judicial ORDERS**

**PROOF OF SERVICE**

Use this shorter version with the **return/service address section** added.

# COURT USE / RETURN PACKET NOTICE

## Judicial Minute Order / Order Return Information

This page is provided only for the Court's convenience.

Plaintiff respectfully requests that if the Court signs, denies, modifies, files, rejects, or returns the attached motion or proposed order, the Court include a copy of the signed order, minute order, rejection notice, endorsed-filed copy, or other court notice with the returned packet.

The motion or request attached to this packet is:

**Title of Motion / Request:**

---

**Case Number:**

---

**Department / Judge:**

---

**Date Submitted:**

---

## Court Action / Status

For Court use only, if helpful:

☐ Filed / accepted

☐ Signed / granted

☐ Denied

☐ Granted in part / denied in part

☐ Returned for correction

☐ Rejected / not filed

☐ Minute order attached

☐ Other: _____

# Return / Service Copy Information

If the Court returns, signs, files, or issues a minute order regarding this packet, Plaintiff respectfully requests that copies be sent or made available to:

**Plaintiff / Moving Party:**

Name: _____

Address / Email: _____

**Defendant / Responding Party:**

Name: _____

Address / Email: _____

**Defendant's Attorney / Counsel of Record:**

Name: _____

Page 54

Law Firm / Agency: _____

Address / Email: _____

**Additional Party / Agency, If Any:**

Name: _____

Address / Email: _____

# Court Notes, If Any

**Court / Clerk / Judicial Officer:** _____

Date: _____

CHAD CREEL
THE LEGAL RIPPER

CHAD CREEL
THE LEGAL RIPPER

# TABLE OF CONTENTS

1. Cover Page / Case Caption ............................................ Page 1

2. Notice of Prefiling Review Requirement ......................... Page 2

3. Notice Regarding Scope & Page Limits .......................... Page 3

4. Vexatious Litigant Notice & Disclaimer ....................... Page 4

5. AI Disclosure & Assistance Statement ......................... Page 5-6

## MAIN LEGAL BODY

6. I. Introduction
   ........................................................... Page 6

7. II. Procedural Background ............................................ Page
   6-7

8. III. Statement of Facts ...............................................
   Page 7

9. IV. Summary of Claims / Causes of Action ............. Page 7

10. V. Legal Thesis ...................................................................
    Page 7-8

11. VI. Memorandum of Points and Authorities ......... Page 8

12. VII. Objections to Court's Ruling ........................... Page 9

13. VIII. Constitutional Considerations ...................... Page 9

14. IX. Financial Hardship / Practical Impact ............. Page 9

15. X. Good Faith Efforts and Changes ................... Page 9

16. XI. Preservation of Issues for Appeal .................. Page 10

17. XII. Notice of Intent to Seek Appellate Review ... Page 10

18. XIII. Conclusion .......................................................................
    Page 10

19. XIV. Prayer for Relief ............................................... Page 10

## DECLARATIONS & SIGNATURES

20. Declaration Under Penalty of Perjury ................ Page 11

21.Signature & Stipulation Block ............................... Page 12

# SERVICE & COMMUNICATION

22.Consent to Electronic Service ............................ Page 13-14

23.Proof of Service Cover Page ............................... Page 15

24.Proof of Service Details ................................... Page 16

25.Service Personnel Sections ................................ Page 17-18

26.Declaration of Service .................................... Page 19

# DISCOVERY & COURT BLOCKS

27.Universal Discovery Verification Cover .............. Page 20

28.Discovery Review & Judicial Findings .................. Page 21-22

29.Judicial Endorsement Section .............................. Page 23

30.Court Order and Signature Page ........................... Page 24

31.Table of Contents (This Section).......................... Page



**⚙ PRO TIP - EASY TABLE OF CONTENTS**

When you're done writing everything:

👉 Give this to AI and say:
**"Make a table of contents with page numbers."**

✔ AI will scan it
✔ AI will build it for you
✔ Just copy and paste it in

