UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD CREEL,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, et al.,<br><br>Defendant. | Case No. 2:26-cv-02111-DC-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 3, 4) |

Pending before the Court is Plaintiff Chad Creel's motion to proceed in forma pauperis ("IFP"), motion for a temporary restraining order ("TRO"), and request for disability accommodations. (ECF Nos. 2, 3, 4).[1] Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court recommends DENYING Plaintiff's motion for IFP, DISMISSING the Complaint without leave to amend, and DENYING Plaintiff's motion for a TRO. The Court DENIES Plaintiff's request for disability accommodations as moot.

## I.      MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement,

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required financial showing under 28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous or is without merit as discussed in

more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III.   DISCUSSION

### A.   The Complaint

Plaintiff Chad Creel has filed a Complaint against Defendants Rob Bonta, in his official capacity as the Attorney General of the State of California, California Department of Justice; Shirley N. Weber, Safe at Home Program Administrator, California Secretary of State/Safe at Home Program; California Assemblymembers Mia Bonta, Isaac Bryan, and Carl DeMaio; California Legislative Latino Caucus; Coalition for Humane Immigrant Rights ("CHIRLA"); and Jon/Jane Does 1-100. Compl. at 2-4, 68 (ECF No. 1.)

Plaintiff's Complaint requests declaratory and injunctive relief against California Assembly Bill 2624, which would create an address confidentiality program for designated immigration support services providers, employees, or volunteers. A.B. 2624, 2026 State Assemb., Reg. Sess. (Cal. 2026).[2] Further, the bill would prohibit individuals from "soliciting, selling, or trading on the internet the [protected individuals'] personal information or image." *Id*.

Plaintiff alleges the bill would limit him from activities such as "screenshotting, filming, [and] preserving communications," with which Plaintiff relies on during ongoing legal disputes. Compl. at 78. Specifically, Plaintiff alleges that AB 2624 would "threaten to interfere" with Plaintiff's ongoing litigation involving Meta, OpenAI, Amazon, and other public officials. *Id*. Plaintiff further raises concerns that the bill could be used for selective enforcement and that the bill "could be weaponized by private actors." *Id*. at 80.

Plaintiff alleges AB 2624 violates the First and Fourteenth Amendments under 42 U.S.C. § 1983, such as by being a burden on protected speech, facially overbroad, a violation of the Fourteenth Amendment Due Process Clause, a prior restraint, a violation of Plaintiff's right to access the courts, and a violation of the Equal Protection Clause of the Fourteenth Amendment. *Id*. at 84-90. Plaintiff further alleges AB 2624 violates Article

---

[2]  A court may judicially notice matters of public record, such as legislative enactments and public records. *Insight Psychology and Addiction, Inc. v. City of Costa Mesa*, 801 F. Supp. 3d 942, 953 (C.D. Cal. 2025) (citations omitted).

4

1, §§ 2, 3, and 7 of the California Constitution. *Id.* at 90-91. Plaintiff requests declaratory relief clarifying the parties' rights and obligations before AB 2624 is "enforced, invoked, cited, weaponized, or used to chill protected conduct." *Id*. at 91. Plaintiff also seeks preliminary and permanent injunctive relief, seeking a TRO, preliminary injunction, and permanent injunction that prohibits Defendants from "enforcing, implementing, interpreting, threatening, or using AB 2624 in any manner that burdens constitutionally protected conduct." *Id*. at 92-93.

### 1.    Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### 2.    Article III Standing

"Pursuant to Article III of the U.S. Constitution, federal courts have limited jurisdiction to hear only live 'cases' and 'controversies.'" *Fruci & Associates, PS v. A10 Capital LLC*, 510 F. Supp. 3d 962, 967 (W.D. Wash. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992)). To have Article III standing, a plaintiff must show (1) it has suffered an "injury in fact," (2) its injury is "fairly traceable" to the defendant's

actions, and (3) its injury will likely be "redressed" by the action. *Lujan,* 504 U.S., at 560-61. Courts have held threatened enforcement of a law may satisfy the "injury in fact" requirement where plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, *but proscribed by a statute*, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)) (emphasis added).

Plaintiff alleges he is entitled to pre-enforcement review of AB 2624. Compl. at 73-74. As of July 7, 2026, AB 2624 has not been passed into law and was re-referred to Committee on July 2, 2026.[3] "[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not accepted to be appropriate plaintiffs." *Babbitt*, 442 U.S., at 298 (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)); *see also United States v. Juliano*, 12 F. 4th 937, 941 (9th Cir. 2021) ("Only a fraction of proposed legislation eventually becomes law."). Because AB 2624 has not been passed into law, any threatened prosecution under AB 2624 is speculative. Therefore, Plaintiff has failed to state an "injury in fact" to sufficiently invoke Article III standing, and the Court lacks subject matter jurisdiction to hear this action. *See Perry v. Newsom*, 18 F. 4th 622, 630 (9th Cir. 2021) ("Article III standing is an essential ingredient of subject matter jurisdiction.") (citation omitted).

### 3.   Leave to Amend

In light of the Court's lack of subject matter jurisdiction, it appears granting leave to amend would be futile. The Court therefore recommends the Complaint be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### B.   Plaintiff's Motion for a Temporary Restraining Order

Plaintiff has additionally filed an ex parte motion for a TRO seeking relief in the

---

[3]. *Insight,* 801 F. Supp. 3d, at 953 (C.D. Cal. 2025).

form of enjoining all Defendants, "their officers, agents, employees, successors, and all persons acting in concert," from "enforcing, implementing, administering, directing, threatening, or relying on AB 2624." TRO at 13 (ECF No. 3). Because the Court recommends dismissing the Complaint without leave to amend, there is no operative complaint to this action, and the Court recommends the TRO should be denied. *See Carnero v. Elk Grove Financial*, 2017 WL 1315575, at *4 (N.D. Cal. Apr. 6, 2017) (denying a TRO where there was no operative complaint).

### C.    Plaintiff's Request for Disability Accommodations

Plaintiff also filed a request for disability accommodations, asking the Court to grant Plaintiff: (1) permission to use AI tools for drafting and case-preparation; (2) permission to use a computer, other digital devices, AI-assisted notes and other electronic files during preparation and remote appearances; (3) permission to appear by Zoom; (4) permission to mute audio and temporarily turn off video when experiencing "disability-related overload"; (5) e-filing privileges or limited email submission access for emergency filings; (6) authorization for U.S. Marshall service where permitted by Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d); (7) permission to coordinate U.S. Marshall service by email; (8) permission to use the "Omni Trident Protocol" by sending an organized email thread to the U.S. Marshall or service contact while courtesy-copying opposing counsel; (9) permission to include the summons, relevant filings, exhibits, Dropbox links, and service instructions in this thread; and (10) "recognition that courtesy-copy email notice does not replace formal service unless accepted, authorized, or ordered, but may be used to preserve notice and maintain a clear record." Pl. Req. Accommodation at 16-17 (ECF No. 4). Because the Court recommends dismissing the Complaint without leave to amend, the Court denies Plaintiff's request for disability accommodations as moot.

### IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiff's request for disability accommodations (ECF No. 4) are DENIED as moot.

Further, based upon the findings above, it is RECOMMENDED:

1.      Plaintiff's motion to proceed IFP (ECF No. 2) be DENIED;

2.      Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend;

3.      Plaintiff's motion for a TRO (ECF No. 3) be DISMISSED;

4.      The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, cree.2111.26.scrn tro